Alex L. Fugazzi, Esq. (Nevada Bar No. 9022)
Michael Paretti (Nevada Bar No. 13926)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
Telephone:  702.784.5200
Facsimile:  702.784.5252
afugazzi@swlaw.com
mparetti@swlaw.com

*Attorneys for Defendant*
*Shannon Pierce*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LATONIA SMITH,<br><br>Plaintiff(s),<br><br>-vs-<br><br>CAESARS ENTERTAINMENT CORPORATION, a Delaware corporation; PHWLV, LLC d/b/a PLANET HOLLYWOOD RESORT AND CASINO, a Nevada limited liability company; SHANNON PIERCE; ETHAN THOMAS,<br><br>Defendant(s). | Case No.:    2:19-cv-00856-GMN-GWF<br><br>**DEFENDANT SHANNON PIERCE'S MOTION TO CONSOLIDATE CASES** |

Plaintiff Latonia Smith ("Ms. Smith") has filed two separate actions in this Court that involve common (virtually identical) questions of law and fact. Defendant Shannon Pierce ("Ms. Pierce"), by and through her counsel of record, Snell & Wilmer L.L.P., hereby moves this Court to consolidate Case No. 2:19-cv-00824-GMN-GWF (the "Fennemore Action") and Case No. 2:19-cv-00856-GMN-GWF (the "Pierce Action") pursuant to Fed. R. Civ. P. 42(a) and Local Rule 42-1.

/ / /

*Snell & Wilmer*
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
702.784.5200

1        This Motion is based on the attached memorandum of points and authorities, the papers and

2  pleadings on file with the Court, and such other written or oral argument and other materials that

3  may be presented prior to the Court's decision on the Motion.

Dated:  August 5, 2019.           SNELL & WILMER L.L.P.

By: */s/ Michael Paretti*
Alex L. Fugazzi, Esq. (NV Bar No. 9022)
Michael Paretti (NV Bar No. 13926)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169

*Attorneys for Defendant Shannon Pierce*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION AND PROCEDURAL HISTORY**

Ms. Smith initiated this action by filing a lawsuit against Caesars Entertainment Corporation, PHWLV, LLC, Ms. Pierce, and Ethan Thomas on April 24, 2019, in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-19-793549-C. Ms. Smith then filed the operative First Amended Complaint on May 3, 2019 [ECF No. 1-1] (the "Pierce Complaint"). Ms. Smith then filed a near-identical complaint in the United States District Court, District of Nevada (Case No. 2:19-cv-00824-GMN-GWF) against Fennemore Craig in the Fennemore Action. A copy of the Fennemore Complaint is attached as **Exhibit A**.

The Parties in the Pierce Action subsequently removed this case to federal court based on a fact that it presented a question of federal law; namely, the Pierce Complaint explicitly asserted a cause of action under 42 U.S.C. § 2000(a). *See* ECF No. 1-1 at 15:10-13 ("Cause of Action for Violation of 42 U.S. Code § 2000(a). and NRS 651 (specifically NRS 651.070 and NRS 651.080); this Cause of Action is also pursuant to NRS 651.090"); *see also* ¶ 96 (alleging a "direct violation of federal and state law.").

On May 21, 2019, Ms. Pierce filed a Notice of Related Cases Pursuant to Local Rule 42-1 in the Fennemore Action and in the Pierce Action  [ECF No. 4] due to the fact that the Fennemore Complaint and the Pierce Complaint presented nearly identical allegations, related to the same underlying occurrences, and raised the same questions of fact and law. On May 24, 2019, this Court took jurisdiction over the Pierce Action as a related case under LR 42-1, with both district court judges finding that "judicial economy will be served by transferring Smith's subsequent case [the Pierce Action] to the District Court Judge and Magistrate Judge familiar with the claims asserted in the previously filed case [the Fennemore Action]." ECF No. 10.

