LATONIA SMITH
9748 CANYON LANDING AVE.
LAS VEGAS, NV 89166
725-203-2455
PLAINTIFF IN PROPER PERSON

AUG 12 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LATONIA SMITH,

                Plaintiff(s),

-vs-

CAESARS ENTERTAINMENT CORPORATION, a Delaware corporation; PHWLV, LLC d/b/a PLANET HOLLYWOOD RESORT AND CASINO, a Nevada limited liability company; SHANNON PIERCE; ETHAN THOMAS,

                Defendant(s).

CASE NO. 2:19-cv-00856-GMN-GWF

## OPPOSITION TO DEFENDANT SHANNON PIERCE'S MOTION TO CONSOLIDATE CASES

Plaintiff Latonia Smith opposes defendant's latest attempts to take control of her complaint, becoming master of her complaint, and change the allegations found on the face of her complaint. Defendant has already attempted to combine the Fennemore Craig case with the CEC, PHWLV, Ethan Thomas, and Shannon Pierce case.

As a premise, Ms. Smith's complaint against CEC, PHWLV, Ethan Thomas, and Shannon Pierce is not within the federal court's jurisdiction, and Ms. Smith is certain that the case will be remanded back to state court either by this court or the appeals court. The premise on which defendants removed Ms. Smith's complaint are erroneous. There is no doubt that Ms. Smith's claims for violation of anti-discriminatory laws were "specifically" based on **Nevada Revised Statutes 651.070, 651.080, and 651.090,** which is further reason why Ms. Smith filed the action in *state* court and not federal court. Ms.

Smith's reference to federal law (in connection with the *state* law) is not enough for this court to maintain jurisdiction over Ms. Smith's Complaint. The only reason why defendants removed the case and why the court is holding on to the case is for delay, prejudicing the Plaintiff in discovery.

Ms. Smith vehemently opposes any attempts by defendants to combine the cases, move defendants from the cases, or move venues for their *own* benefits.

### Memorandum of Points and Authorities

Even where two cases touch upon similar issues, the Court is not required to grant consolidation. (***Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.***, No. 92-20643, 1994 U.S. Dist. LEXIS 17569, *13 (N.D. Cal. Apr. 19, 1994). ("Although the court finds that there are some common issues, 'the mere existence of common issues…does not mandate consolidation.'" (citation omitted)).

### Craig and Pierce do not involve common issues of fact and law

Although both suits contain similar "background facts," (which defendant only cites) the grounds on which each claim is asserted against defendant Fennemore Craig and Shannon Pierce are different as Pierce was mainly acting in her individual capacity when she engaged in the actions asserted in Ms. Smith's Complaint. Fennemore Craig is being sued in their capacity as a law firm who engaged in and had employees (even those who are not attorneys) engaged in the conspiracy to target Ms. Smith. In ***E.E.O.C. v. Pan American World Airways, Inc.***, No. C-81-3636 RFP, 1987 WL 97215, at *2 (N.D. Cal. Dec. 3, 1987), the Court found that both actions arose out of essentially the same operative facts, that the primary defendants were the same, that the actions shared a plaintiff, and that the plaintiff sought the same legal and equitable relief. However, despite this "considerable factual overlap," the Court found the two cases to be completely dissimilar in law and denied the motion for consolidation.

### Consolidation Would Be Inefficient And Create Prejudice And Confusion; The Cases Are At Different Stages

In exercising discretion, district courts must also weigh the risk of prejudice and confusion wrought by consolidation. Besides the fact that the parties in the cases are not identical, nor are the courts in which the actions were filed (making consolidation improper), consolidation in this case will only guarantee delay, confusion, and prejudice.

The two cases are already at different stages in litigation and would not save any judicial time or resources. Despite Fennemore's assertions, the other case is pending a remand back to state court, while this instant case has already moved forward to discovery. Thus, a consolidation of this case with Pierce's case would not save any judicial time as the case against Fennemore Craig is rightfully before

the federal court. Further, the discovery in the Fennemore Craig case has already been tailored to address the claims against Fennemore Craig (as a firm) not Ms. Pierce in her individual capacity. The claim against Fennemore Craig is far broader and focuses on employees of the firm, largely outside of Las Vegas, who engaged in gross and abusive actions directed towards Ms. Smith, also implicating the owner/director of Fennemore Craig.

Pierce specifically engaged in actions directed towards Ms. Smith outside of her capacity as counsel and joining cases would cause Ms. Smith to lose control over her claims against Pierce as it will be enveloped in the claims separately pleaded against Fennemore Craig due to their relationship.

**CONCLUSION**

Ms. Smith opposes any consolidation and deems it improper as the case should be remanded to state court, and Ms. Pierce along with Ethan Thomas are being sued in their individual capacity, in connection to their direct targeting of Ms. Smith (even outside of their affiliations with CEC/PHWLV or Fennemore Craig), in the Eighth Judicial District Court where the complaints were placed for adjudication before a jury from the State of Nevada where Ms. Smith resides and where the actions occurred.

Dated this 12th day of August 2019

/s/ Latonia Smith
LATONIA SMITH
9748 CANYON LANDING AVE.
LAS VEGAS, NV 89166

## CERTIFICATE OF SERVICE

I certify that I am serving a true and correct copy of the attached OPPOSITION TO MOTION TO CONSOLIDATE on the parties set forth below by:

_____ placing an original or true copy thereof in a sealed envelope with the correct prepaid postage affixed for collection and mailing in the United States Mail, at Las Vegas, Nevada.

\_\_\_X\_\_\_ Certified Mail, Return Receipt Requested of the document(s) listed above to the person(s) at the address(es) set forth below

_____ E-service

_____ Personal delivery through a process server of the document(s) listed above to the person(s) at the address(es) set forth below

Riley Clayton

HALL JAFFE & CLAYTON, LLP

7425 Peak Drive

Las Vegas, NV 89128

702-316-4111

rclayton@lawhjc.com

Alex Fugazzi and Michael Paretti

SNELL AND WILMER

3883 Howard Hughes Parkway Suite 1100

Las Vegas, NV 89169

702-784-5200

afugazzi@swlaw.com

mparetti@swlaw.com

/s/ Latonia Smith

Plaintiff, In Proper Person

Dated this 12th day of August 2019