Alex L. Fugazzi, Esq. (Nevada Bar No. 9022)
Michael Paretti (Nevada Bar No. 13926)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
afugazzi@swlaw.com
mparetti@swlaw.com

*Attorneys for Defendant*
*Shannon Pierce*

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LATONIA SMITH,

Plaintiff(s),

-vs-

CAESARS ENTERTAINMENT CORPORATION, a Delaware corporation; PHWLV, LLC d/b/a PLANET HOLLYWOOD RESORT AND CASINO, a Nevada limited liability company; SHANNON PIERCE; ETHAN THOMAS,

Defendant(s).

Case No.: 2:19-cv-00856-GMN-DJA

**DEFENDANT SHANNON PIERCE'S REPLY IN SUPPORT OF MOTION TO CONSOLIDATE CASES**

Defendant Shannon Pierce ("Ms. Pierce"), by and through her counsel of record, Snell & Wilmer L.L.P., hereby submits her Reply in support of her Motion to Consolidate Case No. 2:19-cv-00824-GMN-GWF (the "Fennemore Action") and Case No. 2:19-cv-00856-GMN-GWF (the "Pierce Action") [ECF No. 48].

This Reply is based on the attached memorandum of points and authorities, the papers and pleadings on file with the Court, and such other written or oral argument and other materials that may be presented prior to the Court's decision on the Motion.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Based on several flawed premises, Ms. Smith's Opposition to the Motion to Consolidate falls short. Ms. Smith's first flawed premise is that Fennemore Craig ("Fennemore") and Fennemore attorney Ms. Pierce previously attempted to combine the Fennemore Action and the Pierce Action. This is inaccurate. Rather, Fennemore and Ms. Pierce previously filed notices of related cases as required by the Local Rules. *See* ECF No. 4.

Ms. Smith's second flawed premise is that the Pierce Action should be remanded back to state court. Again, this is incorrect. In the Pierce Complaint, Ms. Smith expressly pleaded a cause of action under 42 U.S.C. § 2000a, which presents a federal question over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331. *See* Pl.'s First Amd. Compl., ECF No. 1-1, at ¶¶94-98.

Ms. Smith's third flawed premise is that the Fennemore Action and the Pierce Action "are different as Pierce [in the Pierce Action] was mainly acting in her individual capacity when she engaged in the actions asserted in Ms. Smith's Complaint," and "Fennemore Craig is being sued in their capacity as a law firm who engaged in and had employees (even those who are not attorneys) engaged in the conspiracy to target Ms. Smith." As the side-by-side analysis presented in the Motion to Consolidate demonstrates, Ms. Smith's operative complaints in both actions are nearly identical and present the same issues of law and fact.

Ms. Smith's fourth flawed premise is that "consolidation would be inefficient and create prejudice and confusion" and that the Fennemore Action and Pierce Action "are at different stages." Pl.'s Resp., ECF No. 54, at 2:20-21. This, again, is false; consolidating the two actions will only serve to reduce duplicative filings and repetitive discovery while simultaneously limiting the possibility of inconsistent results between the cases. Both cases are at the same stage of litigation. As of now, discovery has opened in both cases on a substantially similar timeline and motions to dismiss are pending. And as explained in detail below, Ms. Smith apparently seeks to use the separate actions to prejudice the defendants by improperly limiting their participation in discovery and/or by presumably trying to take multiple depositions of the same witnesses in each separate

case. For each of these reasons, Ms. Smith's Opposition fails, and the Court should grant Fennemore's and Ms. Pierce's Motion to Consolidate the actions.

## II. LEGAL ARGUMENT

### A. Fennemore and Ms. Pierce Previously Filed a Notice of Related Cases as Required under the Local Rules.

Ms. Smith inaccurately contends that Fennemore and Ms. Pierce have already attempted to combine the Fennemore Action and the Pierce Action. But Fennemore and Ms. Pierce only previously filed a notice of related cases [ECF No. 4] as required by the Local Rules in each of the respective actions. *See* LR 42-1(a) (mandating that a party who has reason to believe that an action on file is related to another action on file "**must**" file in each action and serve on all parties in each action a notice of related cases.") (emphasis added). Indeed, this Court promptly took jurisdiction over the Pierce Action as a related case. This does not mean, however, that either Fennemore or Ms. Smith have previously attempted to "combine" the cases. The Court should not be persuaded by Ms. Smith's suggestion that the Court already considered the relief that Fennemore and Ms. Pierce seek in the instant Motion to Consolidate.

### B. Ms. Smith's Motion to Remand does not Impact Consolidation.

Ms. Smith also contends that the Court should not consolidate the Fennemore Action and the Pierce Action because the Pierce Action should be remanded to state court. This argument fails for the same reasons detailed at length in Ms. Pierce's Response to Ms. Smith's Motion to Remand [ECF No. 28], as well as co-defendants' Caesars Entertainment Corporation, PHWLV, and Ethan Thomas' Response to Ms. Smith's Motion to Remand [ECF No. 29]. Ms. Smith's argument yet again fails to acknowledge that she specifically pleaded a cause of action under 42 U.S.C. § 2000a, which presents a federal question over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331. *See* Pl.'s First Amd. Compl., ECF No. 1-1, at ¶¶94-98.

