# Exhibit A

# August 13, 2019, e-mail from L. Smith to A. Fugazzi

**Paretti, Michael**
___

| | |
|---|---|
| **From:** | Fugazzi, Alex |
| **Sent:** | Tuesday, August 13, 2019 11:58 AM |
| **To:** | Toni Smith |
| **Cc:** | Riley Clayton |
| **Subject:** | RE: Smith v. Fennemore Objection to Deposition and Subpoenas Duces Tecum and Request to Meet-and-Confer Pursuant to FRCP 26(c) |

Ms. Smith:

Thank you for providing me with the correct phone number by which to reach you.   Mr. Clayton's participation on the call is required  as some of the privileged communications you seek belong to his clients. Therefore, I continue to want to proceed with our meet-and-confer this afternoon with Mr. Clayton's participation.  If you refuse to meet-and-confer with Mr. Clayton and me, let me know now and I will refrain from calling you with Mr. Clayton at 5 p.m.

Regarding email, I again suggest that you provide me with an alternative email address so that the parties can continue to efficiently communicate, in writing, with an electronic record, and with minimal infringement.

Yours

Alex L. Fugazzi
Snell & Wilmer L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Office: 702.784.5202
Fax: 702.784.5252
afugazzi@swlaw.com www.swlaw.com

**Snell & Wilmer**

Denver, Las Vegas, Los Angeles, Los Cabos, Orange County, Phoenix, Reno, Salt Lake City, Tucson

---

**From:** Toni Smith <lts0294@gmail.com>
**Sent:** Tuesday, August 13, 2019 10:58 AM
**To:** Fugazzi, Alex <afugazzi@swlaw.com>
**Subject:** Re: Smith v. Fennemore Objection to Deposition and Subpoenas Duces Tecum and Request to Meet-and-Confer Pursuant to FRCP 26(c)

**[EXTERNAL]**

___

Nothing requires you to communicate via my personal email. This is not an email for communications with your kind. Your team acquired my personal email (amongst other things) from third parties, which is improper. Your team contacted me via my personal email first. I've continually, expressly asked that your team do not contact me via this personal email although I've allowed for the few emergency instances. To stop this, I will no longer be accepting correspondence under any circumstances via email and in fact this email will not be available to allow for incoming messages. I have provided, just as good, other means for your side to contact me without upsetting me and infringing on

1

my personal life. There are serious and valid issues that have taken place which has premised my position. Your colleague Mr. Clayton has respected my wishes but it seems you have issues so the email will not be available to allow for incoming messages and thus that problem can be eliminated.

702 is not the area code placed on court documents. 725 is. My US address is also listed and your side is free to have mailings certified for receipt which includes proof that you sent them. I do it all of the time and, guess what, no problems.

I will not be conferencing with Mr. Clayton as the subpoenas do not concern his case. Yesterday you did not state anything about joining another unrelated party and the meet/confer will not be going forward with such a separate party, in a separate case and under the jurisdiction of a separate court. If you choose to conference Mr. Clayton at 5PM, I will not be present. I will be present at 5PM for a meet and confer with Fennemore Craig. The meet and confer is concerning Smith v. Fenn in Federal Court. That's all. Again, Mr. Clayton does not represent Fennemore Craig. Please give Mr. Clayton, who respectfully does not contact me via email, the courtesy of knowing this as well.

Since it has become a problem ( only for you by the way ) as of 5PM today this email will no longer be available.

Thank you

On Tuesday, August 13, 2019, Fugazzi, Alex <afugazzi@swlaw.com> wrote:

> Ms. Smith:
>
> I will call you today at 5 p.m. at the number listed on your pleading: (702) 203-2455. If there is a different number you'd like to me call, please let me know.
>
> I have copied Mr. Clayton on this email as well, as he was copied on my letter to you and there are certain requests contained in your subpoenas that implicate privileges held by his clients. Mr. Clayton, please let me know if you would like to participate in this call. If so, I can initiate the call for all three of us.
>
> Regarding your request that I not communicate with you via email, I unfortunately cannot agree. If you have an alternative email address you'd prefer I use I am happy to do that. But you have previously sent email communications to me (in fact my email to you of yesterday is on a chain commenced by you), and more importantly previously claimed to have not received prior communications sent by my firm to you via US Mail. In that instance you went so far as to allege in filings that no such communication was ever sent. Given this allegation, and the local rules that require a pro se litigant to include her email (if any) on the first page of every document presented for filing to the court, we believe email is a proper, and sometimes required, method of communication. Again, please let me know if there is an alternative email you'd prefer I use to communicate with you.
>
> I look forward to speaking with you later this afternoon and getting a better understanding of the arguments outlined in your email to me below.

