LATONIA SMITH
9748 CANYON LANDING AVE.
LAS VEGAS, NV 89166
725-203-2455
PLAINTIFF IN PROPER PERSON

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 2 1 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LATONIA SMITH,

Plaintiff(s),

-vs-

CAESARS ENTERTAINMENT

CORPORATION, a Delaware corporation;

PHWLV, LLC d/b/a PLANET HOLLYWOOD

RESORT AND CASINO, a Nevada limited

liability company; SHANNON PIERCE;

ETHAN THOMAS

,

Defendant(s).

CASE NO. 2:19-cv-00856-GMN-DJA

### RESPONSE TO DEFENDANTS' REPLY TO OPPOSITION

Plaintiff, Latonia Smith, files a response to Defendants' reply. This response is based on the attached memorandum of points and authorities, the papers and pleadings on file with the Court, and such other written or oral argument that the Court may allow.

### MEMORANDUM OF POINTS AND AUTHORITIES

I.    INTRODUCTION

On top of the preliminary matter regarding Plaintiff's Motion to Remand this issue back to state court where it was filed and where jurisdiction is proper, Plaintiff filed a Motion to Extend the time to respond to defendants' multiple motions filed in Federal Court. All of Plaintiff's communications regarding this lawsuit have been premised on the Motion to Remand and Plaintiff's response does not concede that jurisdiction is properly held in this Court, respectfully. The Plaintiff responded to defendants' motions earlier than expected as explained in the Opposition, the Court accepted Plaintiff's motions, and there is no tardiness on the part of the Plaintiff. Defendants' assertion that the

Plaintiff's response should not be considered because it was tardy is unfounded. In fact, defendants, by their own admission, agreed to an extension, although a date could not be agreed upon and had not been ruled on by the Court, **so defendants' argument is** contradictory to their assertion that they did not disagree with granting the Plaintiff an extension. In actuality, defendants now wish to have **Plaintiff's Opposition thrown out because they cannot combat** the evidence, and they only make a desperate attempt, in their reply, to reassert the same arguments found in their motions to dismiss. **Defendants' desperate reply to Plaintiff's Opposition should be denied as frivolous.**

As another premise, in a previous filing, defendants asserted that their anti-SLAPP motion was only based on their interpretation of legal **deficiencies in Plaintiff's** complaint (which is also **untrue as defendants' motions are** also laden with factual contentions). But, going off of their own statements in the filing, defendants, all of a sudden, abandoned their argument that the Plaintiff filed a lawsuit in an attempt to quell their free speech (see **Defendants'** Opposition to Motion to Extend and Seal Medical Records where they state that their SLAPP motion is based only on **"legal deficiencies"**). Defendants also argued in that motion, that the Plaintiff could not present evidence to support the claims made in her Complaint and should be barred from conducting discovery (even while they asked the court to take judicial notice of the truth of matters contained in documents created by themselves), which has been proven false. **Defendants ignore the claims, case law, and evidence supporting Plaintiff's Complaint and continue to fail to meet the prongs (as stated in Ms. Smith's opposition) required to categorize Ms. Smith's lawsuit as a SLAPP suit or a** suit worthy of dismissal. Instead, defendants fill out a lazy reply that hardly addresses Ms. Smith's Complaint, Opposition, and the evidence put forth supporting both. Defendants want the court to extend them special treatment in granting their motions to dismiss based solely off of their own factual contentions and disputed, unrelated, evidence that they want to be perceived as truth, without being required to meet the necessary standards.

If this is strictly a procedural motion, which the Plaintiff contends it is not as the defendants are asking this Court to conduct a summary judgment (explained below) as evidenced in their own filings, the Court should also *not* **allow the defendants to insert their own statements into Ms. Smith's Complaint, actually changing the face of Ms. Smith's** Complaint. For instance, defendants continue to insert into Plaintiff's complaint that all allegations are related to litigation matters or arise from litigation matters, and they use the filings created by themselves to assert this argument. **In reality, if the face of Ms. Smith's Complaint is read, Ms. Smith only inserts the malicious court filings as** "background facts," which are the background to her abuse of process, malicious prosecution, and injunctive relief claims due to the *fact* that the defendants used the Court system to further retaliate against Ms. Smith (not, as defendants assert, because they simply filed court actions for good cause) and such nefarious purposes are also pled **on the face of Ms. Smith's Complaint. Ms. Smith's other** claims makes no assertion that they were connected to things done in the course of a litigation and Ms. Smith explained this in her Opposition. Of course, since defendants **cannot defend against Ms. Smith's claims, they assert that Ms. Smith's explanations** in her Opposition concerning these facts was Ms. Smith "re-characterizing" her Complaint; this could not be further from the truth and this Court should not allow defendants' own "assertions" be the basis for ruling on the motion if, indeed, it is "procedural." If this Court will consider defendants' assertions not found on the face of Ms. Smith's Complaint then Ms. Smith should be

2

able to complete discovery as the motion has turned into one for summary judgment, which Ms. Smith contends it already is if not denied.

