Alex L. Fugazzi (Nevada Bar No. 9022)
Michael Paretti (Nevada Bar No. 13926)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
afugazzi@swlaw.com
mparetti@swlaw.com

*Attorneys for Defendant
Shannon Pierce*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LATONIA SMITH,<br><br>     Plaintiff(s),<br><br>-vs-<br><br>CAESARS ENTERTAINMENT CORPORATION, a Delaware corporation; PHWLV, LLC d/b/a PLANET HOLLYWOOD RESORT AND CASINO, a Nevada limited liability company; SHANNON PIERCE; ETHAN THOMAS,<br><br>     Defendant(s). | Case No.:   2:19-cv-00856-GMN-DJA<br><br>**SHANNON PIERCE'S MOTION TO STRIKE PLAINTIFF'S FUGITIVE SURREPLY TO MOTIONS TO DISMISS** |

   Defendant Shannon Pierce ("Ms. Pierce"), by and through her counsel of record, Snell & Wilmer L.L.P., moves to strike Plaintiff Latonia Smith's ("Ms. Smith") fugitive "Response to Defendants' Reply to Opposition" (the "Surreply") [ECF No. 66].

4826-3477-6738

This Motion is made and based upon the following memorandum of points and authorities, the pleadings and papers on file in this action, the accompanying exhibits, and any oral arguments the Court may entertain.

Dated: August 23, 2019.

SNELL & WILMER L.L.P.

By: _____
Alex L. Fugazzi, Esq. (NV Bar No. 9022)
Michael Paretti (NV Bar No. 13926)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
*Attorneys for Defendant Shannon Pierce*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION AND BACKGROUND

On May 28, 2019, Ms. Pierce filed a Special Motion to Dismiss pursuant to NRS 41.660, Nevada's anti-SLAPP statute [ECF No. 11], a Motion to Dismiss pursuant to FRCP 12(b)(6) [ECF No. 12], and a Request for Judicial Notice in support of the Motions to Dismiss [ECF No. 13]. Ms. Smith's Responses to the Motions to Dismiss were due on or before June 14, 2019. *See* LR 7-2(b); FRCP 6(d). Ms. Smith, however, did not respond until August 12, 2019, nearly two months after the deadline, when she filed an omnibus Opposition to the Motions to Dismiss and Opposition to Ms. Pierce' Request for Judicial Notice [ECF No. 55] and Cross-Motion for Leave to Amend her Complaint. On August 19, Ms. Pierce filed a Reply in Support of her Motions to Dismiss. ECF No. 63.

On August 21, 2019, Ms. Smith improperly filed—without leave of court— the Surreply. ECF No. 66. Ms. Smith's Surreply inappropriately attacks the positions Ms. Smith, as well as co-defendants Caesars Entertainment Corporation, PHWLV, and Ethan Thomas, advanced in their respective Replies in support of their Motions to Dismiss. For these reasons, and as explained in detail below, Ms. Smith's Surreply is a fugitive document that should be stricken from the record and the Court should not consider it in determining the Motions to Dismiss.

## II.     LEGAL ARGUMENT

Local Rule 7-2 allows a motion, a response, and a reply. "Surreplies are not permitted without leave of court" and "motions for leave to file a surreply are discouraged." LR 7-2(b). It is generally understood that the submission of a reply brief constitutes the completion of briefing on a particular matter. *See* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1189 (2d ed. 1990) (Pleadings beyond the reply are not permitted.). "A surreply may only be filed by leave of court, and only to address new matters raised in a reply to which a party would otherwise be unable to respond." *See Kanvick v. City of Reno*, No. 3:06–CV–00058, 2008 WL 873085, at *n.1 (D. Nev. March 27, 2008).

First, it is undisputed that Ms. Smith did not seek leave of court to file her Surreply, and instead filed her brief as a fugitive document. This is improper and alone warrants striking the Surreply.

Second, even if Ms. Smith had filed a "discouraged" motion for leave of court to file a surreply, such a motion would have failed. Ms. Pierce's Reply in support of her Motions to Dismiss [ECF No. 63] addressed the arguments in Ms. Smith's Opposition to the Motions to Dismiss [ECF No. 55]—it did not raise any new issues to which Ms. Smith was otherwise unable to respond in her initial opposition. In fact, Ms. Smith asserts in her Surreply that the defendants "only make a separate attempt, in their reply, *to reassert the same arguments found in their motions to dismiss*." *See* ECF No. 66 at 2:4-5 (emphasis added). Therefore, by her own admission, Ms. Smith's Surreply did not address new matters to which she was otherwise unable to respond; rather, she simply disregarded the rules to advance more improper[1] arguments. As such, Ms. Smith's Surreply is improper and the Court should strike it.

### III.   CONCLUSION

For the foregoing reasons, Ms. Pierce respectfully requests that the Court strike the improper Surreply [ECF No. 66] in its entirety.

Dated: August 23, 2019.                    SNELL & WILMER L.L.P.

By: _____
Alex L. Fugazzi, Esq. (NV Bar No. 9022)
Michael Paretti (NV Bar No. 13926)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
*Attorneys for Defendant Shannon Pierce*

---

[1] "In determining the propriety of a Rule l2(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Broem v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (emphasis in the original); *Zander v. Tropicana Ent., Inc.*, 2:13-cv-00848-GMN, 2014 WL 794212, at *2 (D. Nev. Feb. 26, 2014) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citing *Ruiz v. Laguna,* No. 05–cv–1871, 2007 WL 1120350, at *26 (S.D.Cal. Mar. 28, 2007)).

-4-

# CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **SHANNON PIERCE'S MOTION TO STRIKE PLAINTIFF'S FUGITIVE SURREPLY TO MOTIONS TO DISMISS** by method indicated below:

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

☒ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

> Latonia Smith (*in Pro Per*)
> 9748 Canyon Landing Ave.
> Las Vegas, NV 89166
> Tel:      (702) 521-3522

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY PERSONAL DELIVERY:** by causing personal delivery by _____, a messenger service with which this firm maintains an account, of the document(s) listed above to the person(s) at the address(es) set forth below.

☒ **BY ELECTRONIC SUBMISSION:** submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

☐ **BY EMAIL:** by emailing a PDF of the document listed above to the email addresses of the individual(s) listed below.

Riley Clayton, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, NV 89128
Telephone: 702.316.4111
Facsimile: 702.316.4114
rclayton@lawhjc.com

*Attorneys for Defendant Caesars Entertainment Corporation, PHWLV, LLC dba Planet Hollywood Resort & Casino, and Ethan Thomas*

DATED this 23rd day of August, 2019.

_____
An employee of SNELL & WILMER L.L.P.

4826-3477-6738