Alex L. Fugazzi (Nevada Bar No. 9022)
Michael Paretti (Nevada Bar No. 13926)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
afugazzi@swlaw.com
mparetti@swlaw.com

*Attorneys for Defendant
Shannon Pierce*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LATONIA SMITH,<br><br>    Plaintiff(s),<br><br>-vs-<br><br>CAESARS ENTERTAINMENT CORPORATION, a Delaware corporation; PHWLV, LLC d/b/a PLANET HOLLYWOOD RESORT AND CASINO, a Nevada limited liability company; SHANNON PIERCE; ETHAN THOMAS,<br><br>    Defendant(s). | Case No.:   2:19-cv-00856-GMN-DJA<br><br>**DEFENDANT SHANNON PIERCE'S RESPONSE TO PLAINTIFF'S REQUEST FOR SANCTIONS** |

Defendant Shannon Pierce ("Ms. Pierce"), by and through her counsel of record, Snell & Wilmer L.L.P., hereby submits this Response to Plaintiff Latonia Smith's ("Ms. Smith") Request for Sanctions [ECF No. 58].[1]

---

[1] Ms. Smith filed an omnibus "Opposition to Shannon Pierce's Special Motion to Dismiss, Motion to Dismiss, and Request for Judicial Notice; [and] Plaintiff's Cross-Motion for Leave to Amend Complaint; and Request for Sanctions." ECF Nos. 55-58. Ms. Pierce only responds to Ms. Smith's Motion for Sanctions in the instant brief. Ms. Pierce previously filed a consolidated Reply in support of her Motions to Dismiss and Request for Judicial Notice [ECF No. 63], as well as a Response to Ms. Smith's Cross-Motion for Leave to Amend [ECF No. 64].

- 1 -

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION AND BACKGROUND**

Ms. Smith requests that the Court impose an undisclosed "sanction" upon Ms. Pierce for attaching to her Request for Judicial Notice a redacted document that sat publicly filed by or on behalf of Ms. Smith's mother for months and in unredacted form in the Eighth Judicial District Court. The medical records at issue were initially publicly filed by or on behalf of Ms. Smith's mother in her state court litigation against Ms. Pierce's clients, Caesars Entertainment Corporation and PHWLV, LLC in Eighth Judicial District Court Case No. A-18-784032-C (the "Peruzar Litigation").

The medical records were in the public domain for months through no fault of Ms. Pierce. *See* Declaration of Shannon Pierce ("Pierce Decl."), attached as **Exhibit A**, at ¶¶ 2-5. On January 30, 2019, a Motion for Summary Judgment, or in the Alternative, Summary Adjudication of the Issues was filed on behalf of Ms. Smith's mother, Annecer Peruzar, in the Peruzar Litigation and attached the medical records as Exhibit 2. Pierce Decl., Ex. A, at ¶ 2; *see also* January 30, 2019 Motion for Summary Judgment, attached as **Exhibit B**, at 4:7 (referencing Exhibit 2 as Latonia Smith's Medical Record); 24:9-10 (citing to Exhibit 2).[2] Ms. Pierce alerted Ms. Smith's mother (through her then-counsel, Brandon Trout) as to the publicly filed nature of the medical records, but Ms. Smith's mother took no action. Pierce Decl., Ex. A, at ¶ 3.

After Ms. Pierce provided this notice to Ms. Smith's mother's counsel, the medical records were once again publicly filed in the Peruzar Litigation by or on behalf of Ms. Smith's mother. Pierce Decl., Ex. A, at ¶ 4; *see also* Plaintiff Annecer Peruzar's March 16, 2019 Motion for Summary Judgment; in the Alternative Partial Summary Adjudication of the Issues, attached as **Exhibit C**, at 4:7 (referencing Exhibit 2 as Latonia Smith's Medical Record); 27:11-13 (citing to

---

[2] Due to Ms. Smith's Motion for Sanctions, Ms. Pierce submits the attached filing without exhibits (notably, without the medical records). However, it is clear from the face of the Motion for Summary Judgment that Ms. Smith's mother both attached and referenced the subject medical records. Ms. Pierce will submit a full copy of the Motion for Summary Judgment, including the attached medical records, for *in camera* review upon the Court's request.

