RILEY A. CLAYTON
Nevada Bar No. 005260
rclayton@lawhjc.com
KATHY A. McCARTHY
Nevada Bar No. 011204
kmccarthy@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7425 PEAK DRIVE
LAS VEGAS, NEVADA 89128
(702) 316-4111
FAX (702)316-4114

Attorneys for Defendants, *Caesars Entertainment Corporation; PHWLV, LLC dba Planet Hollywood Resort & Casino; and Ethan Thomas*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LATONIA SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>CAESARS ENTERTAINMENT CORPORATION a Delaware corporation; PHWLV, LLC d/b/a PLANET HOLLYWOOD RESORT AND CASINO, a Nevada limited liability company; SHANNON PIERCE; ETHAN THOMAS<br><br>Defendants. | CASE NO.:   2:19-cv-00856-GMN-DJA<br><br>**DEFENDANTS, CAESARS ENTERTAINMENT CORPORATION'S, PHWLV, LLC D/B/A PLANET HOLLYWOOD RESORT AND CASINO'S, AND ETHAN THOMAS', REPLY IN SUPPORT OF JOINDER (ECF No. 68) TO DEFENDANT SHANNON PIERCE'S MOTION TO STRIKE PLAINTIFF'S FUGITIVE SURREPLY TO MOTIONS TO DISMISS** |

Defendants, Caesars Entertainment Corporation, PHWLV, LLC d/b/a Planet Hollywood Resort and Casino, and Ethan Thomas (collectively "PHW"), by and through their counsel of record, Hall, Jaffe, and Clayton, LLP, hereby submit, in response to Plaintiff's Opposition to Motion to Strike (ECF No. 71) their Reply in Support of their Joinder (ECF No. 68) to Defendant, Shannon Pierce's, Motion to Strike Plaintiff's Fugitive Surreply to Motions to Dismiss (ECF No. 67).

/ / /

/ / /

/ / /

This Reply is made and based upon the pleadings and papers on file herein, the following memorandum of points and authorities, and any oral argument allowed at the time of hearing on this matter.

DATED this 30th day of August, 2019.

        HALL JAFFE & CLAYTON, LLP

        By _____
        RILEY A. CLAYTON
        Nevada Bar No. 005260
        KATHY A. McCARTHY
        Nevada Bar No. 011204
        7425 Peak Drive
        Las Vegas, Nevada 89128
        Attorneys for Defendants, *Caesars Entertainment Corporation*; *PHWLV, LLC dba Planet Hollywood Resort & Casino*; *and Ethan Thomas*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On August 21, 2019, after briefing on Defendants' various motions to dismiss had been completed and without leave of Court, Plaintiff filed a Response to Defendants' Reply to Opposition (ECF No. 66), *i.e.* her "Surreply." On August 23, 2019, Defendant Pierce filed her Motion to Strike Plaintiff's Fugitive Surreply to Motions to Dismiss (ECF No. 67). On August 23, 2019, PHW filed their Joinder (ECF No. 68) to Defendant Pierce's Motion to Strike (ECF No. 67), incorporating Defendant Pierce's arguments and legal authority, and joining Defendant Pierce's request that this Court strike Plaintiff's improper surreply.

On August 27, 2019, Plaintiff filed her Opposition to the Motion to Strike (ECF No. 71), combined with a Cross Motion to Allow Plaintiff's Reply or Strike Defendants' Reply to Opposition Containing New Arguments (ECF No. 73). PHW files the instant Reply in response to Plaintiff's Opposition to the Motion to Strike (ECF No. 71). Plaintiff's Cross Motion (ECF No. 73) is addressed by PHW in a separate filing.

### II. LEGAL ARGUMENT

    **A.**    **Plaintiff's Opposition Contains No Legal Authority For This Court To Deny**

### Defendants' Motions to Strike Plaintiff's Surreply Which Was Filed Without Leave of Court.

"Local Rule 7–2(a)–(c), allows a motion, a response and a reply. No provision is made for the filing of a sur-reply." *Westbrook v. GES Exposition Services, Inc.*, 2007 WL 1288812, * 2 (D. Nev. 2007). Surreplies are only permitted with leave of court. Local Rule 7-2(b). It is undisputed that Plaintiff did not seek leave of Court in advance of filing her Surreply. Accordingly, Defendant Pierce and PHW requested this Court strike Plaintiff's fugitive Surreply. *Id.* (refusing to consider a surreply improperly filed without leave of court).

