LATONIA SMITH
9748 CANYON LANDING AVE.
LAS VEGAS, NV 89166
725-203-2455
PLAINTIFF IN PROPER PERSON

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 29 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LATONIA SMITH,

Plaintiff(s),

-vs-

CAESARS ENTERTAINMENT

CORPORATION, a Delaware corporation;

PHWLV, LLC d/b/a PLANET HOLLYWOOD

RESORT AND CASINO, a Nevada limited

liability company; SHANNON PIERCE;

ETHAN THOMAS,

Defendant(s).

CASE NO. 2:19-cv-00856-DJA

**PLAINTIFF'S REPLY IN SUPPORT OF LEAVE TO FILE AMENDED COMPLAINT**

**(RESPONSE TO SHANNON PIERCE); MOTION TO STRIKE NEW/ IRRELEVANT**

**ARGUMENTS/CASE LAW SPECIFIC TO ANTI-SLAPP MOTIONS**

**PIERCE ARGUMENTS**

Defense for Shannon Pierce argues again, even inserting new arguments, that

Plaintiff's lawsuit is a SLAPP lawsuit. Since Plaintiff has already addressed this

argument, including the ways in which defendants have failed to meet all prongs in

categorizing Ms. Smith's suit as a SLAPP suit, in depth in her Opposition to the motions

to dismiss, Plaintiff will not readdress the argument herein. In fact, Ms. Smith moves to

strike defense's new arguments concerning references to the SLAPP suit as it is

irrelevant to Plaintiff's Motion for Leave to Amend her Complaint and is only being used

by defense to add on to the earlier Motion to Dismiss.

Defense also argues that Plaintiff fails to state a claim. As with every other

challenge defense makes, the blanket claims should be denied by the court.

**PLAINTIFF'S BREACH OF CONFIDENTIALITY CLAIM HAS MERIT**

Defense's argument about Ms. Pierce not being a party to the settlement, thus

being able to breach the settlement effectively undermines every single argument he

has made in this case referencing that Ms. Pierce only interacted with Ms. Smith in her

capacity as an attorney, and further supports Ms. Smith's claims and her lawsuit

concerning Ms. Pierce interacting with her, defaming her, and targeting her outside of

her capacity as an attorney and outside of any connections to a litigation (Paragraphs 3-

6 of Defendant's Opposition).

Directly contradicting the statement is defense's next few paragraphs stating that

Ms. Pierce was allowed to disclose the agreement "as part of its request for protective

or other relief," (meaning defense is now trying to revert back to Ms. Pierce solely acting

in her capacity as an attorney thus allegedly giving her the right to disclose the

agreement); this also further supports Ms. Smith's claims and lawsuit that Ms. Pierce

inappropriately used the legal system (in an attempt to hide behind her job title) to target

and defame Ms. Smith, including breaching the confidential settlement agreement,

which she never had a right to disclose. Whether her defense wants to argue either of

the contradicting, positions, Pierce breached a confidential agreement that she was not

at liberty to breach. Defense continues to assert two paragraphs from the agreement,

which also undermines his claims, but fails to highlight the terms concerning the

"confidentiality" and "disclosure" portion of the agreement, including the fact that any

public disclosure must have been premised by actual proof of a breach (as the whole agreement was premised on Ms. Smith being absolved from the false accusations) and delivered to Ms. Smith's former counsel. The agreement is on file with the Court, unfortunately, to read. Defense then argues that the third-parties Pierce delivered the agreement to, along with further defamatory statements as evidenced, had an interest in it. This is evidently false. As proven, Ms. Smith was not the subject of her mother's lawsuit and there was absolutely no connection between Ms. Smith and her mother's lawsuit. Further, none of the parties who Pierce disclosed the agreement to knew Ms. Smith until Pierce communicated this to them. The agreement, on its face, prevented its disclosure and particularly in this instance where it was meant to protect Ms. Smith from the very thing Pierce used the agreement to accomplish—a public mudslinging of the Plaintiff based on unfounded allegations, which has caused Ms. Smith irreparable harm. Further, Pierce's attempts to insert Ms. Smith into her mother's lawsuit directly contradicts the standards of a SLAPP lawsuit, which requires that the party alleging a SLAPP suit could not have "made" it a public issue by placing it in a public forum (explained in Plaintiff's Opposition to Motions to Dismiss).

