LATONIA SMITH
9748 CANYON LANDING AVE
LAS VEGAS, NV 89166
725-203-2455
PLAINTIFF IN PROPER PERSON

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LATONIA SMITH,

    Plaintiff(s),

-vs-

CAESARS ENTERTAINMENT CORPORATION, a Delaware corporation; PHWLV, LLC d/b/a PLANET HOLLYWOOD RESORT AND CASINO, a Nevada limited liability company; SHANNON PIERCE; ETHAN THOMAS,

    Defendant(s).

CASE NO. 2:19-cv-00856-DJA

**REPLY TO DEFENDANT SHANNON PIERCE'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS; MOTION TO STRIKE IRRELEVANT ARGUMENTS AND EVIDENCE AND/OR SEAL THEM**

Plaintiff moves to strike **Exhibits A-D as they have nothing to do with Plaintiff's** Motion for Sanctions, **which is based on defense's May 28, 2019 filing of Plaintiff's** medical records in Federal Court. Defense is only attempting to inappropriately pack the record with one-sided evidence by attaching it onto motions that have nothing to do with the exhibits he attaches. **Defense's baseless assertion that the Plaintiff filed her medical** records publicly herself is equally vexatious and malicious, and Plaintiff requests that the court strike his baseless assertion and any references to this assertion from the

record. The court may grant a motion to strike where it injects irrelevant or immaterial evidence/arguments into any pleading. **Defense's** attitude also highlights why sanctions are warranted in this case. Mr. Alex Fugazzi (being vexatious as he has been from the start of this litigation) attaches a few pages from a deposition where a lying, unethical being and the leader of his firm (both of whom are actively avoiding service) purports statements that are outright falsities. As relayed by Mrs. Peruzar, subjects were deposed because they were actively engaged in attorney misconduct (due to Mormon relationships which reigned superior). The very fact that each statement this being gives **begins with "believes" is not surprising, as he would** have been perjuring himself otherwise. Ms. Smith has never had any such conversations with this being and has never conversated with any attorneys concerning Mrs. **Peruzar or Mrs. Peruzar's case** for any reasons. **Ms. Pierce's affidavit doesn't fall too far from the tree and it is as** believable as the U.S. debt being $0. Nevertheless, since the attached evidence and related arguments have nothing to do with the motion for sanctions before the court, Plaintiff will not address it further. The challenged statements and evidence are irrelevant, and improper, and should be stricken. In the alternative, however, they should *at minimum* be sealed to further protect Ms. Smith who has been continually maligned by those working with defendants spewing malicious accusations that are speculative and not based in any fact or reality.

**Plaintiff's motion for sanctions actually deals with defense's public filing of Plaintiff's medical records on May 28, 2019. Defense filed Plaintiff's records publicly, on** purpose, even after knowing that such records were to remain confidential and under seal since May 3, 2019. Nevada Rules Governing Sealing and Redacting Records (3)(2) governed the confidentiality of these records and the records were further sealed fully (Per Mrs. Peruzar the motion was fully granted, not granted in part as Mr. Fugazzi misrepresents to this Court). **Mr. Fugazzi's actions, publicly refiling** the records (whether

directly or indirectly) **containing Plaintiff's personal information and** then further asserting that the court take judicial notice of such records amongst other contentious documents, were done with actual malice. Fugazzi then filed the records again as a part of his frivolous emergency motion in an attempt to support his new, desperate, and erroneous argument that Ms. Smith is crazy and should not be allowed to depose his clients. His actions clearly show a blatant disregard for the rules, a lack of ethical behavior, attorney misconduct, and the fact that he is deeply (and unhealthily) emotionally involved and unhinged in this action. This court has the inherent power to sanction Mr. Fugazzi and his firm for their unethical and vexatious actions, and such **sanctions are warranted in this case to quell Mr. Fugazzi's unhinged behavior** (including up to removing Mr. Fugazzi from this case).

Pierce and her firm were also admonished by the Nevada Courts for irrelevantly **filing Plaintiff's** medical records in the public domain on purpose and with malicious intent, so Mr. Fugazzi was also under fair notice and still presented a pleading, in bad faith, containing the records for the improper purpose to harass Ms. Smith (**rule 11**). What is evident is that Mr. Fugazzi did not deny that he knew the records were confidential and under seal when he filed them publicly and *continued* to use the records in filings, and defense refused to address his actions that are at issue in **Plaintiff's** motion for terminating sanctions. In fact, **defense's own opposition (further** precluding irrelevant exhibits and arguments) illustrates why sanctions are warranted. Defense is intricately involved with his client and was aware that he could not file/use **Plaintiff's medical records.** Even after filing the records, instead of correcting the actions, defense filed the records *again* and the surrounding purposes for which **defense filed the records again clearly show that defense's only intention is to** inappropriately harass Ms. Smith; there is no doubt.

For the foregoing reasons, **and specifically Mr. Fugazzi's non**-denial of the wrongdoing and the clear fact that defense did commit the wrongdoing, Ms. Smith requests that this Court use its inherent power to grant appropriate sanctions against Mr. Fugazzi (including up to removing Mr. Fugazzi from this case).

Dated this 29th day of August 2019

/s/ Latonia Smith
LATONIA SMITH
9748 CANYON LANDING AVE.
LAS VEGAS, NV 89166

CERTIFICATE OF SERVICE

I certify that I am serving a true and correct copy of the attached REPLY TO OPPOSITION FOR SANCTIONS on the parties set forth below by:

_____  placing an original or true copy thereof in a sealed envelope with the correct prepaid postage affixed for collection and mailing in the United States Mail. at Las Vegas, Nevada.

\_\_\_X\_\_\_  Certified Mail, Return Receipt Requested of the document(s) listed above to the person(s) at the address(es) set forth below

_____  E-service

_____  Personal delivery through a process server of the document(s) listed above to the person(s) at the address(es) set forth below

Riley Clayton

HALL JAFFE & CLAYTON, LLP

7425 Peak Drive

Las Vegas, NV 89128

702-316-4111

rclayton@lawhjc.com

Alex Fugazzi and Michael Paretti

SNELL AND WILMER

3883 Howard Hughes Parkway Suite 1100

Las Vegas, NV 89169

702-784-5200

afugazzi@swlaw.com

mparetti@swlaw.com

/s/ Latonia Smith

Plaintiff, In Proper Person

Dated this 29th day of August 2019