1   Alex L. Fugazzi (Nevada Bar No. 9022)
    Michael Paretti (Nevada Bar No. 13926)
2   SNELL & WILMER L.L.P.
    3883 Howard Hughes Parkway, Suite 1100
3   Las Vegas, Nevada  89169
    Telephone:  702.784.5200
4   Facsimile:  702.784.5252
    afugazzi@swlaw.com
5   mparetti@swlaw.com

6

    *Attorneys for Defendant*
7   *Shannon Pierce*

8                  **UNITED STATES DISTRICT COURT**

9                       **DISTRICT OF NEVADA**

10

11  LATONIA SMITH,                          Case No.:     2:19-cv-00856-GMN-DJA

                        Plaintiff(s),
12

13          -vs-                            **DEFENDANT SHANNON PIERCE'S**
                                            **RESPONSE TO PLAINTIFF'S**
14  CAESARS ENTERTAINMENT                   **MOTION TO STRIKE IRRELEVANT**
    CORPORATION, a Delaware corporation;    **ARGUMENTS AND EVIDENCE**
    PHWLV, LLC d/b/a PLANET                 **AND/OR SEAL THEM**
15  HOLLYWOOD RESORT AND CASINO, a
    Nevada limited liability company;
16  SHANNON PIERCE; ETHAN THOMAS,

17                      Defendant(s).

18

19

20

21          Defendant Shannon Pierce ("Ms. Pierce"), by and through her counsel of record, Snell &

22  Wilmer L.L.P., hereby submits this Response to Plaintiff Latonia Smith's ("Ms. Smith") "Motion

23  to Strike Irrelevant Arguments and Evidence and/or Seal Them" [ECF No. 82]. [1] This Response is

24  based upon the following memorandum of points and authorities, the pleadings and papers on file

25  in this action, and any oral arguments the Court may entertain.

26  _____

27  [1] Ms. Smith filed an Omnibus Reply in Support of her Motion for Sanction [ECF No. 81] and
    Motion to Strike Irrelevant Arguments and Evidence and/or Seal Them [ECF No. 82]. The
    substance of the filings is identical. While Ms. Pierce wholly disagrees with Ms. Smith's claims
28  and arguments regarding her request for sanctions, those arguments relate to Ms. Smith's Reply in
    Support of her Motion for Sanctions, and as such, Ms. Pierce refrains from addressing them here.

                                         - 1 -

*Snell & Wilmer*
*L.L.P.*
*LAW OFFICES*
*3883 Howard Hughes Parkway, Suite 1100*
*Las Vegas, Nevada  89169*
*702.784.5200*

1

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.        INTRODUCTION AND BACKGROUND**

3        On August 23, 2019, Ms. Pierce filed a motion to strike Ms. Smith's procedurally and

4   substantively infirm Surreply to Ms. Pierce's Motions to Dismiss. *See* ECF No. 67. Since then, Ms.

5   Smith has abused this procedural remedy and has filed a motion to strike nearly all of Defendants'

6   subsequent briefs. *See* ECF No. 78 (moving to strike Ms. Pierce's Response to Ms. Smith's Motion

7   for Leave to file an amended complaint); ECF No. 80 (moving to strike Caesars Entertainment

8   Corporation, PHWLV, LLC, and Ethan Thomas's Response to Ms. Smith's Motion for Leave to

9   file an amended complaint); ECF No. 82 (moving to strike Ms. Pierce's Response to Ms. Smith's

10  Motion for Sanctions); ECF No. 50 in related Case No. 2:19-cv-00824-GMN-EJY (moving to strike

11  Fennemore Craig's Reply in Support of its Emergency Motion to Quash). Ms. Smith's Motions to

12  Strike are abusive, improper, and meritless.

13       In the instant Motion, Ms. Smith contends that "Defense's baseless assertion that the

14  Plaintiff filed her medical records publicly herself is equally vexatious and malicious, and Plaintiff

15  requests that the court strike his baseless assertion and any references to this assertion from the

16  record. The Court may grant a motion to strike where it injects irrelevant or immaterial

17  evidence/arguments into any pleading." Pl.'s Mot., ECF No. 82, at 1:26-2:2. Tellingly, Ms. Smith

18  does not cite a single case in her brief, let alone provide any authority that would warrant striking

