RILEY A. CLAYTON
Nevada Bar No. 005260
rclayton@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7425 PEAK DRIVE
LAS VEGAS, NEVADA 89128
(702) 316-4111
FAX (702)316-4114

Attorneys for Defendants, *CEC, PHWLV, LLC;*
*Ethan Thomas*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LATONIA SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>CAESARS ENTERTAINMENT CORPORATION a Delaware corporation; PHWLV, LLC d/b/a PLANET HOLLYWOOD RESORT AND CASINO, a Nevada limited liability company; SHANNON PIERCE; ETHAN THOMAS<br><br>Defendants. | CASE NO.:   2:19-cv-00856-GMN-DJA<br><br>**DEFENDANTS', CAESARS ENTERTAINMENT CORPORATION'S; PHWLV, LLC d/b/a PLANET HOLLYWOOD RESORT AND CASINO'S; AND ETHAN THOMAS', OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE NEW/IRRELEVANT ARGUMENTS/CASE LAW SPECIFIC TO ANTI-SLAPP MOTIONS (ECF NO. 80)** |

Defendants, Caesars Entertainment Corporation ("CEC"),  PHWLV, LLC d/b/a Planet Hollywood Resort And Casino ("PHWLV"), and Ethan Thomas ("Mr. Thomas") (collectively referred to as "PHW"), by and through their counsel of record, Hall Jaffe & Clayton, LLP, hereby file this Opposition to Plaintiff's Motion to Strike New/Irrelevant Arguments/Case Law Specific to Anti-SLAPP Motions (ECF No. 80).

Plaintiff's "Motion to Strike" should be denied because such a procedure is generally disfavored, and even more so in this case, when PHW cannot even ascertain from Plaintiff's confusing document (ECF 80) what, exactly, she is intending to have stricken.  By failing to even reference what Plaintiff intends to have "stricken," coupled with the fact that Plaintiff provides no legal support for such a request, this Court should deny Plaintiff's Motion to Strike.

This Opposition is made and based upon the pleadings and papers on file herein, the following memorandum of points and authorities, and any oral argument allowed at the time of hearing on this matter.

<strong>M E M O R A N D U M   O F   P O I N T S   A N D   A U T H O R I T I E S</strong>

**I.    LEGAL ARGUMENT**

   **A.    Brief Factual Overview Relevant to the Motion to Strike (ECF 80).**

Given the never-ending barrage of recent court filings submitted by Plaintiff, including Plaintiff's one-sided, but erroneous, recitation of the history of these interrelated cases in Plaintiff's Motion to Strike (ECF 80, pp. 1-2), PHW understands that the Court is intimately familiar with this general background of this case; thus, PHW will not reiterate the background facts of this case here.  Suffice it to say that PHW vehemently disagrees with Plaintiff's version of events.  However, for purposes of the instant Motion to Strike, PHW must point out that Plaintiff only provided this Court with a total of three sentences in her brief in support of her request that certain arguments and case law relating to the SLAPP lawsuit be stricken.  The entirety of Plaintiff's position is captured in the following excerpt:

> Defense also argues again, even inserting new arguments, that Plaintiff's lawsuit is a SLAPP lawsuit.  Since Plaintiff has already addressed this argument, including the ways in which defendants have failed to meet all prongs in categorizing Ms. Smith's suit as a SLAPP suit, in depth, in her Opposition to the motion to dismiss, Plaintiff will not readdress the argument herein.  In fact, Ms. Smith moves to strike defense's new arguments/attached case law concerning references to the SLAPP suit as it is irrelevant to Plaintiff's Motion for Leave to Amend her Complaint and is only being used by defense to add on to their earlier Motion to Dismiss.

(ECF 80, p. 3:1-7).  Notably, Plaintiff does not identify a single citation to a filed document where PHW purportedly inserted "new arguments" or "attached case law" concerning Plaintiff's SLAPP suit.  (ECF 80).  Likewise, Plaintiff does not cite a single case, statute, or rule in her Motion to Strike to support her request to strike PHW's arguments or case law.  *Id.*  Thus, because Plaintiff's Motion to Strike is completely devoid of any factual substance or legal reasoning to support her request, the Court should readily conclude that the Motion to Strike lacks merit, and should be denied.  *See e.g., Mag Instrument, Inc. v. JS Prod.'s, Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008)(holding that motions to strike are disfavored and should be granted sparingly).

