LATONIA SMITH
9748 CANYON LANDING AVE.
LAS VEGAS, NV 89166
725-203-2455
PLAINTIFF IN PROPER PERSON

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

LATONIA SMITH,

          Plaintiff(s),

-vs-

CAESARS ENTERTAINMENT CORPORATION, a Delaware corporation; PHWLV, LLC d/b/a PLANET HOLLYWOOD RESORT AND CASINO, a Nevada limited liability company; SHANNON PIERCE; ETHAN THOMAS

          Defendant(s).

CASE NO. 2:19-CV-00856-GMN-NJK

**EXPEDITED HEARING REQUESTED**

## MOTION TO EXPEDITE HEARING ON PLAINTIFF'S MOTION TO REMAND/EXTRADITE ACTION TO STATE COURT

### MEMORANDUM OF POINTS AND AUTHORITIES

The Court took issue with Plaintiff's motion being categorized as an "emergency" because of some robotic rules that allow them to consider whether or not something is an emergency. The Court stated that they do not see the motion as an emergency, which is not a surprise (of course they don't because they are aiding defendants as they always have been). Nevertheless, Plaintiff files a "regular" motion in addition to the emergency motion, for the record.

Also, if the Plaintiff's motion was actually read, it would have been clear that the Plaintiff stated the Court is allowing defendants time to delete and alter evidence/testimony, which is a fact (and Plaintiff stated Rule 1 allows for speedy determination *except* for where stated in rule 81) (emphasis added). The Court's jump to attacking the Plaintiff by stating that she can't produce any evidence of such, only highlights their own guilt. Despite the previous facts, the point of Plaintiff's motion was not addressed, which is that the Court has, unjustly, held Plaintiff's case captive for four months. There is only one issue surrounding the motion to remand and that has to do with Plaintiff's cause of action concerning CEC/PHWLV's ban. It is clear that Plaintiff brought the cause of action specifically due to state statutes (three in specific). It makes absolutely no sense that the Court finds time to attack the Plaintiff about evidence and issue other rulings but cannot remand the action to the proper court. In fact, the only reasoning for such a drawn-out process is exactly what the Plaintiff stated in motion—aiding defendants. Patience with this Court is wearing thin.

The following is a refiling:

It is clear that based on the legal standards in this district and the Ninth Circuit that this action has been improperly placed before this Court by defendants, and that is not this Court's fault. However, it is even more clear that the court is delaying remanding this action to aide defendants in their pending actions and prejudice Plaintiff by not allowing her to move forward with critical discovery in the proper court, and that is this Court's fault because the Court is now actively attempting to stall discovery and infringe on Plaintiff's rights to a just and speedy resolution of the case matters, which Plaintiff strongly believe are meritorious against defendants. The Court's aide of defendants has actually allowed defendants time to delete and alter evidence, unethically influence witness testimony, and continually impose and enact blatantly racist bans that should have no place in our society.

On May 23, 2019, Plaintiff filed a motion to have this case remanded back to state court and for defendants to pay all fees associated with the remand on the basis that defendants improperly removed the case. Defendants cite that they moved for removal because the Plaintiff pleaded a federal cause of action, which is blatantly false. In fact, the claim in which defendants reference cite that the claim is specifically being brought pursuant to three state statutes which provide additional relief for Plaintiff under the statutes. The mere fact that Plaintiff mentions a federal statute that was also violated by defendants is not grounds for removal and a simple reading of the Plaintiff's suit make it clear that the Plaintiff had no intentions of having the case in federal court or pursuing any federal claims. As this is the only contention regarding whether or not the case should be before a Federal Court and case law/statutes already support that this case should be remanded, it is unacceptable that the Court has still chosen to imprison this suit in the Federal Court system for four months (and intends to imprison it for even longer).

The first rule of the Federal Rules of Civil Procedure state "these rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." The notes of the advisory committee in the 1993 amendment to add the words "and administered" to the second sentence, recognized the affirmative duty of the court to exercise the authority conferred by these rules to ensure that civil litigation is resolved not only fairly, but also without undue cost or delay. In that regards, this Court has failed to adhere to the very first rule of Federal Civil Procedure by unduly delaying the remand of this action back to State court in which it was filed. For that reason, the Plaintiff moves on an emergency basis for this court to look at the single issue and make the determination for a remand (as it is clear that defendants'

arguments concerning removal fail according to the Ninth Circuit and this district). The issue is not so extensive as to require that the court hold captive Plaintiff's lawsuit, frankly and respectfully. So, Plaintiff appreciates your time and attention to these important concerns and requests that this judicial body work to eliminate the biases which pervade it. Will be filing a writ next (e yerd/)

Dated this 14th day of October 2019.

/s/ Latonia Smith
LATONIA SMITH
9748 CANYON LANDING AVE
LAS VEGAS, NV 89166

**CERTIFICATE OF SERVICE**

I certify that I am serving a true and correct copy of the MOTION TO EXPEDITE HEARING ON PLAINTIFF'S MOTION TO REMAND/EXTRADITE ACTION TO STATE COURT on the parties set forth below by:

_____ placing an original or true copy thereof in a sealed envelope with the correct prepaid postage affixed for collection and mailing in the United States Mail, at Las Vegas, Nevada.

\_\_\_\_X\_\_\_ Certified Mail, Return Receipt Requested of the document(s) listed above to the person(s) at the address(es) set forth below

_____ E-service

_____ Personal delivery through a process server of the document(s) listed above to the person(s) at the address(es) set forth below

Riley Clayton

HALL JAFFE & CLAYTON, LLP

7425 Peak Drive

Las Vegas, NV 89128

702-316-4111

rclayton@lawhjc.com

Alex Fugazzi and Michael Paretti

SNELL AND WILMER

3883 Howard Hughes Parkway Suite 1100

Las Vegas, NV 89169

702-784-5200

afugazzi@swlaw.com

mparetti@swlaw.com

/s/ Latonia Smith

Plaintiff, In Proper Person

Dated this 14TH day of October 2019