LATONIA SMITH
9748 CANYON LANDING AVE.
LAS VEGAS, NV 89166
725-203-2455
PLAINTIFF IN PROPER PERSON

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LATONIA SMITH,

         Plaintiff(s),

-vs-

CAESARS ENTERTAINMENT CORPORATION, a Delaware corporation; PHWLV, LLC d/b/a PLANET HOLLYWOOD RESORT AND CASINO, a Nevada limited liability company; SHANNON PIERCE; ETHAN THOMAS

         Defendant(s).

CASE NO. 2:19-cv-00856-GMN-NJK

## OBJECTIONS AND MOTION FOR NEW REVIEW

OBJECTIONS TO ANY ORDERS PUT OUT IN SMITH V. CEC, PHWLV, SHANNON PIERCE, AND ETHAN THOMAS BY PRIOR JUDGES; OBJECTIONS TO ORDER RECEIVED BY NJK TO GRANT DEFENDANTS' STAY DISCOVERY; OBJECTIONS TO ORDER RECEIVED BY NJK TO DENY PLAINTIFF'S STAY OF PROCEEDINGS

    Defense sent Plaintiff correspondence suggesting that there were orders put out in this specific case by prior judges. Plaintiff objects to any such orders on the basis that this Court failed to serve Plaintiff with any such orders from prior judges in this case.

Plaintiff's "received" documents are carefully documented upon receipt and none of the prior judges (thus far) sent any orders to Plaintiff concerning this case to allow Plaintiff to review and comment if necessary. This disreputable Court is actively withholding correspondence from Plaintiff and engaging in ex-parte communications with defendants, which is judicial/attorney ethics violations. And just as another example of this fact, Plaintiff received correspondence from the deplorable Fugazzi on October 26, 2019 about a twelve-page order that he got from the dishonorable Youchah. Plaintiff never received any such twelve-page correspondence from this lady, and it is evident that defendants and the Court are engaging in ex-parte communications/having side communications about the case without Plaintiff, which is also not shocking given that this Court is just another arm of defendants' defense team. The Court is also getting confused with their own docket and correspondence, which is just another prime reason why Plaintiff has opposed any combination of the cases and has motioned for this case to be returned to the correct jurisdiction—Eighth Judicial District Court—under Judge Jerry Wiese (whenever this judiciary gets their heads from out of their own piss filled toilets).

As a preliminary matter, Plaintiff objects to white judges[1], like the ignoble Koppe, overseeing this case as they are, simply, psychologically incapable of any type of unbiased decisions as evidenced in their own biased writings and unilateral correspondence with defendants. Specifically, this third, new, corrupt judge's orders, denying Plaintiff's stay and granting an unserved stay motion by defense illustrate that she is mentally incapable of being impartial and handicapped by the same white supremacist mentality held by vile whites in this country. As another preliminary matter, Plaintiff also requested that any motions in this case be set for hearing so, even still,

---

[1] And, yes, Plaintiff is highly sick of you old, out-of-touch, racist, pathetic, white judges in this entire district.

Plaintiff could have responded to any of defense's unserved assertions in Court. One cannot respond to unserved papers.

The truth is that Koppe and this court simply don't want to remand Plaintiff's case so that Plaintiff can proceed in the case as they are actively assisting defendants, which is why Koppe and this Court have continued to tend to other things and other decisions, such as writing a myriad of letters to Plaintiff stating (one in particular) that they would not hear Plaintiff's emergency motion for remand and, most recently, that they do not agree with Plaintiff's motion to stay proceedings, while sitting on Plaintiff's uncontested motion to remand which encapsulates a single issue—the racist ban of Plaintiff from a public establishment—that was brought specifically pursuant to the Nevada Revised Statutes. And, the only reason why this Court has still held on to this case so defendants can uphold such a ban is because it is mostly filled with the same white supremacists that instituted the ban in the first place. Quite frankly, this KKK Kangaroo Court has no rights to this case.

Moreover, Plaintiff objects to the dishonorable NJK's order issued granting the defendant Shannon Pierce's stay for discovery because, again, Plaintiff did not receive any such motions from Shannon Pierce nor any correspondence on such a motion in this case. Hence, Plaintiff cannot respond to unreceived motions. Again, Plaintiff's receipt of documents from defense are carefully documented, no such documents were received from parties, and defense has purposefully failed to send Plaintiff motions in the past (and even worse lie about sending the motion while taking a picture of the motion still in their possession as an exhibit...idiots). Although Plaintiff motioned for the case to be stayed pending the predictable and imminent remand to state court of the action, Plaintiff has not received/read any arguments presented in defense's motion to stay discovery in order to respond to any such arguments. Further, Plaintiff disagrees with NJK's logic in reaching the decision for defendants' motion and the basis on which

she reached the decision (at least as stated in the order she sent to Plaintiff; she may have communicated differently with defendants since it is known that this Court is engaging in ex-parte communications). Due to the fact that Plaintiff's case belongs in State Court and the fact that this court has no jurisdiction over Plaintiff's case, NJK's ruling that discovery should be stayed pending a ruling on defendants' motions to dismiss is erroneous. The motion to remand was made first (in the very early stage of this litigation), defendants did not properly oppose the motion, and as such any "decisions" made by NJK are based on a resolution of Plaintiff's Motion to Remand, which is dispositive in and of itself (every court of appeals that has considered the question of remand has held that a remand motion is treated as dispositive). In other words, defendants' motions to dismiss are irrelevant given the facts of this case (specifically, that Plaintiff's lawsuit is valid--defendants committed defamation, amongst other things, and abuses of the legal system for which there are remedies under the law; they are not covered by any protections simply because of career titles and certainly not when misconduct is evident—and defendants' removal of the case was erroneous as Plaintiff's claims are all state claims and Plaintiff chose the correct venue/jurisdiction to handle such claims). For the love of god would you people cease your stalling antics and remand the case back so that Plaintiff no longer has to deal with you animals concerning this case.

