1  RILEY A. CLAYTON
   Nevada Bar No. 005260
2  rclayton@lawhjc.com

3  **HALL JAFFE & CLAYTON, LLP**
   7425 PEAK DRIVE
4  LAS VEGAS, NEVADA 89128
   (702) 316-4111
5  FAX (702)316-4114

6  Attorneys for Defendants,
   *Caesars Entertainment Corporation &*
7  *PHWLV, LLC dba Planet Hollywood Resort & Casino*
   *Ethan Thomas*

8
                    **UNITED STATES DISTRICT COURT**
9
                          **DISTRICT OF NEVADA**
10

11 | LATONIA SMITH,                          | CASE NO.:  2:19-cv-00856-GMN-NJK |
12 |                  Plaintiff,             |                                  |
13 | vs.                                     | **DEFENDANTS, CAESARS ENTERTAINMENT CORPORATION'S, PHWLV, LLC D/B/A PLANET HOLLYWOOD RESORT AND CASINO'S, AND ETHAN THOMAS', OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE HEARING ON PLAINTIFF'S MOTION TO REMAND/EXTRADITE ACTION TO STATE COURT (ECF NO. 92)** |
14 | CAESARS ENTERTAINMENT CORPORATION a Delaware corporation; PHWLV, LLC d/b/a PLANET HOLLYWOOD RESORT AND CASINO, a Nevada limited liability company; SHANNON PIERCE; ETHAN THOMAS |
15 |
16 |
17 |                  Defendants.            |
18

19    Defendants, Caesars Entertainment Corporation ("CEC"), PHWLV, LLC d/b/a Planet
20 Hollywood Resort and Casino ("PHWLV"), and Ethan Thomas ("Thomas"), (hereinafter, CEC,
21 PHWLV and Thomas are collectively referred to as "Defendants"), by and through their counsel of
22 record, Hall Jaffe & Clayton, LLP, hereby file their Opposition To Plaintiff's Motion To Expedite
23 Hearing on Plaintiff's Motion To Remand/Extradite Action To State Court (ECF NO. 92).

As set forth below, Plaintiff's Motion To Expedite should be denied because Plaintiff falsely: (1) attempts to push this Court towards its own recusal by making wholly unsupported and improper allegations against the Court about being "biased" in favor of the Defendants; (2) claims that Defendants are destroying or altering evidence while motions are pending and discovery is stayed; and (3) argues she would be prejudiced if this motion is granted. Because these representations are improper and inaccurate, Defendants request that this Court deny Plaintiff's Motion to Expedite (ECF No. 92).

This Opposition is made and based upon the pleadings and papers on file herein, the following memorandum of points and authorities, and any oral argument allowed at the time of hearing on this matter.

DATED this 28th day of October, 2019.

HALL JAFFE & CLAYTON, LLP

By _____
RILEY A. CLAYTON
Nevada Bar No. 005260
7425 Peak Drive
Las Vegas, Nevada 89128
Attorneys for Defendants, *Caesars Entertainment Corporation*; *PHWLV, LLC dba Planet Hollywood Resort & Casino*; *Ethan Thomas*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND RELEVANT PROCEDURAL HISTORY

The Court and the parties are quite familiar with this case. It seems like every day the Plaintiff files another motion and makes some claim of "bias," some new veiled threat (in this motion, "Patience with this Court is wearing thin."), or wholly disrespects this Court's authority (in this motion, "Will be filing a writ next (eyeroll))." Unfortunately, the Defendants now must implore this Court to use its inherent authority to start issuing sanctions, if for no other reason than to deter the Plaintiff's blatant attempt at smearing this Court, perhaps in the form of sternly warning the Plaintiff that it will start ordering the Plaintiff to pay the Defendants' costs and attorneys' fees for responding to any motion that it finds legally and/or factually baseless. *See, e.g., Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001).

Briefly, this case involves an unwarranted, retaliatory lawsuit filed by Plaintiff against her mother's former employer, PWHLV; the ultimate holding company for that employer, CEC; and the lawyers who represented those entities in litigation filed by Plaintiff's mother, Ms. Pierce and Mr. Thomas (Mr. Thomas was in-house counsel, managing the litigation for Caesars Entertainment entities). Although Plaintiff filed this matter in state court, it was subsequently removed to federal court based on federal question jurisdiction. On May 23, 2019, Plaintiff filed a Motion to Remand (ECF No. 9), which is currently pending before this Court. Other dispositive motions have been filed by the Defendants, and the Court has stayed discovery pending the resolution of those motions.

On October 7, 2019, Plaintiff filed an Emergency Motion (ECF No. 88) to Expedite Hearing on Plaintiff's Motion to Remand (ECF No. 9). On October 11, 2019, the Court issued a Minute Order in Chambers (ECF No. 91), denying Plaintiff's Emergency Motion to Expedite Hearing on Plaintiff's Motion to Remand (ECF No. 88). The Court noted that Plaintiff's Emergency Motion (ECF No. 88) complained that the Court had not ruled on her Motion for four months in violation of FRCP 81's "guarantee of a speedy determination" of the action; and claimed, without evidence, that the delay had "allowed defendants to delete and alter evidence" and "unethically influence witness testimony." The Court found that Plaintiff had not demonstrated the existence of an emergency, and denied her Emergency Motion (ECF No. 88). Following the Court's denial of that Motion, Plaintiff filed essentially the same motion again, but as a non-emergency Motion to Expedite Hearing (ECF No. 92). Defendants now submit this Opposition.

