# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LATONIA SMITH,

        Plaintiff,

vs.

CAESARS ENTERTAINMENT CORPORATION, *et al.*,

        Defendants.

Case No.: 2:19-cv-00856-GMN-NJK

**ORDER**

Pending before the Court are the Motions to Dismiss, (ECF Nos. 11, 12, 14, 16), filed by Defendants Caesars Entertainment Corporation ("Caesars") d/b/a Planet Hollywood Resort and Casino ("Planet Hollywood"), Ethan Thomas ("Thomas"), and Shannon Pierce ("Pierce") (collectively "Defendants"). Plaintiff Latonia Smith ("Plaintiff") filed Responses, (ECF Nos. 50, 55), and Defendants filed Replies, (ECF Nos. 60, 61, 63).[1]

Also pending before the Court is Defendants' Motion to Consolidate Cases, (ECF No. 48). Plaintiff filed Responses, (ECF Nos. 54, 59), and Defendants filed Replies, (ECF Nos. 62, 65).

For the reasons discussed below, the Court **GRANTS in part and DENIES in part**, **without prejudice**, Defendants' Motions to Dismiss and **DENIES without prejudice** Defendants' Motion to Consolidate.

---

[1] Plaintiff filed a Surreply, (ECF No. 66), to Defendants' Replies for their Motions to Dismiss, but Plaintiff did so without leave of the Court and in violation of this District's Local Rule 7-2(b). The Court accordingly **GRANTS** Defendant Pierce's Motion to Strike Plaintiff's Surreply, (ECF No. 67), and **DENIES** Plaintiff's Cross-Motion to Allow the Surreply, (ECF No. 73).

## I. BACKGROUND

In November 2017, Caesars and Planet Hollywood suspended and then terminated Plaintiff's mother, Annecer Peruzar, from employment as a Guest Room Attendant at their hotels. (First Am. Compl. ("FAC") ¶¶ 1–3, ECF No. 1-1). Caesars and Planet Hollywood took these actions against Peruzar for stealing a tip left in a guest's hotel room, though Plaintiff alleges the termination arose from Peruzar's African American status and a disdain for Plaintiff. (*Id.* ¶ 20).

Following Peruzar's termination, Caesars and Planet Hollywood began receiving "hateful messages" under the guise of various aliases "pretending to be the 'children of Mrs. Peruzar.'" (*Id.* ¶ 22). Plaintiff alleges that, based on the erroneous belief that these messages came from Plaintiff and Peruzar's other children, Caesars and Planet Hollywood began spreading false information about Plaintiff and accusing her of various crimes. (*Id.* ¶¶ 23–24).

Plaintiff states that Caesars and Planet Hollywood eventually brought a lawsuit against Plaintiff in March 2018 to further harass and retaliate against her. (*Id.* ¶¶ 29, 81–86). As an example of this retaliation, Plaintiff alleges that Caesars and Planet Hollywood sought temporary protective orders against her based on a "personal, non-threatening letter" that she sent through Facebook to the CEO of Caesars concerning her mother's termination and the false accusations. (*Id.* ¶¶ 25, 29). This lawsuit against Plaintiff resulted in a confidential settlement; but, according to Plaintiff, Defendants continued to assert false allegations against her. (*Id.* ¶ 33).

Plaintiff also alleges that when Peruzar filed her own lawsuit against Caesars and Planet Hollywood based on her termination, Shannon Pierce and Ethan Thomas (as attorneys for Caesars and Planet Hollywood) engaged in retaliatory actions against Plaintiff during and after legal proceedings. She claims that these attorneys taunted her, made derogatory remarks and

threats, and disclosed confidential information about her and her mother. (*Id.* ¶¶ 34, 38–39, 40–42).