**II.      LEGAL ARGUMENT**

Federal Rule of Civil Procedure 42(a) provides that if actions involve a common question of law or fact, a court may consolidate the actions. Additionally, Local Rule 42-1(a) provides that an action may be considered to be related to another action when: (1) both actions involve the same parties and are based on the same or similar claim; (2) both actions involved the same property,

transaction, or event; (3) both actions involve similar questions of fact and the same question of law, and their assignment to the same district judge or magistrate judge is likely to effect a substantial savings of judicial effort; (4) both actions involve the same patent, trademark, or copyright, and one of the factors identified in (1), (2), or (3) above is present; or (5) for any other reason, it would entail substantial duplication of labor if the actions were heard by different district judges or magistrate judges. LR 42-1(a). Likewise, Local Rule 42-1(b) provides that if actions before the court involve a common question of law or fact, the Court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Joinder of claims under Federal Rule 42 is "strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 1138 (1966). As such, courts are vested with broad discretion to consolidate cases if consolidation will help it manage its caseload with "economy of time and effort for itself, for counsel, and for litigants." *Landis v. American Co.,* 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936). To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation. *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Under both FRCP 42(a) and LR 42-1, the Court should consolidate the Fennemore Action and the Pierce Action. Ms. Smith's Complaints in both actions present near indistinguishable legal theories, claims, and factual allegations. The Fennemore Action and the Pierce Action involve most of the same parties, including the same plaintiff, Ms. Smith, and Shannon Pierce, an attorney at Fennemore Craig, in the Pierce Action, and Fennemore Craig in the Fennemore Action. The Pierce Complaint and the Fennemore Complaint are nearly identical and detail the same events; namely, that the Defendants allegedly disclosed a confidential agreement with Ms. Smith and that the Defendants improperly sought Temporary Protective Orders regarding Ms. Smith. Because of the interrelatedness of the two actions, it is appropriate for this Court to consolidate the actions, especially considering it is already presiding over both the Fennemore Action and the Pierce Action.

A side-by-side comparison of select paragraphs in the Fennemore Action and the Pierce Action demonstrates that both cases present common questions of law and fact. Indeed, the following paragraphs between complaints are identical or near-identical:

| Pierce Complaint, ECF No. 1-1 | Fennemore Complaint, Ex. A |
|---|---|
| 15 ("Mrs. Peruzar (Plaintiff's "mother") was employed at Planet Hollywood from November 19, 2012 to November 15, 2017 as a Guest Room Attendant (GRA).") | 18 ("Mrs. Peruzar (Plaintiff's "mother") was employed at Planet Hollywood from November 19, 2012 to November 15, 2017 as a Guest Room Attendant (GRA).") |
| 16 ("Guest Room Attendants at Planet Hollywood receive tips in many different forms and amounts.") | 19 ("Guest Room Attendants at Planet Hollywood receive tips in many different forms and amounts.") |
| 17 ("At the time of Mrs. Peruzar's employment, Planet Hollywood did not have tip policies nor tip envelopes, leaving if up to Guest Room Attendants to decipher what constituted a tip from a guest.") | 20 ("At the time of Mrs. Peruzar's employment, Planet Hollywood did not have tip policies nor tip envelopes, leaving if up to Guest Room Attendants to decipher what constituted a tip from a guest.") |
| 18 ("Guest Tomas Pina stayed at Planet Hollywood from October 28, 2017 or October 29, 2017 to November 2, 2017.") | 21 ("Guest Tomas Pina stayed at Planet Hollywood from October 28, 2017 or October 29, 2017 to November 2, 2017.") |
| 20 ("Planet Hollywood suspended and terminated Mrs. Peruzar for theft (of a tip) and gross willful misconduct without any evidence, based on the fact that she was African American, and based on the false accusations that defendants made against her daughter. Shortly afterward, defendants Caesars Entertainment and Planet Hollywood terminated another employee for theft (of a tip).") | 26-27 ("Planet Hollywood suspended and terminated Mrs. Peruzar for alleged theft (of a tip) and gross willful misconduct without any evidence, based solely on the fact that she was African American and based on the false allegations that her daughter, Ms. Smith, was sending hateful messages to CEC and PHWLV (using Mrs. Peruzar's daughter as a further basis for termination). Shortly afterward, defendants CEC and PHWLV terminated another employee for alleged theft (of a tip)." |
| 21 ("Defendants Planet Hollywood and Caesars Entertainment spread the news of these incidents throughout their own housekeeping departments and to several third parties.") | 28 ("Defendants PHWLV and CEC spread the news of these incidents throughout their own housekeeping departments and to several third parties.") |
| 22 ("During the suspension of Mrs. Peruzar, it is presumed that defendants Planet Hollywood and Caesars Entertainment started receiving hateful messages from either themselves or upset employees under the guise of various aliases including aliases pretending to be the 'children of Mrs. Peruzar' (this is also obvious as one of the aliases failed to know exactly how | 29 ("During the suspension of Mrs. Peruzar, it is presumed that defendants Planet Hollywood and Caesars Entertainment started receiving hateful messages from themselves and/or upset employees under the guise of various aliases including aliases, suspiciously, pretending to be the 'children of Mrs. Peruzar.') |