As Ms. Smith's Motion to Remand fails, it does not present a basis to deny consolidating the two near-identical actions. Ms. Smith's argument that "the only reason why defendants removed the [Pierce] case and why the court is holding on to the case is for delay, prejudicing the Plaintiff in discovery" is likewise misguided and unsupported. Ms. Smith has not articulated, nor can she,

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

Snell & Wilmer L.L.P. LAW OFFICES 3883 Howard Hughes Parkway, Suite 1100 Las Vegas, Nevada 89169 702.784.5200

how removing the Pierce Action caused delay, nor can she articulate how she has been improperly prejudiced by the defendants or this Court. This argument is even more unavailing considering Ms. Smith did not timely respond to Ms. Pierce's pending Motions to Dismiss until August 12, 2019,[1] two months after her responses were due.

**C. The Fennemore Action and the Pierce Action are Nearly Identical.**

Ms. Smith's argument that the Fennemore Action and the Pierce Action are "different" is disingenuous. In an attempt to support this position, Ms. Smith contends that "Pierce was mainly acting in her individual capacity when she engaged in the actions asserted in Ms. Smith's Complaint," and "Fennemore Craig is being sued in their capacity as a law firm who engaged in and had employees (even those who are not attorneys) engaged in the conspiracy to target Ms. Smith." Stated differently, Ms. Smith contends that the Fennemore Action and Pierce Action are sufficiently distinct so as to not consolidate them solely based on the fact that Ms. Smith sued Ms. Pierce (a Fennemore attorney) in her individual capacity, and Fennemore in its capacity as an employer of Ms. Pierce, among others.

Ms. Smith relies upon inapposite caselaw to support her theory. In *E.E.O.C. v. Pan Am. World Airways, Inc.*, the Northern District of California court declined to consolidate two related actions because, despite having considerable factual overlap, they presented entirely different questions of law. C-81-3636 RFP, 1987 WL 97215, at *2 (N.D. Cal. Dec. 3, 1987). Specifically, one of the actions raised an Age Discrimination in Employment Act (ADEA) claim, while the other action raised claims for breach of a collective bargaining agreement and breach of the duty of fair representation. *Id.* In supporting its decision to decline consolidation, the court explained that introducing evidence related to claims for breach of a collective bargaining agreement and breach of the duty of fair representation and "elucidating the law applicable therein would inject substantial intricacy into an already complex trial." *Id.*

Unlike the *E.E.O.C.* case, here, Ms. Smith alleges nearly identical causes of action against Ms. Pierce and Fennemore. In her operative complaints, Ms. Smith has alleged the following causes of action against both Ms. Pierce and Fennemore: Intentional Infliction of Emotional Distress,

[1] *See* ECF No. 55.

Defamation/Defamation Per Se, Slander/Slander Per Se, and Permanent Injunctive Relief. Although Ms. Smith also asserts causes of action for abuse of process, malicious prosecution, and violation of 42 USC § 2000a and NRS 651 in the Pierce Action, and for civil conspiracy in the Fennemore Action, a cursory review of Ms. Smith's allegations demonstrate that they are all premised on the same underlying alleged facts. And perhaps most tellingly, Ms. Smith has moved for leave to amend both complaints, requesting to add claims for breach of confidentiality, abuse of process, and malicious prosecution in the Fennemore Action [ECF No. 29 in the Fennemore Action], and breach of confidentiality and civil conspiracy in the Pierce Action [ECF No. 57]. While amendment to each of Ms. Smith's respective complaints would be futile, as explained in detail in the respective responses to each of Ms. Smith's Motions for Leave to Amend, Ms. Smith even now attempts to assert the same seven causes of action against both Fennemore and Ms. Pierce. Thus, the only alleged non-duplicative claim is Ms. Smith's claim for violation of 42 USC § 2000a and NRS 651. And because this claim is again based on the same underlying alleged facts, it is indisputable that it would not add substantial intricacy to this matter. *See e.g.*, *Zimmerman v. GJS Group, Inc.*, 2:17-cv-00304-GMN-GWF, 2018 WL 1512603, at *2 (D. Nev. Mar. 27, 2018) (common questions of law render cases appropriate for consolidation); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 2:03-cv-01431-PMP-PAL, 2010 WL 2426031, at *1 (D. Nev. June 4, 2010) (finding consolidation appropriate where the actions involve common questions of law and fact).