Yours,

Alex L. Fugazzi

Snell & Wilmer L.L.P.

3883 Howard Hughes Parkway, Suite 1100

Las Vegas, NV 89169

Office: 702.784.5202

Fax: 702.784.5252

afugazzi@swlaw.com www.swlaw.com

Snell & Wilmer

Denver, Las Vegas, Los Angeles, Los Cabos, Orange County, Phoenix, Reno, Salt Lake City, Tucson

**From:** Toni Smith <lts0294@gmail.com>
**Sent:** Monday, August 12, 2019 5:38 PM
**To:** Fugazzi, Alex <afugazzi@swlaw.com>
**Subject:** Re: Smith v. Fennemore Objection to Deposition and Subpoenas Duces Tecum and Request to Meet-and-Confer Pursuant to FRCP 26(c)

**[EXTERNAL]**

Fugazzi, I have asked that you not contact me via my personal email several times, especially for matters that are not pressing. It is unclear why you can not respect a simple request. I do not see how this is a pressing matter that absolutely required you to contact me via email. I have very strict guidelines for dealing with your side and that includes limiting email communications to those that are emergency. I have provided other means for contact; namely, via direct telephone (listed on court documents) and via U.S. Mail.

3

I can address your arguments via telephone at 5:00 PM tomorrow. I did not agree to a stay of all discovery and I believe you interpreted my final conference notes in the wrong manner. I also believe you interpreted subpoenas in the wrong manner as you have inserted your own interpretations about topics, etc. I have estimated 30 witnesses for this case but the witnesses that were subpoenaed were carefully chosen in accordance with the many many factual contentions your side raised in your motion. Further, since the court allowed discovery to proceed forward there was no need for me to file a motion or any correspondence regarding the discovery I intended to conduct in accordance with your motion (as you know my notes included an express clause for discovery). I will not withdraw any subpoenas, I will give my opposing reasons and case law/statutes, and I can tell you that all parties have been served. Of course, it is also my duty to notify your side of the subpoenas I intend to serve and the notice clearly states that intent; I did not send the subpoenas as effectuation of service. I will also inform you that the witness fees for Shawna Braselton are being sent via U.S. Mail certified and I can provide you with more details regarding the inspection parameters. I did already state that the inspections are not broad searches of subject's computers/phones; the parameters were included, but the specific search parameters can be elaborated upon during the meet and confer. Your argument about relevance is interesting so I will address that as well. Your argument about depositions is unique, I will address those arguments. Obviously, I am not an attorney but I do engage in quite a high level of educating myself about the processes to limit any mistakes; this is a "practice" of law so I guess everyone is practicing to some degree. I do hope everything can be worked out favorably and more understanding can be gained. I also understand that you need to do whatever is possible to protect your clients, even when they're wrong, but, again, I will not withdraw subpoenas concerning gathering the *relevant* evidence.

By the way, if you have any questions regarding my writings, please look to me for clarification instead of inserting your own interpretations. Again, I am available via telephone and U.S. Mail. You can leave a message, send writings, you know, things of that nature.

Buen dia

*This email is intended to respond to correspondence which was mistakenly served by Mr. Fugazzi via email. Mr. Fugazzi is now aware that he is only to contact via telephone or U.S. Mail concerning matters related to the case. Please do not use this email to contact me regarding any other matters related to the case.

On Mon, Aug 12, 2019 at 12:59 PM Fugazzi, Alex <afugazzi@swlaw.com> wrote:

> Ms. Smith:

Please see the attached correspondence of today's date.

Alex L. Fugazzi

Snell & Wilmer L.L.P.

3883 Howard Hughes Parkway, Suite 1100

Las Vegas, NV 89169

Office: 702.784.5202

Fax: 702.784.5252

afugazzi@swlaw.com www.swlaw.com

**Snell & Wilmer**

Denver, Las Vegas, Los Angeles, Los Cabos, Orange County, Phoenix, Reno, Salt Lake City, Tucson

**From:** Toni Smith <lts0294@gmail.com>
**Sent:** Friday, August 2, 2019 8:10 PM
**To:** Fugazzi, Alex <afugazzi@swlaw.com>
**Subject:** Smith v. Fenn

**[EXTERNAL]**

It has come to my attention that the deposition subpoena for Ms. Shannon Pierce was mistakenly left out of today's delivery shipment to your firm. The subpoena is attached to go along with today's delivery. Please also note that although the notice states that the subpoenas were arriving in separate packaging, they were all sent in one package.

Chao

5

> *This is email is intended to notice a subpoena that was mistakenly left out during delivery. Please do not use this email to contact me regarding any other matters attached to the case.