As another example of defendants' "insertion of personal assertions" onto the face of Ms. Smith's Complaint, defendants now insert that they banned Ms. Smith for some unknown conduct, connected to some unknown litigation that Ms. Smith was a party to, and they seek to insert that because they issued it after Ms. Smith filed the lawsuit that it was due to the filing of the lawsuit and, again, some unknown conduct by Ms. Smith. The face of Ms. Smith's Complaint says the exact opposite--that the ban was issued due to Ms. Smith's race and in connection with Fennemore and CEC's plans to cause harm to Ms. Smith which was directly preceded by the filing of malicious TPOs (paragraph 96-97 of Complaint). Again, the Court should not allow defendants' own "assertions" be the basis for ruling on the motion if, indeed, it is only "procedural," where all of Ms. Smith's claims are taken as true. Further, defendants' new assertion that they banned Ms. Smith due to some unknown conduct and because a lawsuit was filed (which Ms. Smith contends it was only due to her race) does not help their case. In fact, their argument only echoes the excuses of those in our nation's history who used the Court system to stop African Americans from being afforded the privileges of freedom and equality; their ban letter spells out nothing of their new assertions because it was not based on anything except for Ms. Smith's race. The State of Nevada is very clear and strictly prohibits any public place of business from using a ban as a means of interfering with any right or privilege secured by Nevada Revised Statute 651.070, to punish, attempt to punish, intimidate, or threaten that individual. Ms. Smith need not go into detail about the implications of allowing defendants CEC/PHWLV to uphold such a ban, which is the further basis for her claim of injunctive relief.

## II.    ADDRESSING DEFENDANTS' ARGUMENTS

**Argument 1: Defendants only challenged the legal sufficiency. Under (12)(b)(6) Plaintiff's claims are not plausible.** Ms. Smith already addressed the factual contentions that are laden throughout defendants' motions to dismiss, which preclude dismissal and make their assertion that they are only challenging the legal sufficiency untrue. Plaintiff will not re-address the argument herein. Again, if the Court will incorporate defendants' own assertions and created documents, Ms. Smith should be allowed to complete discovery as a balance. Ms. Smith's response was based on some of the minimal evidence in her possession, which Ms. Smith contends is enough to defeat both motions, which, essentially, were combined into one motion allowing Ms. Smith to present the evidence to overcome the claims made by defendants. However, if the court will be viewing this motion beyond a procedural motion (which Plaintiff contends they will have to if the motions to dismiss are not being denied), more facts are required to address defendants' factual contentions and the Plaintiff should be allowed to gather those facts through discovery.

Defendants make the same arguments under anti-SLAPP and motion to dismiss, and their motions are essentially motions for summary judgment, which fail to present any evidence contrary to Ms. Smith's claims (just blind denials). For instance, although defendants argue that they only want the Court to evaluate the legal sufficiency

of the Plaintiff's Complaint and look to see if Plaintiff pled claims for which relief can be granted, defendants, essentially, ask this Court to evaluate Ms. Smith's claims, for instance that of IIED, and determine if Ms. Smith's claims accuse the defendants of something that would be considered "extreme." Ms. Smith already pled on the face of her Complaint (paragraphs 65-68) that defendants conduct was extreme and outrageous, but they now want the Court to "evaluate" whether their conduct was extreme and outrageous, which contradicts their claim about "legal sufficiency;" that is summary judgment for which they have offered no evidence. Defendants also attach several unrelated pieces of evidence as a part of their motion and asks the court to improperly judicially notice such evidence created by themselves. As stated in Ms. Smith's Opposition, such a request is improper and should be denied. The Ninth Circuit has upheld denial of these exact types of arguments being made by defendants under Rule 12(b)(6) and anti-SLAPP. In **Planned Parenthood v. Center for Medical Progress**, the court dismissed the motion to dismiss and special motion to dismiss because the same arguments were made for each and the defendants made no evidentiary-based argument to undermine Plaintiffs' probability of success. It is evident that there is no distinction between defendants' motion to dismiss and special motion to dismiss, and defendants' have not presented evidence to undermine Ms. Smith's claims.