Exhibit 2).³ Both of these filings, including the unredacted medical records, remained publicly accessible for months. Pierce Decl., Ex. A, at ¶ 5. Ms. Smith's mother subsequently noticed and deposed her former counsel, Brandon Trout, in the Peruzar Litigation. *See* Pierce Decl., Ex. A, at ¶ 6; *see also* August 2, 2019 Deposition Transcript of Brandon Trout, attached as **Exhibit D**. Mr. Trout testified that he was told that it was actually Ms. Smith who drafted the two Motions for Summary Judgment on behalf of her mother. Ex. D at 62:6-12 (testifying that Ms. Smith "stated that she had aided in preparing a motion for summary judgment in this [the Peruzar] case."), 62:13-24 (testifying that "I believe that in essence [Ms. Smith] drafted the motion for summary judgment."). Accordingly, it appears that it was Ms. Smith who placed her own medical records in the public record. *Id.*

On April 22, 2019, Ms. Pierce, as counsel for Caesars and PHWLV, moved for a protective order in the Peruzar Litigation. Pierce Decl., Ex. A, at ¶ 7. Before using the documents as an exhibit, Ms. Pierce took a precaution that Ms. Smith and/or her mother had not— Ms. Pierce redacted Ms. Smith's social security number from the version of the medical records that Ms. Pierce attached as an exhibit to the Motion for Protective Order. Pierce Decl., Ex. A, at ¶ 8. The Request for Judicial Notice in this case contained the Motion for Protective Order as-filed, which attached the redacted medical records. Accordingly, Ms. Smith's medical records were not used or disclosed in any improper manner.

Moreover, when Ms. Smith requested to seal the medical records, Ms. Pierce did not oppose the Motion. Ms. Pierce's non-opposition, in part, led to the Court granting Ms. Smith's Motion to Seal in part and sealing the subject medical records.⁴ Indeed, such records have since been sealed and are inaccessible to the public in this case. *See* ECF No. 41. For each of these reasons, Ms. Smith's request for sanctions is misguided and the Court should deny it in its entirety.

---

³ Ms. Pierce likewise does not attach the exhibits to Ms. Smith's mother's March 16, 2019 Motion for Summary Judgment. *See* fn. 2. Ms. Pierce can submit a full copy of the Motion for Summary Judgment, including the attached medical records, for *in camera* review upon the Court's request.

⁴ The Court denied Ms. Smith's Motion to Seal to the extent that Ms. Smith requested that the medical records be excluded from the litigation or stricken from the record. ECF No. 41 at 2:7-8.

## II. ARGUMENT

As a threshold matter, Ms. Pierce did not improperly attach Ms. Smith's medical records to the Motion for Protective Order in the Peruzar Litigation (which was subsequently attached to the Request for Judicial Notice in this action), because Ms. Smith and/or her mother had already placed those medical records in the public domain.

Moreover, while Ms. Smith's Motion for Sanctions is devoid of any legal analysis, Ms. Smith cites to *Young v. Ninth Jud. Dist. Ct., In and For County of Douglas*, for the proposition that the Court has inherent authority to sanction attorneys for ethical misconduct. 818 P.2d 844, 849 (Nev. 1991). In *Young*, the Nevada Supreme Court upheld the district court's $250 sanction against counsel for the filing of a pretrial motion to strike the State's request for the death penalty in a murder trial based on arguments that the State sought the death penalty for political reasons. *Id.* The trial court ordered the sanctions after determining that no evidence supported the motion to strike. *Id.* And while Ms. Pierce and undersigned counsel acknowledge that the Court has the inherent authority to sanction attorneys, here, there has been no misconduct and the record does not contain any action by Ms. Pierce warranting sanctions.