In her Opposition to Defendants' Motions to Strike, Plaintiff has cited no legal authority pursuant to which this Court could decline to strike her improperly filed Surreply. Instead, she argues, incorrectly, that Defendant's Replies (in the case of PHW, ECF Nos. 60 and 61) assert new arguments never raised in their original motions (in the case of PHW, ECF Nos. 14 and 16). While PHW denies that their replies raised any new arguments, the procedurally proper way to address such an issue would have been by seeking leave of court to file a surreply, something Plaintiff undisputedly did not do. Now, after the fact, she has filed a Cross Motion to Allow her Reply or to strike Defendants' Reply to her Opposition on the basis that the Reply contains new arguments not raised in Defendants' original motions, although she has failed to specifically identify any of these purportedly new arguments. (ECF No. 73.)

As further set forth in Defendant Pierce's Response to Ms. Smith's Cross Motion for Leave to Add Reply (ECF No. 74), to which PHW is filing a Joinder, there are no grounds for Plaintiff to file a sur-reply because Defendants' replies did not raise any new arguments that had not been raised in their original motions. *Garity v. Donahoe*, 2014 WL 1168913, *2 (D. Nev. 2014)( a sur-reply is not a filing allowed without court leave and may only be allowed when a party should be given the opportunity to respond to new information presented in a reply brief). As Plaintiff did not, nor could she, establish that she should be given the opportunity to respond to new information presented in Defendants' reply briefs as there was none, this Court should strike Plaintiff's improperly filed surreplies. *Id.* (striking a sur-reply for failure to seek leave of court and upon the Court's finding that there was no basis for a sur-reply).

3

## III. CONCLUSION

As Plaintiff's Opposition to Defendants' Motions to Strike offers no legal authority pursuant to which this Court could deny Defendants' Motions to Strike, PHW respectfully requests that this Court grant Defendant, Shannon Pierce's, Motion to Strike Plaintiff's Fugitive Surreply to Motions to Dismiss (ECF No. 67) and PHW's Joinder to that Motion (ECF No. 68).

DATED this 30th day of August, 2019.

HALL JAFFE & CLAYTON, LLP

By _____
RILEY A. CLAYTON
Nevada Bar No. 005260
KATHY A. McCARTHY
Nevada Bar No. 011204
7425 Peak Drive
Las Vegas, Nevada 89128
Attorneys for Defendants, *Caesars Entertainment Corporation*; *PHWLV, LLC dba Planet Hollywood Resort & Casino*; *and Ethan Thomas*

## CERTIFICATE OF SERVICE

Pursuant to Rule 5(b) of the Federal Rule of Procedure, I hereby certify under penalty of perjury that I am an employee of HALL JAFFE & CLAYTON, LLP, and that on the __30__ day August, 2019, the foregoing **DEFENDANTS, CAESARS ENTERTAINMENT CORPORATION'S, PHWLV, LLC D/B/A PLANET HOLLYWOOD RESORT AND CASINO'S, AND ETHAN THOMAS', REPLY IN SUPPORT OF JOINDER (ECF No. 68) TO DEFENDANT SHANNON PIERCE'S MOTION TO STRIKE PLAINTIFF'S FUGITIVE SURREPLY TO MOTIONS TO DISMISS** was served upon the parties via the Court's CM/ECF e-filing and service program, and via U.S. Mail, addressed as follows, noting that Plaintiff is in proper person:

Latonia Smith
9748 Canyon Landing Ave.
Las Vegas, NV 89166
***Plaintiff in Proper Person***

Alex L. Fugazzi, Esq.
Michael Paretti
SNELL & WILMER, LLP
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Attorneys for Defendant
*SHANNON PIERCE*

_____
An Employee of
HALL JAFFE & CLAYTON, LLP