Plaintiff incorporates her motion for leave to file an amended complaint herein.

**PLAINTIFF'S CIVIL CONSPIRACY CLAIM HAS MERIT**

Defense cherry-picks from Plaintiff's Opposition and fails to read the rest of the paragraph concerning defendants' TPO filings, which clearly explain that the issues and their actions go well-beyond just simply "filing TPOs." The TPOs were filed in bad faith and with actual malice, and since Plaintiff has briefed this issue at length, she will not address it again herein. Plaintiff has already addressed defendant's argument about conspiring with itself. Plaintiff contends that Pierce acted in her individual capacity and was not acting on behalf of any clients, especially since Ms. Smith was not the subject of any lawsuit that she was involved when she was engaged in the civil conspiracy to

target Ms. Smith. Defendant again tries to revert back to hiding behind her job title as an attorney to assert that she could not conspire with clients, but the argument is incognizable as stated directly above and still fails. The Ninth Circuit has held that an attorney/s can be liable under common law torts if s/he goes beyond their proper role, and actively engages in misconduct, and the line must be drawn at the fact that Pierce's alleged "representation" of her clients did not (non-exhaustively herein) include Ms. Smith (who was never even mentioned in Mrs. Peruzar's litigation), did not include the need to distribute a confidential settlement agreement concerning Ms. Smith, did not include a need to engage in a conspiracy to maliciously target Ms. Smith, and did not include the need to attempt to insert Ms. Smith into an irrelevant and separate litigation. Defendant cannot reasonably (or possibly) argue an alternative given the facts. Thus, since defendant's only defense is to attempt to throw her legal status out in front of each claim (even when it doesn't make any sense) and it is evident that defendant was not acting a legal capacity when targeting Ms. Smith, as argued in Plaintiff's Leave to Amend Complaint, the claim of civil conspiracy is plausible.

All of Ms. Smith's existing claims and proposed new claims were further supported as probable by the evidence attached in her Opposition to the motions to dismiss, which Ms. Smith contends she should be allowed to complete discovery as the motions function as summary judgments laden with factual contentions.

**CONCLUSION**

Attorneys cannot blur the lines and hide behind privileges and exemptions when they engage in gross misconduct. For the foregoing reasons, Ms. Smith contends that Defendant's opposition to the motion for leave to amend fails and Ms. Smith should be granted leave to amend her Complaint as attached to the Opposition, including the addition of the proposed causes of action against defendant.

Dated this 29th day of August 2019

/s/ Latonia Smith
LATONIA SMITH
9748 CANYON LANDING
AVE.
LAS VEGAS, NV 89166

CERTIFICATE OF SERVICE

I certify that I am serving a true and correct copy of the attached REPLY TO OPPOSITION on the parties set forth below by:

_____ placing an original or true copy thereof in a sealed envelope with the correct prepaid postage affixed for collection and mailing in the United States Mail, at Las Vegas, Nevada.

___X___ Certified Mail, Return Receipt Requested of the document(s) listed above to the person(s) at the address(es) set forth below

_____ E-service

_____ Personal delivery through a process server of the document(s) listed above to the person(s) at the address(es) set forth below

Riley Clayton

HALL JAFFE & CLAYTON, LLP

7425 Peak Drive

Las Vegas, NV 89128

702-316-4111

rclayton@lawhjc.com

Alex Fugazzi and Michael Paretti

SNELL AND WILMER

3883 Howard Hughes Parkway Suite 1100

Las Vegas, NV 89169

702-784-5200

afugazzi@swlaw.com

mparetti@swlaw.com

/s/ Latonia Smith

Plaintiff, In Proper Person

Dated this 29th day of August 2019