19  Ms. Pierce's argument.

20       As discussed in detail below, Ms. Pierce's arguments and evidence are neither irrelevant

21  nor immaterial. Rather, Ms. Pierce responded to Ms. Smith's Motion for Sanctions by

22  demonstrating Ms. Smith's claims are demonstrably false. The fact that Ms. Smith herself may

23  have placed her medical records in the public domain is directly relevant to Ms. Smith's request

24  for sanctions against Ms. Pierce. And even if Ms. Smith did not publicly file her own medical

25  records, she consented to them being publicly filed by authenticating them as an exhibit. As such,

26  Ms. Smith's request to strike Ms. Pierce's "evidence/arguments" in her Response to the Motion for

27  Sanctions is baseless, and the Court should deny Ms. Smith's Motion to Strike in its entirety.

28

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
702.784.5200

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

## II.   ARGUMENT

Motions to strike are disfavored in litigation and should be granted sparingly. *Mag Instrument, v. Inc. v. JS Prod.'s Inc.*, 595 F.Supp.2d 1102, 1106 (C.D. Cal. 2008) (analyzing motion to strike affirmative defenses). While motions to strike should be used sparingly, "[t]hat does not mean that such motions are never granted, however." *Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York*, 278 F. Supp. 2d 313 (N.D. N.Y. 2003). For example, the Court should grant a Motion to Strike where a party improperly files a surreply without seeking leave of Court, as Ms. Smith did previously in this action. *See Johnson v. Nevada*, 2:14-cv-01425-GMN-PAL, 2016 WL 6156066, at *1 (D. Nev. Oct. 20, 2016) (holding that Plaintiff did not seek leave of the court to file his surreply, and therefore, the surreply was improperly filed and should be stricken from the record.); *see also* ECF No. 67.

In her Motion for Sanctions [ECF No. 58], Ms. Smith requests that the Court impose an undisclosed "sanction" upon Ms. Pierce for attaching to her Request for Judicial Notice a redacted document that sat publicly filed by or on behalf of Ms. Smith's mother for months and in unredacted form in the Eighth Judicial District Court. Here, Ms. Smith requests the Court strike Ms. Pierce's assertion that Ms. Smith filed her medical records publicly herself since she believes this contention is irrelevant or immaterial.[2] Pl.'s Mot., ECF No. 82, at 1:26-2:2. But Ms. Pierce's arguments and evidence are neither irrelevant nor immaterial.

---

[2] Ms. Smith also claims that "Fugazzi then filed the records again as a part of his frivolous emergency motion in an attempt to support his new, desperate, and erroneous argument that Ms. Smith is crazy and should not be allowed to depose his clients. His actions clearly show a blatant disregard for the rules, a lack of ethical behavior, attorney misconduct, and the fact that he is deeply (and unhealthily) emotionally involved and unhinged in this action." Ms. Smith is referring to Fennemore Craig's Emergency Motion to Quash, or in the alternative, Motion for a Protective Order, ECF No. 37 in related Case No. 2:19-cv-00824-GMN-EJY, despite her claims that the cases "do not involve common issues of fact and law." *See* ECF No. 54 at 2:10 (opposing Ms. Pierce's request to consolidate Ms. Smith's lawsuits against Ms. Pierce and Ms. Pierce's law firm, Fennemore Craig). Ms. Smith's argument is, again, demonstrably untrue. References to Ms. Smith's medical records were redacted, Ms. Smith's medical records were submitted under seal, and Fennemore Craig filed a motion to seal the records. *See* ECF No. 38 in related Case No. 2:19-cv-00824-GMN-EJY. As explained in the Emergency Motion to Quash, or in the alternative, Motion for a Protective Order, Fennemore did not reference Ms. Smith's medical records to "inappropriately harass Ms. Smith," but rather, to demonstrate Fennemore and its employees reasonably fear for their safety. *See generally*, ECF No. 37 in related Case No. 2:19-cv-00824-GMN-EJY.