**B.     PHW's Opposition to Plaintiff's Cross Motion for Leave to Amend (ECF 69) Properly Addresses Plaintiff's Motion To Amend, And All Arguments And Legal Authority Cited Therein Are Appropriate.**

In light of Plaintiff's suggestion that PHW purportedly made "new arguments" or cited to "irrelevant case law" in opposing Plaintiff's Motion for Leave to Amend, PHW has carefully reviewed its prior brief (ECF 69) and can affirm, unequivocally and without hesitation, that the points and authorities submitted therewith are factually accurate and legally supported.  Indeed, there is nothing in PHW's Opposition to the Motion for Leave to Amend that can, in any way, be characterized as improperly presenting "new arguments" or "irrelevant case law."  Rather, PHW's opposition to the motion for leave to amend is meritorious because Plaintiff's proposed amended complaint: (1) violates Nevada's Anti-SLAPP statute and Nevada's absolute litigation privilege; and (2) her additional/new claims for "civil conspiracy" and "breach of confidentiality" are futile because they fail to assert cognizable claims under Nevada law.  *See e.g., Gotham v. World Sav. Bank, FSB*, 2011 WL 4761406, *2 (D. Nev. 2011) citing *Forman v. Davis*, 371 U.S. 178, 172 (1962)(holding that a motion for leave to amend may be denied when, among other things, a proposed amended complaint is futile).

Indeed, PHW, like any party opposing a motion for leave to amend, must demonstrate how/why the proffered claims are either defective in light of an outright legal defense (e.g., in violation of a statute of limitations or, like here, in violation of Nevada's Anti-SLAPP statute and Nevada's absolute litigation privilege), or through pointing out how the specific allegations in the complaint fail to assert cognizable claims.  This is exactly what PHW did here, and why its Opposition to the Motion for Leave to Amend cannot, in any way, be characterized as improperly raising "new arguments" or asserting "irrelevant case law."

To conserve time and judicial resources, PHW will simply refer this Court to is Opposition to the Cross Motion for Leave to Amend (ECF 60) and let the brief speak for itself.  Upon reviewing that document, if necessary, this Court should conclude that Plaintiff's Motion to Strike is improper and should be denied.

/ / /

/ / /

1

**III.    CONCLUSION**

2

By failing to even reference what Plaintiff intends to have "stricken," coupled with the fact that

3

Plaintiff provides no legal support for such a request, this Court should deny Plaintiff's Motion to Strike.

4

Dated this 12th day of September, 2019.

5

HALL JAFFE & CLAYTON, LLP

6

7

By /s/ Riley A. Clayton
       RILEY A. CLAYTON

8

       Nevada Bar No. 005260
       7425 Peak Drive

9

       Las Vegas, Nevada 89128
       Attorneys for Defendants, *CEC*; *PHWLV, LLC*;

10

       *Ethan Thomas*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5(b) of the Federal Rule of Procedure, I hereby certify under penalty of perjury that I am an employee of HALL JAFFE & CLAYTON, LLP, and that on the 12th day September, 2019, the foregoing **DEFENDANTS', CAESARS ENTERTAINMENT CORPORATION'S; PHWLV, LLC d/b/a PLANET HOLLYWOOD RESORT AND CASINO'S; AND ETHAN THOMAS', OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE NEW/IRRELEVANT ARGUMENTS/CASE LAW SPECIFIC TO ANTI-SLAPP MOTIONS (ECF NO. 80)** was served upon the parties via the Court's CM/ECF e-filing and service program, and via U.S. Mail, addressed as follows, noting that Plaintiff is in proper person:

Latonia Smith
9748 Canyon Landing Ave.
Las Vegas, NV 89166
*Plaintiff in Proper Person*

Alex Fugazzi, Esq.
SNELL & WILMER
3883 S. Howard Hughes Pkwy., Unit 1100
Las Vegas, Nevada, 89198
*Attorney for Shannon Pierce*

/s/ Joann DeJonge

_____
An Employee of
HALL JAFFE & CLAYTON, LLP