The Court is very well aware of the fact that they have no jurisdiction over Plaintiff's case but chooses to hold on to Plaintiff's case for their own selfish, unethical reasons (again, another reason why this court has continued to write other correspondences without remanding Plaintiff's case).

Plaintiff objects to the dishonorable NJK's order issued denying Plaintiff's motion to stay proceedings because her logic/judgment is simply erroneous, clearly clouded by bias (because she does not want to admit that Plaintiff was correct in seeking a stay

pending a remand, which should be ordered first and should have been ordered a long time ago, but chose to issue a stay pending defendants' motion to dismiss...they are both dispositive and Plaintiff's motion for remand is likely to be more successful than defendants motions to dismiss which should not even be heard in this district court), and contradicted by case law (*Mark Pierce v. Atlantic Specialty Insurance* 1:16-cv-00829-JAP-KBM; 215). In fact, NJK refuses to stay proceedings so she can continue tending to other items/making unethical rulings while sitting on Plaintiff's remand motion and holding onto Plaintiff's case so that defendants can continue to delay and derail this case. Plaintiff's request to stay proceedings is based on the issue of venue and jurisdiction, which are indeed grounds for a stay of proceedings as it is dispositive of the case in the Federal Court system and many courts in the Ninth Circuit has made this ruling (as just one example above)

    Furthermore, the Ninth Circuit's rationale and holdings clearly indicate that Plaintiff's case should have been remanded immediately. There are no valid arguments for removal and this Court's holding of Plaintiff's case so that she cannot proceed in court is a clear violation of Plaintiff's rights. It is evident that this Court is assisting defendants just by their very own actions. "The existence of federal jurisdiction on removal must be determined from the face of the plaintiff's complaint." *Salveson v. W. States Bankcard Ass'n*, 731 1423, 1426-27 (9th Cir. 1984). There cannot be any doubts as to whether jurisdiction exists (*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). ("Underlying these principles is the rationale that a *plaintiff should be free to frame and pursue his theory of pleading*, especially if the claim could be either or both state and federal." *Id.* (quoting The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913) (emphasis added). Specifically, reiterated, there are no issues as to which Court holds jurisdiction (it's clearly not this one). Plaintiff's claim against CEC/PHWLV's ban was pursuant to the specified Nevada Revised Statutes laid out therein and Plaintiff filed her

lawsuit in State Court, not Federal. The removal was clearly unwarranted and used as a delay tactic by defendants. Plaintiff reserves all rights to seek

Further since this court and defendants have issues with providing correspondence to Plaintiff and the Court only provides correspondence to defense (unsurprisingly), Plaintiff requests that all correspondence be available for Plaintiff to pick-up from the clerk on Mondays and/or that all correspondence be sent via certified mail for Plaintiff's signature upon receipt because you are all, quite frankly, in the same business of lying and corruption. **Plaintiff will be seeking correspondence on this issue in particular as it is a prejudice to Plaintiff for the Court to engage in ex-parte communications/ provide communications to defendants sans Plaintiff, to rule on motions that have not been served, and to issue orders and only serve them to defendants. As such, Plaintiff requests a new review and hearing on all motions/orders in this case.**

Thank you for your time and attention to Plaintiff's objections to be preserved for review by a panel other than yourselves. You are all full of shit. Sincerely.

Dated this 26th day of October 2019

/s/ Latonia Smith
LATONIA SMITH
9748 CANYON LANDING AVE.
LAS VEGAS, NV 89166

## CERTIFICATE OF SERVICE

I certify that I am serving a true and correct copy of the OBJECTIONS on the parties set forth below by:

_____   placing an original or true copy thereof in a sealed envelope with the correct prepaid postage affixed for collection and mailing in the United States Mail, at Las Vegas, Nevada.

____X____   Certified Mail, Return Receipt Requested of the document(s) listed above to the person(s) at the address(es) set forth below

_____   E-service

_____   Personal delivery through a process server of the document(s) listed above to the person(s) at the address(es) set forth below

Riley Clayton

HALL JAFFE & CLAYTON, LLP

7425 Peak Drive

Las Vegas, NV 89128

702-316-4111

rclayton@lawhjc.com

Alex Fugazzi and Michael Paretti

SNELL AND WILMER

3883 Howard Hughes Parkway Suite 1100

Las Vegas, NV 89169

702-784-5200

afugazzi@swlaw.com

mparetti@swlaw.com

/s/ Latonia Smith

Plaintiff, In Proper Person

Dated this 26TH day of October 2019