## II.    LEGAL ARGUMENT

### A. Plaintiff's Motion Should Be Denied Because Plaintiff is Attempting to Poison the Court With Inflammatory Vitriol in an Effort To Have This Matter Remanded To State Court.

As noted above, Plaintiff's Motion to Expedite (ECF No. 92) is not substantially different from her previous Emergency Motion (ECF No. 88), which this Court denied, except that it contains additional inflammatory allegations directed at the Court, including that the Court is "aiding defendants as they always have been," implying that the Court had not actually read Plaintiff's Emergency Motion, and complaining that "the Court finds time to attack Plaintiff about evidence and issue other rulings but cannot remand the action to the proper court." Unbelievably, Plaintiff ends her Motion to Expedite

(ECF No. 92) with a handwritten note that she "will be filing a writ next" followed by an "(eyeroll)." It is clear that Plaintiff is attempting to be as vitriolic as possible in hopes that this Court will either recuse itself from the case given the inflammatory (albeit erroneous) attacks, or expedite its consideration of Plaintiff's Motion to Remand, with the hopes that it will be sent to state court, even though Plaintiff's Amended Complaint states a federal cause of action, which sufficiently supports its subject matter jurisdiction in this Court. Such inflammatory comments and improper tactics should not persuade this Court to consider recusal, or prompt this Court to expedite its consideration of the motion for remand with the hopes that, by doing so, the Court can absolve itself of any future involvement with Plaintiff. Rather, Defendants request that the Court decide the motions in ordinary course. Therefore, Defendants request that this Court deny Plaintiff's Motion to Expedite.

### B. Plaintiff's Motion Should Be Denied Because It Is Based On False Allegations Against Defendants Regarding Destruction of Evidence.

As in her previous Emergency Motion (ECF No. 88), Plaintiff is alleging that, by not ruling on her Motion to Remand (ECF No. 9), "the Court is allowing Defendants time to delete and alter evidence/testimony." In denying Plaintiff's Emergency Motion (ECF No. 88), the Court noted that Plaintiff's claims in this regard were without evidence. Nonetheless, Plaintiff has reiterated those same claims in her Motion to Expedite (ECF No. 92), still in the absence of any evidence. More importantly, Defendants affirm that Plaintiff could produce no supporting evidence to support her position because Defendants are not deleting and/or altering any evidence or testimony. Defendants are cognizant of their obligation to preserve evidence, and are compliant with that obligation. Therefore, because the premise on which Plaintiff bases her request for an expedited hearing is without merit, Plaintiff's Motion to Expedite should be denied.

### C. As Discovery Has Been Stayed, There Is No Prejudice To Plaintiff That Would Warrant an Expedited Hearing on Plaintiff's Motion to Remand.

Finally, Plaintiff argues that she is being prejudiced because the motion for remand has not been resolved. Because discovery has been stayed pending the outcome of that and other potentially case dispositive motions, there is no prejudice to any party. All things will remain status quo until the motions are decided. Therefore, this argument does not support Plaintiff's position, and her motion for an expedited decision on the motion to remand should be denied.

III. **CONCLUSION**

Plaintiff's Motion To Expedite (ECF No. 92) should be denied.

DATED this 28th day of October, 2019.

HALL JAFFE & CLAYTON, LLP

By /s/ Riley A. Clayton
RILEY A. CLAYTON
Nevada Bar No. 005260
7425 Peak Drive
Las Vegas, Nevada 89128
Attorneys for Defendants, *Caesars Entertainment Corporation; PHWLV, LLC dba Planet Hollywood Resort & Casino; Ethan Thomas*

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5(b) of the Federal Rule of Procedure, I hereby certify under penalty of perjury that I am an employee of HALL JAFFE & CLAYTON, LLP, and that on the 28th day October, 2019, the foregoing **DEFENDANTS, CAESARS ENTERTAINMENT CORPORATION'S, PHWLV, LLC D/B/A PLANET HOLLYWOOD RESORT AND CASINO'S, AND ETHAN THOMAS', OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE HEARING ON PLAINTIFF'S MOTION TO REMAND/EXTRADITE ACTION TO STATE COURT (ECF NO. 92)** was served upon the parties via the Court's CM/ECF e-filing and service program, and via U.S. Mail, addressed as follows, noting that Plaintiff is in proper person:

Latonia Smith
9748 Canyon Landing Ave.
Las Vegas, NV 89166
***Plaintiff in Proper Person***

Alex L. Fugazzi, Esq.
Michael Paretti
SNELL & WILMER, LLP
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Attorneys for Defendant
*SHANNON PIERCE*

_____
An Employee of
HALL JAFFE & CLAYTON, LLP