Based on Defendants' alleged actions, Plaintiff filed a Complaint against them in the District Court for Clark County, Nevada. Plaintiff alleges that even after she filed her lawsuit, Caesars took further action against her by banning her from "all current and future properties" due to her race. (*Id.* ¶¶ 94–98). Accordingly, Plaintiff currently alleges six claims against Defendants through her First Amended Complaint: (1) intentional infliction of emotional distress; (2) defamation; (3) slander; (4) abuse of process; (5) malicious prosecution; and (6) race-discrimination in violation of 42 U.S.C. § 2000a and Nevada Revised Statutes ("NRS") 651.070, 651.080, and 651.090. (*Id.* ¶¶ 60–102). Defendants removed the case to this Court on May 20, 2019, based on federal-question jurisdiction due to Plaintiff's federal race-discrimination claim under 42 U.S.C. § 2000a. (Pet. Removal, ECF No. 1). After removal, Defendants filed their instant Motions to Dismiss, (ECF Nos. 11, 12, 14, 16).[2]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

---

[2] Plaintiff filed a Motion for Extension of Time, (ECF No. 25), concerning responses to Defendants' various Motions to Dismiss. The Court **GRANTS** Plaintiff's Motion for Extension of Time *nunc pro tunc* only to the extent she requested additional time to respond.

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside the pleadings, the motion to dismiss becomes a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when deficiencies in the complaint clearly cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. <u>DISCUSSION</u>

Defendants move to dismiss Plaintiff's First Amended Complaint in its entirety by arguing that Plaintiff's claims are either insufficiently pleaded, barred by Nevada's Anti-Strategic Lawsuit Against Public Participation statute ("anti-SLAPP") (Nev. Rev. Stat. § 41.660), or barred by the absolute litigation privilege. (Defendant Pierce's MTD 10:22–20:11, ECF No. 11); (Defendant Caesars's MTD 4:18–16:2, ECF No. 14). In analyzing the merits and sufficiency of Plaintiff's Complaint, the Court begins with Plaintiff's claim for racial discrimination in violation of 42 U.S.C. § 2000a because that is the only federal cause of action here and the basis for the Court's jurisdiction after Defendants removed this matter from Nevada state court. (*See* Pet. Removal 1:22–2:18, ECF No. 1).[3]

#### A. Discrimination Based on Race, 42 U.S.C. § 2000a

42 U.S.C. § 2000a provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). Section 2000a–2 prohibits interference with the rights secured by § 2000a. *See* 42 U.S.C. § 2000a–2. "To state an

---

[3] This Order applies only to the federal portion of Plaintiff's race-discrimination claim.

actionable discrimination claim under the Act, a plaintiff must allege that he or she: (1) is a member of a protected class; (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodations; (3) was denied those benefits and enjoyment; and (4) was treated less favorably than similarly situated persons who are not members of the protected class." *Dunn v. Albertsons*, No. 2:16-cv-02194-GMN-PAL, 2017 WL 3470573, at *3 (D. Nev. Aug. 10, 2017) (citing *United States v. Lansdowne Swim Club*, 894 F.2d 83, 88 (3d Cir. 1990)).

Here, Plaintiff does not allege that Defendants treated her less favorably than similarly situated persons who are not members of her protected class. Plaintiff instead provides the conclusory statement that "Defendants Caesars Entertainment sent a threatening notice to Ms. Smith's personal email banning Ms. Smith from all current and future properties"; and "the ban was issued . . . due to Ms. Smith's race." (FAC ¶¶ 94–98). The Court cannot accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell*, 266 F.3d at 988. Moreover, the First Amended Complaint does not plausibly allege less favorable treatment due to her race rather than from Plaintiff's legal filings against Defendants and her activity in her mother's independent lawsuit. (*Id.*) (alleging that "[t]he ban was issued, shortly after the filing of this lawsuit . . . ."). Also unclear is whether Plaintiff took the appropriate administrative steps before asserting this federal race-discrimination claim. *See May v. California Hotel & Casino, Inc.*, No. 2:13-cv-00066-GMN, 2014 WL 1494231, at *4 (D. Nev. Apr. 14, 2014) ("Therefore, because Plaintiff failed to notify the [Nevada Equal Rights Commission] of the alleged discrimination in a place of public accommodation, this Court lacks jurisdiction to hear the Title II claim."); *Dunn v. Albertsons*, No. 2:16-cv-02194-GMN-PAL, 2017 WL 3470573, at *4 (D. Nev. Aug. 10, 2017). Without sufficient factual allegations to support this federal claim, the Court must dismiss it. *See Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010) (though pro se pleadings are liberally construed, plaintiff must allege sufficient facts to state a plausible claim).