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

| | |
|---|---|
| many years Mrs. Peruzar had been working at Planet Hollywood).") | |
| 23 ("Although it was evident that neither Latonia Smith nor Shaiquan Smith sent any of these messages, the defendants immediately began accusing Mrs. Peruzar's children of crimes to several third parties as if the defendants already had a plan set out to do so.") | 30 ("Although it was evident that Ms. And Mr. Smith had not sent any of these messages, Planet Hollywood and Caesars Entertainment immediately pinned these messages on Ms. Smith and began accusing her of crimes to third parties.") |
| 24 ("When defendants were put on notice to cease their baseless accusations, they continued on finding an absolute disregard for Mrs. Peruzar's family.") | 31 ("When CEC/PHWLV were put on notice to cease their baseless accusations, they continued on in order to stick with their false narrative (a further basis for the termination of Mrs. Peruzar) finding an absolute disregard for Mrs. Peruzar's family.") |
| 25 ("With the situation spiraling out of control, Plaintiff, through her personal Facebook profile, wrote to the CEO of Caesars Entertainment asking for the matters concerning Mrs. Peruzar and the false accusations being made to be looked into more closely.") | 32 ("With the situation spiraling out of control, Ms. Smith, through her personal Facebook profile, wrote to the CEO of Caesars Entertainment asking for matters concerning Mrs. Peruzar and the false accusations being made to be looked into more closely.") |
| 27 ("Instead, on their hate-filled agenda, the defendants Planet Hollywood and Caesars Entertainment used Plaintiffs message to the CEO, sent from her personal Facebook account, as an excuse to attach all of the messages that they had been receiving to the Plaintiff.") | 33 ("Instead, on a hate-filled, retaliatory agenda, CEC/PHWLV added Ms. Smith to a lawsuit/TPO (stating Ms. Smith was stalking an employee of PHWLV that she did not know), making her the fall person in their retaliatory agenda against Mrs. Peruzar.") |
| 29 ("On March 15, 2018 and March 19, 2018, defendants Planet Hollywood and Caesars Entertainment filed a lawsuit and temporary protective order, steeped in malice and retaliation, against the Plaintiff. The defendants' (Planet Hollywood and Caesars Entertainment) only basis for attaching the Plaintiff to the lawsuit was that the Plaintiff sent a personal, non-threatening letter to the CEO of Caesars Entertainment in the hopes that matters would be looked into more closely.") | 34 ("On March 15, 2018 and March 19, 2018, defendants PHWLVand CEC filed a lawsuit and temporary protective order against Ms. Smith, with the help of Fennemore Craig due to their hate of the Plaintiffs mother. As stated in settlement discussions, CEC/PHWLV's only basis for attaching Ms. Smith to the lawsuit/TPO with 50 DOE defendants was the message that she sent to the CEO, from her personal Facebook, to look into matters.") |
| 32 ("Instead of going through a long and baseless litigation that would further cause more distress to the Plaintiff and due to the fact that defendants could not prove any of their false allegations against Ms. Smith, the defendants, Planet Hollywood and Caesars Entertainment, and Ms. Smith entered into a 'confidential' settlement agreement dismissing all claims against the Plaintiff.") | 35 ("Instead of going through a long and baseless litigation, Ms. Smith (represented by Mortenson and Rafie) and CEC/PHWLV (represented by Fennemore Craig), agreed to enter into a confidential settlement, dismissing all frivolous claims (including the TPO) against Ms. Smith.") |