**D. Consolidating the Fennemore Action and the Pierce Action will Promote Judicial Efficiency and will not Prejudice any Party.**

Consolidating the Fennemore Action and the Pierce Action will only serve to promote efficiency for both the Court and the Parties. Ms. Smith makes no effort to explain how consolidating the two actions will "only guarantee delay, confusion, and prejudice." If anything, the opposite is true. Consolidating the two actions will allow the respective parties to limit filing duplicative, substantially similar briefs in separate actions. This will, in turn, limit the Court having to consider and decide parallel motions, while simultaneously limiting the possibility of inconsistent results.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

Ms. Smith's contention that the cases are at "different stages in litigation" is likewise patently untrue. Fennemore and Ms. Pierce have filed comparable motions to dismiss in both actions. Fennemore and Ms. Pierce have also filed similar motions to stay discovery in both actions. And as of now, discovery has opened in both cases on a substantially similar timeline (the discovery deadline in the Fennemore Action is December 2, 2019 [ECF No. 17 in the Fennemore Action], and the discovery deadline in the Pierce Action is January 24, 2020 [ECF No. 44]).

In fact, Ms. Smith's recent discovery efforts in the Fennemore Action explicitly demonstrate why consolidation is not only appropriate, it is necessary. In the Fennemore Action, Ms. Smith issued a deposition subpoena to Ms. Pierce as opposed to simply noticing her deposition in the Pierce Action. By doing so, Ms. Smith is either trying to prevent the other defendants in the Pierce Action from participating in Pierce's deposition, or is trying to get two bites at the proverbial apple by deposing Ms. Pierce twice. Both reasons are improper and exemplify the very actions that Federal Rule of Civil Procedure 42 is designed to prevent. Contrary to Ms. Smith's argument, this example highlights the inefficiencies and prejudice to defendants that consolidating these actions would prevent.

Moreover, in the Fennemore Action, Ms. Smith issued subpoenas to employees of Caesars and/or PHWLV, (which entities are co-defendants of Pierce in the Pierce action), improperly seeking communications between Fennemore and Caesars/PHWLV employees, which would be privileged, and requesting the production and search of their personal cell phones and personal computers. The impropriety of these subpoenas is compounded by Ms. Smith's attempt to preclude Caesars' involvement in discovery in the Fennemore Action, given that Caesars holds the privilege regarding these communications. *See* August 13, 2019, e-mail from L. Smith to A. Fugazzi, attached as **Exhibit A**. In her email objecting to Caesars' counsel's participation in the meet and confer process, Ms. Smith states:

> I will not be conferencing with Mr. Clayton [counsel for Caesars, PHWLV, and Ethan Thomas] as the subpoenas do not concern his case. Yesterday you did not state anything about joining another unrelated party and the meet/confer will not be going forward with such a separate party, in a separate case and under the jurisdiction of a separate court. If you choose to conference Mr. Clayton at 5PM, I will not be present. I will be present at 5PM for a meet and confer with Fennemore Craig. The meet and confer is concerning Smith

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

> v. Fenn in Federal Court. That's all. Again, Mr. Clayton does not represent Fennemore Craig. Please give Mr. Clayton, who respectfully does not contact me via email, the courtesy of knowing this as well.

Ex. A. From these examples, it is apparent that the consolidation of the Fennemore Action and the Pierce Action is necessary to protect all parties' interests while promoting efficiency and limiting the unnecessary expenditure of resources.

## III. CONCLUSION

For each of these reasons, the Court should consolidate the Fennemore Action and the Pierce Action. Both cases are nearly identical factually, legally and procedurally. The Defendants in both actions have filed substantially similar motions to dismiss, and discovery has just begun in each lawsuit (with similar motions to stay discovery pending in both). Accordingly, for purposes of judicial efficiency and given that prejudice will only occur if consolidation is <u>not</u> granted, it is appropriate for the Court to consolidate the cases at this juncture.

Dated: August 19, 2019.

SNELL & WILMER L.L.P.

By: */s/ Michael Paretti*
Alex L. Fugazzi, Esq. (NV Bar No. 9022)
Michael Paretti (NV Bar No. 13926)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169

*Attorneys for Defendant Shannon Pierce*

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **DEFENDANT SHANNON PIERCE'S REPLY IN SUPPORT OF MOTION TO CONSOLIDATE CASES** by method indicated below:

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

☒ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

Latonia Smith (*in Pro Per*)
9748 Canyon Landing Ave.
Las Vegas, NV 89166
Tel: (702) 521-3522

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY PERSONAL DELIVERY:** by causing personal delivery by , a messenger service with which this firm maintains an account, of the document(s) listed above to the person(s) at the address(es) set forth below.

☒ **BY ELECTRONIC SUBMISSION:** submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

☐ **BY EMAIL:** by emailing a PDF of the document listed above to the email addresses of the individual(s) listed below.

Riley Clayton, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, NV 89128
Telephone: 702.316.4111
Facsimile: 702.316.4114
rclayton@lawhjc.com

*Attorneys for Defendant Caesars Entertainment Corporation, PHWLV, LLC dba Planet Hollywood Resort & Casino, and Ethan Thomas*

DATED this 19th day of August, 2019.

An employee of SNELL & WILMER L.L.P.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

**INDEX OF EXHIBITS**

| Exhibit No. | Description | No. of Pages |
|---|---|---|
| A | August 13, 2019, e-mail from L. Smith to A. Fugazzi | 6 |

4823-7407-6832