Once it is determined that an act in furtherance of protected expression is being challenged, the plaintiff must show a "reasonable probability" of prevailing in its claims for those claims to survive dismissal. **Wilcox v. Superior Court**, 27 Cal. App. 4th 809, 33 Cal. Rptr. 2d 446, 455 (1994). To do this, the plaintiff must demonstrate that "the complaint is legally sufficient supported by a prima facie showing of facts to sustain a favorable judgment if the **evidence submitted by the plaintiff is credited.**" **Wilcox, 33 Cal. Rptr. 2d at 454.** Even still, the Ninth Circuit has held that Plaintiffs are not required to submit evidence to oppose contrary evidence that was never presented by defendants as is true in this case. **The evidence attached to Ms. Smith's Opposition is integral to her complaint, only** supporting the factual assertions that were already made and directly referenced in her complaint. See Exhibit **A and B supporting Ms. Smith's Complaint claims that Fennemore and CEC worked in connection to target Ms. Smith from** the outset in an attempt to retaliate against Mrs. Peruzar. See **Exhibit C** highlighting the contrived and fabricated **evidence used to target Ms. Smith and supporting Ms. Smith's Complaint asserting defendants used messages** created by themselves (including other employees) to target Ms. Smith; further supporting the backdrop to Ms. **Smith's claims of Abuse of Process**, Malicious Prosecution, and Injunctive Relief. See **Exhibit D** highlighting the fact that defendants did, indeed, make these criminal accusations to third parties, even going so far as to call one unrelated third party on *Christmas day* to accuse Ms. Smith of crimes. See **Exhibit E** highlighting the portions of the **settlement agreement that strictly forbade its distribution absent "proof," (which defendants could never have because** they created their own messages) and absolved **Ms. Smith of any wrongdoing, supporting Ms. Smith's claims that** defendants distributed the settlement agreement to unrelated third parties directly against the terms of the agreement. See **Exhibit F** which directly contradicts defendants' assertion and supports Ms. Smith's assertion that she was not connected to any underlying litigation. See **Exhibit G** showing that defendants' co-conspirators also

engaged in the distribution of the settlement agreement (also issuing slanderous/defamatory accusations) to unrelated, third parties and supporting Ms. Smith's Complaint claims. See **Exhibit H** showing that defendants and their co-conspirators accosted Ms. Smith outside, including but not limited to engaging in threatening Ms. Smith, harassing Ms. Smith, calling Ms. Smith defamatory names (including issuing a diagnosis of Ms. Smith that was unfounded), making unfounded criminal accusations against Ms. Smith, sending third parties to harass Ms. Smith at her home, filing frivolous TPOs against Ms. Smith based on fabricated evidence and as a part of an early 2017 conspiracy (further noting the proximity of the dates), and then further issuing a racist ban (again noting the proximity of the dates in which this onslaught occurred) **Exhibit I.** As an aside, defendants make an assertion that calling Ms. Smith a schizophrenic (diagnosing Ms. Smith was schizophrenia due to their own ignorance) was questionable **rhetoric or hyperbole. Defendants' argument and case law is grossly** misplaced, and Ms. Smith is confident that the court is intelligent enough to see straight through **their argument. This was not a case of "oh Jonny is 'crazy' for** thinking he will get that girl," **which is clearly the type of hyperbole their case law is describing. Defendants distributed** to third parties that Ms. Smith was diagnosed with the mental condition schizophrenia, and it is simply untrue and defamatory on its face. Ms. Smith asserts all of these claims in her Complaint, in which she further incorporated each preceding paragraph into each claim by reference. Defendants do not address the evidence because they cannot; it **clearly points to Ms. Smith's assertions made in** her Complaint being, at the very least, plausible.

> **Argument 2: Defendants assert that they should be allowed to judicially notice their problematic and self-serving documents.** Ms. Smith already addressed this argument and will not re-address it herein. Ms. Smith is not a subject in Mrs. Peruzar's litigation, and, frankly, has nothing to do with it.

> **Argument 3: Defendants continue to insert their own assertions about Ms. Smith's Complaint and attempt to attach them to litigation (none of which are found on the face of Ms. Smith's Complaint), inserting their own assertion about Plaintiff's description of her defamation/slander claims**. Plaintiff only argued that untrue statements of fact regarding criminal allegations and medical diagnoses made to third parties, as has been done by defendants in this case, are a basis for defamation and slander per se. As seen, Plaintiff has pled both defamation/per se and slander/per se.