The District of Nevada Court's decision in *Adele v. Dunn* is instructive. 2:12-CV-00597 LDG, 2013 WL 593291 (D. Nev. Feb. 14, 2013). There, the plaintiff moved for an Order to Show Cause why the defendants had attached *unredacted* medical records as exhibits to their motion to extend discovery deadlines in direct contravention of a prior court order that required redacting personal information such as plaintiff's social security number. *Id.* at *5. Despite finding that the disclosure of unredacted medical records occurred, the court declined to impose sanctions on defense counsel, finding that defense counsel understood his obligations and took appropriate steps to insure improper disclosure did not occur in the future. *Id.*

Unlike *Adele*, where the plaintiff's unredacted medical records were disclosed in violation of a prior court order, Ms. Pierce appropriately redacted Ms. Smith's medical records[5] before attaching them to the Motion for Protective Order in the Peruzar Litigation. Undersigned counsel

---

[5] As discussed above, Ms. Pierce appropriately redacted Ms. Smith's social security number in the Peruzar Litigation. *See* SRCR 3. Ms. Pierce did not make additional redactions since Ms. Smith and/or her mother publicly filed the records and left them in the public domain for months.

- 4 -

1  then attached the Motion for Protective Order as-filed (which included the redacted medical
2  records) to the Request for Judicial Notice in this case.[6] Furthermore, Ms. Smith's medical records
3  remained in the public domain due to her mother's and/or Ms. Smith's prior disclosure of them.
4  Ms. Pierce also appropriately responded after Ms. Smith objected to disclosure of her medical
5  records in this case by not opposing that motion. Here, Ms. Pierce has taken no action that would
6  warrant sanctions. Rather, her actions have been professional and consistent with her ethical
7  obligations.

## III.   CONCLUSION

For each of these reasons, the Court should deny Ms. Smith's Motion for Sanctions in its entirety.

Dated:  August 26, 2019.                    SNELL & WILMER L.L.P.

By: _____
Alex L. Fugazzi (NV Bar No. 9022)
Michael Paretti (NV Bar No. 13926)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
*Attorneys for Defendant Shannon Pierce*

---

[6] *See* FRCP 5.2(b)(3) (the redaction requirement does not apply to the official record of a state-court proceeding).

# CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **DEFENDANT SHANNON PIERCE'S RESPONSE TO PLAINTIFF'S REQUEST FOR SANCTIONS** by method indicated below:

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

☒ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

    Latonia Smith (*in Pro Per*)
    9748 Canyon Landing Ave.
    Las Vegas, NV 89166
    Tel:   (702) 521-3522

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY PERSONAL DELIVERY:** by causing personal delivery by _____, a messenger service with which this firm maintains an account, of the document(s) listed above to the person(s) at the address(es) set forth below.

☒ **BY ELECTRONIC SUBMISSION:** submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

☐ **BY EMAIL:** by emailing a PDF of the document listed above to the email addresses of the individual(s) listed below.

Riley Clayton, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, NV 89128
Telephone: 702.316.4111
Facsimile: 702.316.4114
rclayton@lawhjc.com

*Attorneys for Defendant Caesars Entertainment Corporation, PHWLV, LLC dba Planet Hollywood Resort & Casino, and Ethan Thomas*

DATED this 26th day of August, 2019.

                              /s/ _____
                              An employee of SNELL & WILMER L.L.P.

## **INDEX OF EXHIBITS**

| Exhibit No. | Description | No. of Pages |
|---|---|---|
| A | Declaration of Shannon Pierce | 2 |
| B | January 30, 2019 Motion for Summary Judgment | 26 |
| C | March 16, 2019 Motion for Summary Judgment; in the Alternative Partial Summary Adjudication of the Issues | 32 |
| D | August 2, 2019 Deposition Transcript of Brandon Trout | 9 |

4851-2855-4912