1    The medical records at issue were initially publicly filed by or on behalf of Ms. Smith's

2    mother in her state court litigation against Ms. Pierce's clients, Caesars Entertainment Corporation

3    and PHWLV, LLC in Eighth Judicial District Court Case No. A-18-784032-C (the "Peruzar

4    Litigation"). As explained in Ms. Pierce's Response to the Motion for Sanctions [ECF No. 70], Mr.

5    Trout, Mrs. Peruzar's former counsel, testified that he was told that it was actually Ms. Smith who

6    drafted the two Motions for Summary Judgment on behalf of her mother that attached the medical

7    records as exhibits. ECF No. 70 at 3:4-10 (citing Mr. Trout's testimony that Ms. Smith "stated that

8    she had aided in preparing a motion for summary judgment in this [the Peruzar] case," and that "I

9    believe that in essence [Ms. Smith] drafted the motion for summary judgment."). In response to

10   Mr. Trout's testimony, Ms. Smith now adds him and an entire religion to the laundry list of

11   individuals that have allegedly behaved inappropriately. [3] *See* ECF No. 82 at 2:4-8 (referring to Mr.

12   Trout as a "lying, unethical being" who was "actively engaged in attorney misconduct (due to

13   Mormon relationships which reigned superior."). Despite being under oath in his deposition, Ms.

14   Smith claims Mr. Trout's statements are "outright falsities." ECF No. 82 at 2:6.

15   What's more, in a January 29, 2019 declaration submitted in the Peruzar Litigation, Ms.

16   Smith declared under penalty of perjury that: "I affirm that Exhibit 2 attached in this motion [the

17   January 30 Motion for Summary Judgment] is a true, accurate, and complete copy of the medical

18   record from my 11/17/17 admission to the hospital." Declaration of Latonia Smith, attached as

19   **Exhibit A** at ¶ 11. So even assuming Ms. Smith's argument that she did not draft the Motion for

20   Summary Judgment (despite her mother's former counsel's testimony) is true, Ms. Smith expressly

21   consented to and ratified her medical records being publicly filed by acknowledging them and

22   authenticating them as an exhibit to a motion publicly filed by or on behalf of her mother.

23   Finally, Ms. Smith requests, in the alternative, that Ms. Pierce's Response to the Motion for

24   Sanctions [ECF No. 70] should be "sealed to further protect Ms. Smith who has been continually

25   maligned by those working with defendants spewing malicious accusations that are speculative and

26   not based in any fact or reality." ECF No. 82, at 2:17-20. Ms. Smith presents no basis, legal or

27

28   [3] *See* ECF No. 46 in related Case No. 2:19-cv-00824-GMN-EJY at 3:11-4:13 (detailing all of the individuals Ms. Smith believes are conspiring against her or have some nefarious intent).

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

otherwise, to seal Ms. Pierce's Response to the Motion for Sanctions. Indeed, so long as Ms. Smith's Motion for Sanctions remains in the public record, so too should Ms. Pierce's Response.

### III.   CONCLUSION

For each of these reasons, Ms. Smith's Motion to Strike fails. Ms. Smith is abusing the legal system by filing meritless Motions to Strike any argument she disagrees with. The Court should not endorse Ms. Smith's behavior and should deny her Motion in its entirety.

Dated:  September 9, 2019.                     SNELL & WILMER L.L.P.


By: */s/ Michael Paretti*
Alex L. Fugazzi (NV Bar No. 9022)
Michael Paretti (NV Bar No. 13926)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
*Attorneys for Defendant Shannon Pierce*

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action.  On this date, I caused to be served a true and correct copy of the foregoing **DEFENDANT SHANNON PIERCE'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE IRRELEVANT ARGUMENTS AND EVIDENCE AND/OR SEAL THEM** by method indicated below:

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

☒ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

> Latonia Smith (*in Pro Per*)
> 9748 Canyon Landing Ave.
> Las Vegas, NV 89166
> Tel:      (702) 521-3522

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY PERSONAL DELIVERY:** by causing personal delivery by                      , a messenger service with which this firm maintains an account, of the document(s) listed above to the person(s) at the address(es) set forth below.

☒ **BY ELECTRONIC SUBMISSION:** submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

☐ **BY EMAIL:** by emailing a PDF of the document listed above to the email addresses of the individual(s) listed below.

Riley Clayton, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, NV 89128
Telephone: 702.316.4111
Facsimile: 702.316.4114
rclayton@lawhjc.com

*Attorneys for Defendant Caesars Entertainment Corporation, PHWLV, LLC dba Planet Hollywood Resort & Casino, and Ethan Thomas*

DATED this 9th day of September, 2019.

_____
An employee of SNELL & WILMER L.L.P.

- 6 -

1

**INDEX OF EXHIBITS**

| Exhibit No. | Description | No. of Pages |
|---|---|---|
| A | Declaration of Latonia Smith | 2 |

4849-2176-8611