Dismissal of this claim is without prejudice. While Plaintiff has expressed her belief that she never meant to assert this federal claim, that expression does not currently provide the Court with enough of a basis to entirely foreclose what is plainly listed as a claim in the First Amended Complaint. Additionally, dismissal arises from insufficient factual allegations, which the Court presently cannot be certain are uncurable. The Court will therefore provide Plaintiff fourteen days to amend her claim and add additional factual allegations—if she wishes to do so. If Plaintiff elects not to amend her federal claim, the Court will remand this action to Nevada state court for the reasons explained below. To accelerate remand, Plaintiff may notify the Court before the fourteen-day period expires about her intention to not amend the only federal claim in her First Amended Complaint.

**B. Remand**

The sole basis for Defendants' removal of this matter from Nevada state court was Plaintiff's race-discrimination claim pursuant to 42 U.S.C. § 2000a, for which this Court has jurisdiction under 28 U.S.C. § 1331. (Pet. Removal 1:22–2:18, ECF No. 1); *see Arco Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) ("The Notice of Removal 'cannot be amended to add a separate basis for removal jurisdiction after the thirty day period.'") (quoting *O'Halloran v. University of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988)). If the Court dismissed Plaintiff's federal claim with prejudice, the Court would have the discretion to retain the remaining state-law claims pursuant to 28 U.S.C. § 1367(c); and the Court may exercise that discretion *sua sponte*. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997); *Nugent v. Las Vegas Metro Police Dep't*, No. 2:09-cv-00601-GMN, 2010 WL 3810145, at *5 (D. Nev. Sept. 22, 2010). When deciding to discretionarily decline supplemental jurisdiction, the Court considers "how declining jurisdiction serves the objectives of economy, convenience and fairness to the parties,

and comity." *Trs. of Construction Indus. & Laborers Health and Welfare Tr. v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).

Here, had the Court not provided Plaintiff an opportunity to amend her First Amended Complaint, it would have discretionarily declined to exercise jurisdiction over the remaining state-law claims and remanded them to Nevada state court. This case is in the early stages of litigation, and the Court has not taken substantive action on Plaintiff's state-law claims. Thus, the likelihood of duplicative action or prejudice upon remand would be minimal. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."); *Love v. Culligan Water Co. of Nevada*, No. 2:10-cv-129-JCM-PAL, 2011 WL 1882379, at *4 (D. Nev. May 16, 2011). Similarly, under § 1367(d), the statute of limitations for Plaintiff's state-law claims are "tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d). Plaintiff's claims accordingly would not be time-barred if the Court declined to exercise supplemental jurisdiction and remanded this matter. *Morimoto v. Whitley*, No. 2:17-cv-01774-APG-GWF, 2018 WL 5621855, at *7 (D. Nev. Oct. 30, 2018).

Consequently, if Plaintiff elects not to amend her federal claim within fourteen days from this Order, the Court will dismiss the federal claim with prejudice and remand all remaining state-law claims to the Eighth Judicial District Court of Clark County, Nevada. Because the Court's jurisdiction is currently unclear, the Court denies without prejudice Defendants' Motions to Dismiss, (ECF Nos. 11, 12, 14, 16), to the extent that they concern the remaining state-law claims.

The Court recognizes that remanding this matter causes additional postponement to a lawsuit that may be precluded by Nevada's anti-SLAPP statute. Nevertheless, remand provides

the parties with a forum most familiar with Nevada's anti-SLAPP statute, its related remedies, and the merits of Plaintiff's state-law claims.