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

| | |
|---|---|
| 33 ("Despite the settlement, the defendants have continued to assert these false allegations against the Plaintiff claiming that she is 'guilty of all assertions made in the dismissed lawsuit.'") | 36 ("Despite the confidential settlement, Fennemore Craig, exposed this agreement and continued to assert these false allegations against the Plaintiff, along with their defendants CEC/PHWLV, to third parties.") |
| 34 ("Shannon Pierce is an attorney for defendants Caesars Entertainment and Planet Hollywood in an ongoing lawsuit filed by the Plaintiffs mother (Annecer Peruzar). In her attempt to provoke the Plaintiff and expose the confidential settlement agreement (for the purposes of causing further harm to the Plaintiff and retaliating against Annecer Peruzar), Shannon Pierce began taunting the Plaintiff at several proceedings. As the Plaintiff waited outside for her mother at ECG, Shannon Pierce spotted the Plaintiff and derogatorily referred to the Plaintiff as 'Smith' (as if the Plaintiff was just a dog on the street), further stating in a condescending tone, 'it's nice to see you Smith.' After a public proceeding that the Plaintiff attended with her mother on April 17, 2019, Shannon Pierce and her associate (Ethan Thomas) began making derogatory remarks and threats towards the Plaintiff, as she waited for an elevator, due to her dislike of an affidavit that the Plaintiff submitted to the court testifying of an isolated incident in her mother's case. Pierce stated that she was angry about the affidavit filed by the Plaintiff. Pierce and her associate Ethan Thomas carried on telling the Plaintiff that she was a 'nigga.' They both continued on stating, 'you won't make it to see the end of the case because all our defendants have to do is call in an order to have you and your mom taken out. .... 'niggas' don't win.' Pierce and her associate then called the Plaintiff a schizophrenic and threatened to punch the Plaintiff in the face stating, 'maybe your big lying nose will become smaller.'" | 39-40 ("After being harassed by an employee of Fennemore Craig (Shannon Pierce) since the start of the litigation involving Mrs. Annecer Peruzar and CEC/PHWLV, the harassment reached a high when Ms. Smith submitted an affidavit to the Eighth Judicial District court in connection with a motion filed by Mrs. Annecer Peruzar, on April 16, 2019. On April 17, 2019, after a public proceeding that Ms. Smith attended with her mother, Fennemore Craig employee, Shannon Pierce (in attendance with her associate Ethan Thomas), noted that she was angry about the affidavit filed by Ms. Smith. Since her remarks were ignored by Ms. Smith, this caused Ms. Pierce and her associate Ethan Thomas to become upset. They both carried on calling Ms. Smith a 'nigga.' They then threatened Ms. Smith stating, 'you won't make it to see the end of the case because all our defendants have to do is call in an order to have you and your mom taken out . . . 'niggas' don't win.' Pierce and her associate then called Ms. Smith a schizophrenic and threatened to punch Ms. Smith in the case stating, 'maybe your big lying nose will become smaller.'") |
| 35 ("Shannon Pierce and her associate Ethan Thomas despicable conduct as attorneys was all in an attempt to provoke the Plaintiff who had her Air pods in and pretended not to hear Shannon Pierce and her associate.") | 41 ("This was all done in an attempt to intimidate and provoke Ms. Smith who had her Air pods in.") |
| 38 ("Along with previously disclosing the confidential settlement to (including but not | 42-43 ("Along with previously disclosing the confidential settlement agreement to (including |