> **Argument 4: Defendants also continually make the assertion that at times Ms. Smith does not write out Ethan Thomas' name, does not give defendants fair notice about the statements so they can defend, and does not plead ulterior motives.** Ethan Thomas is included under "defendants" and "defendants CEC/PHWLV." Plaintiff clearly states on the face of her Complaint that "defendants CEC/PHWLV", includes Ethan Thomas, except in the case of her cause of action for the ban, which Ms. Smith is not incorporating neither Ethan Thomas nor Shannon Pierce in that claim as they cannot logically issue such a ban since they do not own public places of accommodation (also some things can be simply logically inferred). Further, Ethan Thomas is incorporated into every other claim either by direct statement or the preceding paragraphs i.e. see paragraph 11 and 34. Ms. Smith asserts the

statements made on the face of her complaint (further supported by evidence attached to Opposition), i.e. the criminal accusations and the mental diagnoses, so defendants do, in fact, have fair notice of the claims, and, well, they made the statements and so did Thomas so they are aware of who made the statements and what statements were made. Ulterior motives were pled in each claim **and on the face of Ms. Smith's Complaint. Ms. Smith already** addressed this argument in detail in her Opposition and will not re-address it herein.

**Argument 5: Malicious prosecution does not exist because TPOs are civil protective orders.** Plaintiff already addressed this claim in her Opposition and will not re-address it herein. Of course, defendants ignore Nevada Revised Statutes that allows for such a claim when a party causes another party to face any kind of proceeding *in connection* with a crime. The wording of the statute is key, and it is clear that the claims made by defendants fall under such statute and allow Ms. Smith to bring a claim of malicious prosecution.

**Argument 6: Defendants continue to argue about Ms. Smith's claims concerning the ban and even go so far as to say Ms. Smith admits that the ban was not due to her race and that Ms. Smith claimed the ban was due to the lawsuit.** Plaintiff addressed this above, herein, and Plaintiff has pled on the face of her Complaint that the ban was due to her race and that the ban was shortly issued after the lawsuit was filed in connection with their co-conspirators **(not that it was issued because the lawsuit was filed), so defendants' assertion is demonstrably false.** Plaintiff has clearly identified that the claim was only related to CEC/PHWLV and it is logically implied. PHWLV is obviously intricately attached to the ban and is incorporated by paragraph 11 of the Complaint.

**Argument 7: Defendants argue that Plaintiff's request for injunctive relief based on her preceding claims should also be dismissed.** Plaintiff has already addressed this argument in her Opposition and will not re-address it herein.

The fact of the matter is that defendants continually argue, at heart, that they want Ms. Smith to write a Complaint containing every single detail, which directly contradicts FRCP 8, and they then want this Court to conduct summary judgment **with no contradicting evidence to Ms. Smith's claims.** Ms. Smith is not required to write a 60-page Complaint. Ms. Smith laid out the background facts and the titles of people involved and laid out the causes of action. Only after defendants asserted, **on their own not because they read the face of Ms. Smith's Complaint,** that Ms. **Smith's claims arise from statements made in litigation,** in an attempt to hide behind their co-conspirator law firm and malicious filings, did Ms. Smith illustrate in her Opposition the exact opposite (only supporting her claims not changing her Complaint). Defendants are only arguing that Ms. Smith did not give enough perfect enough details to satisfy themselves, and their arguments should be denied. The Plaintiff is entitled to all relief claimed, including concluding and terminating the two years of absolute torture defendants and their co-conspirators have put the Plaintiff through, and their plans to continue.

### III.    CONCLUSION

For the foregoing reasons, **including those contained in Ms. Smith's Opposition, defendants' motions to** dismiss should be denied, they should be required to defend against their actions, and Ms. Smith should be granted leave to amend her Complaint **(as attached to the Opposition to defendants' motions to dismiss)** based on the evidence already provided thus far (plus Ms. Smith did not receive an opposition to the leave to amend from defendants).

Dated this 21st day of August 2019

/s/ Latonia Smith
LATONIA SMITH
9748 CANYON LANDING AVE.
LAS VEGAS, NV 89166

1

CERTIFICATE OF SERVICE

2    I certify that I am serving a true and correct copy of the attached RESPONSE TO REPLY on the parties set

3  forth below by:

4  _____          placing an original or true copy thereof in a sealed envelope with the correct prepaid postage

5                      affixed for collection and mailing in the United States Mail, at Las Vegas, Nevada.

6  ____X____           Certified Mail, Return Receipt Requested of the document(s) listed above to the person(s) at the

7                      address(es) set forth below

8  _____          E-service

9  _____          Personal delivery through a process server of the document(s) listed above to the person(s) at the

10                     address(es) set forth below

11  Riley Clayton

12  HALL JAFFE & CLAYTON, LLP

13  7425 Peak Drive

14  Las Vegas, NV 89128

15  702-316-4111

16  rclayton@lawhjc.com

17  Alex Fugazzi and Michael Paretti

18  SNELL AND WILMER

19  3883 Howard Hughes Parkway Suite 1100

20  Las Vegas, NV 89169

21  702-784-5200

22  afugazzi@swlaw.com

23  mparetti@swlaw.com

24                                                     /s/ Latonia Smith

25                                                     Plaintiff, In Proper Person

26  Dated this 21st day of August 2019

27

28