The Court's instant dismissal of Plaintiff's sole federal claim, moreover, does not hinder Defendants' effort to assert Nevada's anti-SLAPP statute in defense. Defendants' same arguments will either be addressed in Nevada state court after remand or in this Court if Plaintiff amends her Complaint. *See DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1013 n.5 (9th Cir. 2013); *Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc.*, 448 F. Supp. 2d 1172, 1180 (C.D. Cal. 2006). Defendants also maintain their potential recovery of costs associated with asserting their special Motions to Dismiss if they are ultimately successful. *Cf. Banerjee v. Cont'l Inc., Inc.*, No. 2:17-cv-00466-APG-GWF, 2018 WL 4469006, at *4 (D. Nev. Sept. 17, 2018) (stating that a party who successfully asserts a special motion to dismiss under Nevada's anti-SLAPP statute can recover attorney's fees and costs under NRS 41.670(1)(a) "for the time spent on tasks related to the anti-SLAPP motion").[4] Remand is therefore appropriate under the circumstances here and in line with decisions from courts in this circuit. *See, e.g.*, *S. California Inst. of Law v. State Bar of California*, No. CV 14-00996-JVS (RNBx), 2014 WL 11822789, at *8 (C.D. Cal. Apr. 21, 2014), *aff'd*, 613 F. App'x 659 (9th Cir. 2015) ("Because the Court has remanded all of SCIL's state law claims, and the anti-SLAPP statute does not apply to federal claims, the anti-SLAPP motion must necessarily be denied as moot.").

### C. Motion to Consolidate

Aside from Defendants' various Motions to Dismiss, they contend that the Court should consolidate this case with another brought by Plaintiff in this District: Case No. 2:19-cv-00824-GMN-GWF. (Mot. Consolidate 1:19–24, ECF No. 48). According to Defendants, Case No.

---

[4] Plaintiff filed a Motion to Remand, (ECF No. 9), on the ground that she did not assert a federal anti-discrimination claim—even though her First Amended Complaint specifically mentions 42 U.S.C. § 2000a as a cause of action. Though Plaintiff controls her claims, her assertion of a federal claim made her Complaint removable to this Court. To the extent that Plaintiff argues for remanding this action regardless of the federal claim, that argument is without merit and her Motion is denied.

2:19-cv-00824-GMN-GWF is "virtually identical" to this one because both rely on the same factual allegations and legal theories; the most-significant difference is those named as parties in each action. (*Id.* 4:18–10:20). However, because the Court lacks subject-matter jurisdiction over this matter if Plaintiff elects not to amend her federal claim, the Court reserves ruling on consolidation. Defendants' Motion to Consolidate Cases is therefore denied without prejudice.

### D. Remaining Motions Pending Before the Court

Currently pending before the Court are the following Motions filed by Plaintiff: Motion for Leave to Amend Complaint, (ECF No. 51); Motion to Amend the Petition for Removal, (ECF No. 57); Motion for Sanctions, (ECF No. 58); Motions to Strike New/Irrelevant Arguments, (ECF Nos. 80, 82); Motion for Expedited Hearing, (ECF No. 92); Objection to Magistrate Judge Order, (ECF No. 95); and Motion for Correspondence, (ECF No. 96). For purposes of preserving the Court's resources, the Court reserves ruling on these pending Motions and dismisses them as moot without prejudice in light of this Order.

### IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss, (ECF Nos. 11, 12, 14, 16), are **GRANTED in part** and **DENIED in part, without prejudice**. Plaintiff's claim for race-discrimination pursuant to 42 U.S.C. § 2000a is **DISMISSED without prejudice**. Plaintiff shall have fourteen days from the date of this Order to amend her federal claim, if she elects to do so. If Plaintiff elects not to amend her federal claim within fourteen days of this Order, the Court will dismiss Plaintiff's federal race-discrimination claim with prejudice and the remaining state-law claims in this matter will be remanded to the Eighth Judicial District Court of Clark County, Nevada.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Surreply, (ECF No. 67), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Cross-Motion to Allow Surreply, (ECF No. 73), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Extension of Time, (ECF No. 25), is **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that Defendants' Motion to Consolidate, (ECF No. 48), is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand, (ECF No. 9), is **DENIED**.

**IT IS FURTHER ORDERED** that the following Motions filed by Plaintiff are **DISMISSED as moot without prejudice**: Motion for Leave to Amend Complaint, (ECF No. 51); Motion to Amend the Petition for Removal, (ECF No. 57); Motion for Sanctions, (ECF No. 58); Motions to Strike New/Irrelevant Arguments, (ECF Nos. 80, 82); Motion for Expedited Hearing, (ECF No. 92); Objection to Magistrate Judge Order, (ECF No. 95); and Motion for Correspondence, (ECF No. 96).

**DATED** this \_\_1\_\_ day of November, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court