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

| | |
|---|---|
| limited to) Ethan Thomas, Brandon Trout, Jerome Bowen, Shawna Braselton, and Wade Beavers, Shannon Pierce used this moment as an opportunity to falsely accuse the Plaintiff of issuing the threats that she and her associate issued, and filed the confidential settlement publicly with the court. Defendants then maliciously moved the court for an emergency order to exclude Ms. Smith from attending public proceedings with her mother and both Shannon Pierce and Ethan Thomas filed a malicious application for a protective order with the Las Vegas Justice Court as their defendants have done in the past (the pattern is clear).") | but not limited to) Ethan Thomas, Brandon Trout, Jerome Bowen, Shawna Braselton, and Wade Beavers, Shannon Pierce used this moment as an opportunity to falsely accuse Ms. Smith of issuing the threats that she and her associate had issued, filed publicly with the court and made wild accusations about Ms. Smith committing crimes, and filed the confidential settlement publicly with the district court. Ms.Pierce and her associate then maliciously moved to have Ms. Smith banned from public proceedings as a witness by filing an emergency protective order in district court, which was denied.") |
| 39 ("Shannon Pierce's goal of finding any excuse to disclose the confidential settlement agreement in the hopes of retaliating against Mrs. Annecer Peruzar only illustrates the depths that the defendants (and their associates) are willing to go in order to cause harm and destruction.") | 46 ("Fennemore Craig and their employees disclosed the settlement agreement in the hopes of further retaliating against Mrs. Annecer Peruzar and are willing to go to any depths (along with their defendants CEC/PHWLV) in order to cause harm and destruction. Their destruction must end.") |
| 40 ("Defendants maliciously used Ms. Smith's medical records disclosed as part of an ongoing lawsuit to further their agenda of retaliation and hate. The Plaintiffs medical records were isolated to an instance of time-November 17, 2017- when defendants Planet Hollywood and Caesars Entertainment terminated Annecer Peruzar and spread defaming accusations about the Plaintiff.") | 47 ("Employees of Fennemore Craig maliciously used the medical records of Ms. Smith (stemming from her November 17, 2017 hospitalization) and disclosed by Mrs. Annecer Peruzar (not Ms. Smith) in her ongoing lawsuit (and accidently publicly filed by Mrs. Peruzar) to further their and their defendants' agenda of retaliation and hate.") |
| 52 ("This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(c).") | 56 ("This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(c).") |
| 54 ("The defendants published the false statements identified herein in the State of Nevada.") | 58 ("The defendant(s) published the false statements identified herein in the State of Nevada.") |
| 55 ("The defendants directed their unlawful and bullying conduct at Ms. Smith, a citizen of Nevada.") | 57 ("The defendant(s) directed their unlawful and bullying conduct at Ms. Smith, a citizen of Nevada.") |
| 56 ("Ms. Smith suffered permanent reputational and emotional harm in this District.") | 59 ("Ms. Smith suffered permanent reputational and emotional harm in this District.") |
| 57 ("There is a reasonable and direct nexus between the defendants' tortious conduct and the harm suffered by Ms. Smith.") | 60 ("There is a reasonable and direct nexus between the defendants' tortious conduct and the harm suffered by Ms. Smith.") |
| 59 ("Venus [sic] is proper in this District pursuant to 28 U.S.C. § 1391 (b) because the defendants are subject to personal jurisdiction in this District and/or a substantial part of the | 61 ("Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) because the defendants are subject to personal jurisdiction in this District and/or a substantial part of the events giving rise |

| | |
|---|---|
| events giving rise to this claim occurred in this District, including publication and injury.") | to this claim occurred in this District, including publication and injury.") |
| 60-68 (asserting cause of action for Intentional Infliction of Emotional Distress) | 77-79 (asserting cause of action for Intentional Infliction of Emotional Distress) |
| 69-74 (asserting cause of action for Defamation/Defamation Per Se) | 72-76 (asserting cause of action for Defamation/Defamation Per Se) |
| 75-80 (asserting cause of action for Slander/Slander Per Se) | 67-71 (asserting cause of action for Slander/Slander Per Se) |
| 99-102 (asserting claim for Permanent Injunctive Relief) | 80-82 (asserting claim for Permanent Injunctive Relief) |
| 103 ("Ms. Smith is a private figure for the purposes of the defamation, libel, and slander claims, having lived her entire life outside of the public eye. Prior to November 2017, Ms. Smith had no notoriety of any kind.") | 83 ("Ms. Smith is a private figure for the purposes of the defamation and libel claims, having lived her entire life outside of the public eye.") |
| 104 ("The defendants published false and defamatory accusations/statements with actual knowledge of their falsity and/or reckless disregard for the truth.") | 84 ("The defendant(s) published false and defamatory accusations/statements with actual knowledge of their falsity and/or reckless disregard for the truth.") |
| 106 ("The actual malice of defendants is demonstrated by their utter and knowing disregard for the truth.") | 88 ("The actual malice of defendants is demonstrated by their utter and knowing disregard for the truth and reputation of Ms. Smith.") |
| 107 ("The defendants' conduct demonstrates a purposeful avoidance of the truth in order to engage in retaliation.") | 89 ("The defendant's conduct demonstrates a purposeful avoidance of the truth in order to exact revenge on behalf of their clients.") |
| 108 ("The defendants' actual malice is further evidenced by their failure to cease their false claims after entering into a confidential agreement (no longer confidential) with the Plaintiff.") | 90 ("The defendant's actual malice is further evidenced by their failure to cease to their false claims after having knowledge of and entering into a confidential agreement with the Plaintiff.") |
| 109 ("The defendants made the false and defamatory accusations with common law malice, including because they intended to retaliate against Mrs. Annecer Peruzar in harming her family.") | 91 ("The defendant's made the false and defamatory accusations with common law malice, including because they intended to retaliate against Mrs. Annecer Peruzar by harming her family.") |
| 110 ("The defendants' conduct, including but not limited to defamation, was steeped in retaliation and racial malice.") | 92 ("The defendant's conduct, included but not limited to defamation, was steeped in hate and retaliation.") |
| 111 ("The defendants in an attempt to retaliate against Mrs. Annecer Peruzar, engaged in the intentional infliction of emotional distress on the Plaintiff including but not limited to accusing her of crimes that landed her in the hospital.") | 93 ("The defendant(s) in an attempt to retaliate against Mrs. Annecer Peruzar and cause further harm to Ms. Smith engaged in the intentional infliction of emotional distress on the Plaintiff.") |

| | |
|---|---|
| 112 ("The false and defamatory accusations, including but not limited to the confidential settlement agreement, was published to third parties.") | 94 ("The false and defamatory accusations, including but not limited to the confidential settlement agreement, was published to third parties.") |
| 113 ("The false and defamatory accusations against Ms. Smith are defamatory per se, as they are libelous on their face without resort to additional facts, and subjected Ms. Smith to humiliation, contempt, embarrassment, and disgrace.") | 95 ("The false and defamatory accusations against Ms. Smith are defamatory per se as they are slanderous on their face without resort to additional facts, and subjected Ms. Smith to humiliation, contempt, embarrassment, and disgrace.") |
| 114 ("As a direct and proximate result of the false and defamatory accusations, Ms. Smith suffered permanent harm to her reputation.") | 96 ("As a direct and proximate result of the false and defamatory accusations, Ms. Smith suffered permanent harm to her reputation.") |
| 115 ("As a direct and proximate result of the false and defamatory accusations, Ms. Smith suffered severe emotional distress.") | 97 ("As a direct and proximate result of the false and defamatory accusations, Ms. Smith suffered severe emotional distress.") |
| 116 ("As a direct and proximate result of the false and defamatory accusations, Ms. Smith is forced to live her life in a constant state of concern regarding her reputation.") | 98 ("As a direct and proximate result of the false and defamatory accusations, Ms. Smith is forced to live her life in a constant state of concern regarding her reputation.") |
| 118 ("The defendants' actions were done with actual malice and common law malice, thereby entitling Ms. Smith to an award of punitive damages.") | 100 ("The defendant's actions were done with actual malice and common law malice, thereby entitling Ms. Smith to an award of punitive damages.") |
| 119 ("The defendants' conduct was outrageous and willful, demonstrating that entire want of care that raises a conscious indifference to consequences.") | 101 ("The defendant's conduct was outrageous and willful, demonstrating that entire want of care that raises a conscious indifference to consequences.") |
| 120 ("Ms. Smith is entitled to an award of punitive damages to punish the defendants and to deter them from repeating such egregiously unlawful misconduct in the future.") | 102 ("Ms. Smith is entitled to an award of punitive damages to punish defendants and to deter them from repeating such egregiously unlawful misconduct in the future.") |

Here, consolidating the nearly identical cases into one action will effect substantial benefits for the Court. Consolidation would promote judicial efficiency and curtail the unnecessary duplication of labor. Furthermore, given the identical legal theories raised in the complaints, consolidation of these two actions will help to maintain consistency in decisions, expedite pretrial proceedings, and reduce case duplication. Consolidation will also help to conserve valuable resources of the parties, prevent duplicative discovery (including deposing witnesses twice on the same subject matter), and minimize expenditure of time and money.

1    Conversely, any risk for potential prejudice, confusion, or delay arising from consolidation

2    of these actions is, if anything, de minimis. Ms. Smith is the sole plaintiff in both actions. The two

3    cases are at the same stage of the litigation process, and discovery has just begun in each lawsuit

4    (with similar motions to stay discovery pending in both). In fact, the Defendants in both actions

5    filed markedly similar motions to dismiss, advancing comparable legal theories. Moreover, because

6    both lawsuits involve practically identical legal theories and facts, any potential risk of prejudice

7    potentially arising from consolidating is significantly outweighed by the greater risk of

8    inconvenience, delay, and inconsistent resolutions that could result from litigating the two lawsuits

9    separately.

10    Given the indisputable similarity between the allegations and claims asserted in the

11    Fennemore Action and the Pierce Action, the Court should consolidate the cases for efficient and

12    economic disposition of the actions.

13    **III.    CONCLUSION**

14    The Court should consolidate the Fennemore Action and the Pierce Action. Both cases are

15    nearly identical in substance and procedure. The Defendants in both actions have filed substantially

16    similar motions to dismiss, and discovery has just begun in each lawsuit (with similar motions to

17    stay discovery pending in both). Accordingly, it is appropriate for the Court to consolidate the cases

18    at this juncture.

19

20

21    Dated:  August 5, 2019.                    SNELL & WILMER L.L.P.

22

23                                              By: /s/ Michael Paretti
                                                Alex L. Fugazzi, Esq. (NV Bar No. 9022)
24                                              Michael Paretti (NV Bar No. 13926)
                                                3883 Howard Hughes Parkway, Suite 1100
25                                              Las Vegas, Nevada 89169

26                                              *Attorneys for Defendant Shannon Pierce*

27

28

**CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action.  On this date, I caused to be served a true and correct copy of the foregoing **DEFENDANT SHANNON PIERCE'S MOTION TO CONSOLIDATE CASES** by method indicated below:

☐ **BY FAX:**  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

☒ **BY U.S. MAIL:**  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

      Latonia Smith (*in Pro Per*)
      9748 Canyon Landing Ave.
      Las Vegas, NV 89166
      Tel:    (702) 521-3522

☐ **BY OVERNIGHT MAIL:**  by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY PERSONAL DELIVERY:**  by causing personal delivery by      , a messenger service with which this firm maintains an account, of the document(s) listed above to the person(s) at the address(es) set forth below.

☒ **BY ELECTRONIC SUBMISSION:**  submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

☐ **BY EMAIL:**  by emailing a PDF of the document listed above to the email addresses of the individual(s) listed below.

Riley Clayton, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, NV 89128
Telephone: 702.316.4111
Facsimile: 702.316.4114
rclayton@lawhjc.com

*Attorneys for Defendant Caesars Entertainment Corporation, PHWLV, LLC dba Planet Hollywood Resort & Casino, and Ethan Thomas*

DATED this 5th day of August, 2019.

_____
An employee of SNELL & WILMER L.L.P.

4838-1224-4894

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

- 12 -