Latonia Smith
2190 E. Mesquite Ave
Pahrump, NV 89060

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUL 21 2020

FILED
DOCKETED 7/23/2020  DATE  INITIAL
AU/IRA 7/23/20

Latonia Smith,
Applicant

-vs-

Caesars Entertainment Corporation, a Delaware Corporation; PHWLV, LLC d/b/a Planet Hollywood Resort and Casino, a Nevada Limited Liability Company; Shannon Pierce; Ethan Thomas,
OPPONENTS

No.

Written Application for Writ

(Re-opening and Staying Case In Eighth Judicial District Court of Nevada - A19793549C)
2:19-CV-00856-GMN-NJK

20-72181

1. Applicant, Latonia Smith (hereafter 'Applicant'), is seeking a Writ from the Supreme Court of Nevada ordering the lower Court
2. (Eighth Judicial District Court) and 'Judge' Jerry Wiese (department 30) to re-open and stay case A-19-793549-C,
3. restoring it to its position before Applicant was taken hostage by the federal government.
4. In April and May of 2019, Applicant filed lawsuits against Caesars Entertainment et al. and Fennemore Craig, respectively,
5. stemming from approximately three (3) years of ongoing harassment and defamatory accusations (amongst other civil/
6. criminal violations) of sending 'anonymous' threats, aimed at Applicant.
7. Specifically, the case at issue in this application was filed in the Eighth Judicial District Court, originally. Defendants in
8. the case removed the case to federal court and Applicant immediately filed a motion for remand. While the case sat in
9. federal court, defendants in the case filed a motion to dismiss the case. Shortly, thereafter, Applicant filed an
10. opposition to the motion to dismiss with included evidence. For weeks following, Applicant requested that the motion for
11. remand be expedited (the case had not moved for months / had changed between several judges, for nefarious purposes, being withheld
12. at the moment due to the ongoing criminal matter discussed below). On November 1, 2019, Applicant's home was, illegally, raided
13. for electronics and civil court documents stemming from multiple cases, including one belonging to Applicant's mother that was
14. being litigated in the Eighth Judicial District Court concurrently. Applicant was taken into custody on the same day, and despite no
15. criminal record and no evidence for doing so, Applicant was held hostage pending trial (denied the right to bail) in a
16. concerted effort to begin dismantling Applicant's cases (those involved will not be disclosed herein due to the ongoing criminal
17. case). Subsequently and not coincidentally, on November 1, 2019 (and unbeknownst to Applicant at the time), Applicant's
18. federal case (the case at issue in this application) was remanded to the Eighth Judicial District Court, where the case
19. , essentially, 'started over.' Because Applicant perceived the danger to and attack on her civil cases, ~~Applicant~~ upon
20. learning of her custody situation, Applicant made arrangements (through a third party) to hire a civil
21. attorney strictly to stay all civil matters and file four (4) extensions for new TPOs defendants filed against Applicant
22. while she was in custody. That attorney was Thomas Michaelides (Exhibit C). Despite continually informing Applicant
23. and the third party that all stays/extensions were in place, Michaelides was engaged in a legal conspiracy (judges and
24. attorneys) to dismantle case A-19-793549-C; stays/extensions were never put in place. Defendants in the case refiled their
25. motion to dismiss in the Eighth Judicial District Court. Michaelides (apparently being paid by someone else, choosing to assist in
26. dismantling this particular case) signed onto the case as attorney, filed his own unauthorized opposition, got
27. the case dismissed, filed an unauthorized appeal, and, later, signed a stipulation to dismiss the appeal with prejudice
28. (this was signed after Applicant confronted Michaelides about not filing stays and the case's dismissal, and after Applicant
29. sought remedy with the Court in Exhibit A). Applicant found out about this in mid-May). As of today, fraud attorney,
30. Michaelides is still on the case just on his own authority.
31. Again, after Applicant found out about what Michaelides had done--not filing stays and having the case dismissed at that
32. point-- she immediately moved to remedy the issue with the lower court as seen in Exhibit A. Defendants in the
33. case filed a late opposition to Exhibit A (on file in the Eighth Judicial District Court). Applicant found out, through the
34. opposition that Michaelides signed on as attorney in the case and filed a stipulated dismissal of the appeal with prejudice.

'Judge' Wiese, who was CC'd in the fraudulent stipulated dismissal absolutely knew that Applicant never authorized such actions in the case since Applicant's Exhibit A was filed weeks beforehand. Applicant immediately responded to the defendants' opposition with Exhibit B addressed to the Eighth Judicial District Court and Exhibit D addressed to the Nevada Supreme Court. 'Judge' Wiese specifically vacated Applicants request (Exhibit A and B) and actively assisted in dismantling Applicant's case (instructing Michaelides not to file a stay in the case and instructing him to enter the case pretending to be counsel in the matter, hijacking the case — whether by force/coercion or not) upon request from his 'Mormon friend,' Riley Clayton (defense for CEC). Applicant brings up their religious connection as well as their friendship because the Mormon religion is unique in that its members swear their lives to the church and its members believing this oath to be vital to their admittance into the celestial kingdom after death (and Applicant is including this based on what she absolutely knows, not hearsay).

11. Applicant, who ~~[redacted]~~ has always been pro se, was effectively denied the right to litigate the case and present arguments/case laws/laws/evidence. The unique and unusual circumstances under which Applicant was taken (in the middle of litigating cases) obviously prevented her from staying on top of cases and provided a route for the nefarious dismantling of the case.

15. Applicant never received any notices of hearings/orders in the case, causing her to further be under the impression (for the whole time up until filing the remedy requests) that the case was stayed.

17. As such, and based on the facts/evidence that Applicant is able to present in this application (being mindful of 5th amendment rights and the ongoing criminal case), Applicant is requesting that a writ be granted by the Supreme Court of Nevada, restoring case A-19-793549-C in the condition it was in on November 1, 2019 (with a stay) and allowing Applicant to fully and fairly litigate the issues by the inclusion of evidence/case laws/laws/opposing arguments pending trial/conclusion of case 2:19-cr-00304-RFB-VCF.

22. Applicant is confident in her innocence and upcoming release and also requests that this application be interpreted broadly as Applicant lacks access to including laws/case laws in her present state.

24. Those named as "Opponents" herein and the Eighth Judicial District Court have been made aware of Applicant's request via U.S. Mail as listed below.

SERVICE: Opponents CEC et al. were made aware of the 'notice for a writ from the Supreme Court' filed in the Eighth Judicial District Court in case A-19-793549-C. Notice mailed on June 5, 2020 to:

Snell and Wilmer
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, NV 89169

HJC
7425 Peak Drive
Las Vegas, NV 89128

dated this 28th day of May 2020
/s/ [signature]
Latonia Smith,
Applicant Pro Se
(S)

Exhibit A – Motion to Extend Appeal Time Limit (or Stay Countdown on Time to Appeal); In the Alternative, Motion to Re-Open and Stay Case

Handwritten copy -- original on file in Eighth Judicial District Court

Latonia Smith
2190 E. Mesquite Ave.
Pahrump, NV 89060

FILED
APR 01 2020
CLERK OF COURT

Latonia Smith,
  Plaintiff

-vs-

Caesars Entertainment Corporation, a delaware corporation; PHWLV, LLC, d/b/a Planet Hollywood Resort and Casino, a Nevada Limited Liability Company; Shannon Pierce; Ethan Thomas,
  defendants

Case No: A-19-793549-C
Dept. No: 30

Motion To Extend Appeal Time Limit (or Stay Countdown on Time To Appeal); In the Alternative, Motion to Re-Open and Stay Case

RECEIVED
APR 02 2020
CLERK OF COURT

1. Unlike any American without a criminal record, who is not of color, I've been taken, held hostage, and
2. charged with the accusations of defendants in my civil cases, by the federal government (denied the
3. right to bail and the presumption of innocence by a majority of judges in this state). In fact, federal
4. judge's roles in me being taken hostage will later be revealed. As this court knows, this case was
5. removed to federal court (a motion for remand was filed a few days afterwards) and sat before Navarro,
6. Foley, Albregts, and Koppe. Defendants filed a motion to dismiss and a SLAPP. I filed an opposition laden with
7. evidence and a request to amend the complaint. Before being taken hostage, I also filed several motions to
8. expedite the remand motion (after the case had not moved for months); the request was denied. As soon
9. as I was taken hostage, an order unknown to me, went out by Navarro. The case was suddenly remanded
10. and later dismissed. As a preliminary matter (an issue that will be taken up), attorney Thomas Michaelides filed
11. an unauthorized opposition (his own opposition) in this case (and maybe others), and attended hearings
12. (also unauthorized). Stays and/or extensions were to be filed in all civil matters to be resumed pending trial
13. in case 2:19-CR00304-RFB-VCF; this court was also aware of the fact that I am a pro se plaintiff and
14. the fact that an opposition ('my opposition') was before the federal court judges. In my present state of affairs,
15. I have no access to orders, motions, case law, evidence, facts, or a computer (non-exhaustive); I've gleaned
16. information from the few motions defense has decided to send me, and, again, I was not in a position to respond
17. (I'm still not) and had a rogue civil attorney lying about the civil cases (saying stays/extensions were in place).
18. Due to these issues, which are not exhaustive (current criminal case prevents me from expounding), I am
19. requesting that my time limit for filing an appeal with the Supreme Court be expanded to 30 days
20. following the conclusion of case 2:19-CR00304-RFB-VCF and/or that the case be re-opened and stayed
21. for evaluation on the merits (which would include my opposition/evidence that was before the federal court). Request will
22. also be made with Supreme Court following criminal case conclusion.

Dated this 29th day of March

/s/ LS

SERVICE to defendants

Exhibit B - Response in Support of Plaintiff's Request
(No Case law/law but whatever applies)
*include invocation of 5th amendment

Handwritten copy -- original on file in Eighth Judicial District Court

Latonia Smith
2190 E. Mesquite Ave.
Pahrump, NV 89060

FILED
MAY 14 2020
CLERK OF COURT

Latonia Smith,
   Plaintiff
-vs-
Caesars Entertainment Corporation, a Delaware Corporation; PHWLV, LLC d/b/a Planet Hollywood Resort and Casino, a Nevada limited liability company; Shannon Pierce; Ethan Thomas,
   defendants

Case No. A-19-793549-C
Dept. No.: 30

Response In Support of Plaintiff's Request
(No Case law/law but whatever applies)
*include invocation of 5th amendment

RECEIVED
MAY 14 2020
CLERK OF THE COURT

1  Introduction
2  There is (and has been) a grave injustice being carried out in this case (and Plaintiff will try to limit discussion to
3  this case, and limit discussion as to not interfere with ongoing criminal proceedings, invoking the 5th amendment and
4  any other applicable law/case law). Plaintiff's case has been hijacked with behind-the-scenes 'deals' and discussions
5  carried out by Thomas Michaelides, Snellland Wilmer, and HJC. Indeed, these entities have sought to take
6  advantage of the fact that Plaintiff has been held hostage pending a criminal trial in which reverse charges,
7  stemming from separate lawsuits, have been made against Plaintiff; they have sought dismissals based on
8  unethical practices. The very fact that Thomas Michaelides is on this case (and is still on this case unbeknownst
9  to Plaintiff) is illustrative of this point. Thus, Plaintiff is reiterating, herein, the request to re-open and stay
10 this case (or extend time limit/stay appeal time limit) pending trial in Case 2:19-cr-00304-RFB-VCF, addressing
11 points that can be addressed; and requesting a correction of this issue with the Supreme Court of Nevada as well
12 (filed concurrently).
13 Defendants were Served
14 Counsel for defendants have engaged in a pattern of, all of a sudden, claiming non-service of documents to
15 justify their chronically late responses. Plaintiff served counsel with copies of the document on the date listed at the
16 bottom of the document. The only way to do so from the Nevada Southern Detention Center is via mail. In fact, service
17 of documents regarding separate cases went out on the same day and, interestingly, for some cases counsel for
18 defendants don't bring up issues with service. Counsel also states that PHW didn't receive service, but PHWLV,
19 CEC, and Ethan Thomas are represented by the same counsel. The only entity who has been denied service/
20 information concerning cases is Plaintiff.
21 Unethical Practice of Law
22 Plaintiff reiterates that she already had an opposition on file in Federal Court, laden with evidence, while litigating
23 the case pro se (the case was also remanded to State court, unbeknownst to Plaintiff at the time, while Plaintiff was in
24 transit); attorney Thomas Michaelides filed his own unauthorized opposition in this case. Without getting into other cases,
25 Michaelides was only hired/authorized to file stays in all civil cases. Michaelides continually informed Plaintiff and
26 another third party that this was done while engaging in very separate and nefarious acts/discussions with counsel
27 for defendants. Michaelides was never authorized to litigate any cases on behalf of Plaintiff/represent Plaintiff.
28 Plaintiff currently lacks access to evidence, witnesses, law, or case law (non-exhaustive) and cannot include some on the
29 record at this time due to ongoing criminal proceedings, but such items can be shown/presented to the court at
30 a later date (pending trial in case 2:19-cr-00304-RFB-VCF) if the court is inclined to hear such evidence to further
31 support this response. The very fact that Michaelides is listed as counsel on the case and is still on the case (
32 essentially attempting to block Plaintiff from filing documents or addressing matters concerning the case), all unbeknownst
33 to Plaintiff is upsetting and a complete violation of court/attorney ethics. Needless to say, Michaelides was
34 also never authorized to file appeals (further illustrated by the fact that Plaintiff filed the instant request for a
35 stay after finding out about the unauthorized opposition and case dismissal). As a further slap in the face, after
36 filing his unauthorized appeal, Michaelides then takes it upon himself to file a stipulated dismissal with
37 prejudice, which the Plaintiff was made aware of on May 12, 2020 in defense counsel's instant opposition, exhibit
38 A. Michaelides did this even after Plaintiff confronted him about his lies/failures, which can also be shown to the
39 court at a later date. Thus, any actions taken by Michaelides in this case should be reversed and Plaintiff's request should
40 be granted. The court can even see the date in Exhibit A when Michaelides did this (even after the March 29 request by Plaintiff). Crazy.
41 Burden of non-Access and Hearing
42 As a preliminary matter, Plaintiff is awaiting trial in case 2:19-cr-00304-RFB-VCF. Plaintiff cannot attend
43 hearings, nor is any attorney authorized to litigate on behalf of Plaintiff (they never have been). Plaintiff has
44 evidence, points, and authorities to present in this case, which would also sustain the case (including evidence
45 supporting positions herein) that cannot be obtained or filed until a later date. Plaintiff would like to reiterate that
46 in the middle of litigating three separate lawsuits pro se, concerning various issues, Plaintiff was reversely 'charged',
47 yanked from her illegally raided home, and held hostage by the federal government. The civil cases are very much
48 intertwined with the current criminal accusations and the sudden change in circumstances not only
49 jeopardized cases, but deprived Plaintiff of responding to cases/presenting crucial evidence, laws, and case laws
50 (including non-service and/or untimely service of documents). The circumstances surrounding this case are
51 unique and, Plaintiff assumes, will be in stark contrast to any case law defendants may attempt to provide*1, thus
52 re-opening and staying the case or allowing an extended appeal is warranted. Even if the case was not dismissed
53 at this time (and a stay was filed as instructed), a stay would have been warranted given the fact that it is impossible
54 to proceed without access to evidence, case law, law, witnesses, facts, orders, motions, or a computer (non-
55 exhaustive). If the case is dismissed after Plaintiff has had the opportunity to present all facts/motions, so be it.
56 But, Plaintiff has the right to have her case heard on the merits*2 and attend hearings (not have the case dismissed via
57 back door deals and deceptive practices). Again, Plaintiff is also making a request with the Nevada Supreme Court
58 to fix the unbelievable mess made by fraud attorney Thomas Michaelides.
59 Conclusion
60 For all these reasons, Plaintiff requests that her filing be granted and that the case be evaluated on its
61 merits, with a full set of facts, at a later date (as previously requested). Plaintiff also requests that the court mail
62 correspondence to Plaintiff's current address on the first page of this document.

*1 Plaintiff is simply requesting that the case be re-opened/stayed (or that the appeal time limit be stayed), she is not litigating any cases at this time
    in a separate case that also failed to be stayed earlier by Michaelides, case 2:19-cv-00824-GMN-EJY (that defendants like to compare to this case so much...
    they are separate). Plaintiff was given the opportunity to amend the complaint; Plaintiff requested a stay pending trial in 2:19-cr-00304-RFB-VCF

dated this 12th day of March
/s/ LS
Latonia Smith, Pro Se

Exhibit C - Attorney Michaelides Hired to Stay Civil Cases/File Extensions Only

SEE
ATTACHED

Document 4/



## TCM Law

## ATTORNEY RETAINER AGREEMENT

THIS AGREEMENT (herein "Agreement") made this __7__ day of __12__, __19__, by __SMITH, LATONIA__ (herein "Client") and TCM LAW GROUP. (herein "Firm").

<u>WITNESSETH</u>

**Client retains or hires Firm for representation regarding:**

_Rep] Latonia Smith Case #A-19-793__
_/chse Mailin case; possibly tial Rep__

### RETAINER

Client promises and agrees to pay Firm ▓▓▓▓▓▓▓ as a retainer in this matter and, in acknowledgment of the receipt of payment, or waiver by Firm, thereof Firm agrees to provide legal services. The foregoing notwithstanding, this Agreement shall not become effective until such retainer amount is received by Firm and deposited in Firm's bank account, or upon waiver by Firm.

The retainer shall be applied to actual legal services and costs incurred and shall be maintained in Firm's client trust account until said services and costs are rendered.

Client understands that should this matter go to trial, Firm will need to reevaluate the case and the minimum retainer balance may be increased in the event the trial is deemed to be complex as defined by Clark County Local Rules of Criminal Procedure.

Firm's acceptance of Client's retainer does not depend upon the success of Client's case or expenditure of time, and it will be credited as a payment on account for services that may be rendered thereafter, along with any costs incurred.

Firm's acceptance of Client's retainer does not guarantee a successful resolution of Client's matter, but does guarantee that Attorney will represent the Client zealously and within the bounds of applicable ethical rules.

III.
### PAYMENT ARRANGMENTS

Firm has agreed to a payment arrangement from client as follows: _/s/ Ree-ashn_
_paid by cc on 12/17/19_

## Fw: Fwd: Detainee Latonia Smith# 55918-048

From: Annecer Peruzar

To: tcmlawyer@gmail.com

Date: Thursday, February 6, 2020, 09:25 AM PST

Per your client request that was already discussed between attorney and client, case#A19-803954C please file a motion to appeal this case only have until February 27th to file an appeal and a motion to have it seal the three civil should be stayed for now and not be dismissed if a motion is file to stay the cases

Sent from Yahoo Mail on Android

To whom it May Concern

Hello Sir/Madam,

I Annecer Peruzar retained Wooldridge Law firm (1) for Latonia Smith Criminal case document 2// will show proved of the date I retained Wooldridge Law firm

Document 1// will show proved of the date I retained TCM Law firm to file a motion to stay her civil case on December 17th 2019 TCM Law firm recieved payments to file the motion to Stay all 3 civil cases only not to represent her in anyother way.

Document 3// show where an email was sent to him after Latonia Smith inform me that Mr Thomas Michaelides didn't file any motion on her civil case and she was getting letters that her cases was dismissed

Respectfully Yours
Annecer Perucar




# WOOLDRIDGE LAW LTD.

400 South 7th Street, Suite 400, Las Vegas, NV 89101
T: 702 330 4645 | F: 702 359 8494 | LVCriminalDefense.com

**Retainer Agreement for:** Latonia Smith                                **Date:** November 8, 2019

1. **Services Provided:** This retainer agreement confirms that you have retained Wooldridge Law Ltd. ("Firm") to provide: Representation in United States District Court – District of Nevada, on case number 2:19-MJ-00847-BNW-1.

2. **Initial Consultation Date:** November 7, 2019

3. **Flat-Fee Retainer:** ~~[redacted]~~, November 8, 2019, ~~[redacted]~~

4. **Fees:** You agree to pay my Firm a retainer in the aforementioned amount, which is solely for the attorney services listed above. This fee is for time spent by lawyers, of counsel, and support staff working on your matter. This retainer is based upon factors such as: the value of legal services; the reservation of time and the work to be performed by the Firm's staff on your matter; the nature of your case; and the issues involved in your case. The fees mentioned herein are flat fees, and are considered the Firm's property upon receipt and will not be placed in a trust account. Funds received from you are considered to be and treated by the Firm as cleared on account after the bank confirms the availability – for any check, money order, or wire transfer, and immediately – for cash. In connection with this retainer, it is understood that the following fee schedule will pertain to all services rendered by my Firm during office hours from 8:00 AM to 5:00PM PDT, Monday through Friday: Nicholas M. Wooldridge, Esq., at six hundred eighty dollars; and of counsel at six hundred eighty dollars; senior law clerks at three hundred and ninety-five dollars; and paralegals at two hundred ninety-five dollars. Please note that the hourly charges outlined above do not apply in the event it was agreed for this to be a flat fee retainer unless the Attorney-Client relationship is terminated. Finally, retainer fee covers only work done by attorneys, as well as the law firm staff. The retainer fee does not include work by outside contractors, including investigators, filing fees, process service, the payment of discovery fees, litigation services, PowerPoint presentations, videographers, court reporters, appellate record services, and or any other outside service. Also, please note that if your case is denied prosecution and/or dismissed all fees paid and/or agreed to be paid are non-refundable.   3:30

5. **Trial:** If your case(s) is set for trial the parties must mutually agree on an additional retainer amount which will be due at the time the trial is set. The representation provided hereunder is considered concluded upon pleading stage of the matter and does not cover any post-pleading work. If the firm agrees to represent you through sentencing, the representation is concluded at the time of sentencing, and does not include any other representation such as, status checks on requirements, probation violation(s), criminal contempt, or any other matters that may arise at the conclusion of sentencing. Please also note that the representation does not include service in connection with any social, corrections, jail, house arrest, apartment hunting, prison or any other issues and similar questions that may arise in course of the matter. Trial is not included in this representation.

6. **Billings:** Your bill for time spent working on your case (computed in units of 6 minutes), will include, but will not be limited to, telephone, text messages, office conferences with you, other counsel, witnesses, consultants, court personnel and others; conferences among my Firm's own personnel; factual investigation; legal research; responding to requests from third parties for information; drafting of documents (including emails); travel time; waiting time in court and elsewhere; and, time spent in legal proceedings. Note, if this retainer is a flat-fee retainer, calls and or correspondence with client shall be limited to two calls or correspondence per week. Any further calls or correspondence will be billed at the hourly rates referenced in Section 4.

To whom it may concern

Hello Sir/Madam,

    I Annecer Peruzar retained Wooldridge Law Firm LTD for Latonia Smith Criminal Case (Exhibit C attachment will show)

    On 12-7-2019 I Annecer Peruzar retained TCM Law to file a motion for stay on Latonia Smith three (3) Civil Cases only one was documented on the retainer agreement the other (2) cases he said he can look it up.

    Document 31 show where an email was sent to him right after Latonia Smith informed me that Mr Thomas Michaelides didn't file any motion to stay her civil cases in December (per the retainer agreement along with his phone number to follow up which I did in December, per Mr Michaelides assured me his assistant Peter filed all 3 cases for a motion to Stayed) because she had gotten notice from the court that her 2 cases (civil) got dismiss

                                                          *Annecer Peruzar*

# Exhibit D - Applicant's Request To the Supreme Court of Nevada

Exhibits A and B, named in Exhibit D document, is the same as Exhibits A and B in this application and is not attached to Exhibit D

Handwritten copy -- original on file in Supreme Court

Latonia Smith
2190 E. Mesquite Ave.
Pahrump, NV 89060

Latonia Smith,
appellant
-vs-
Caesars Entertainment Corporation, a delaware corporation; PHWLV, LLC d/b/a Planet Hollywood Resort and Casino, a Nevada limited liability company; Shannon Pierce; Ethan Thomas, opponents

Appeal No. 80577

Written Application To Throw Out Documents 2020-15428 and 2020-16157 (correcting the unauthorized practice of law)

1 Latonia Smith, named as appellant in the above-entitled matter, hereby moves through
2 written application to throw out documents 2020-15428 and 2020-16157. Attorney Thomas
3 Michaelides was never authorized to litigate on behalf of Ms. Smith. Ms. Smith has attached
4 filings made with the Eighth Judicial District Court (Exhibit A and Exhibit B) addressing
5 the issue as far as it can be addressed at the moment. As such and for those reasons,
6 Latonia Smith is requesting that the Nevada Supreme Court correct this grave miscarriage of
7 justice.

SERVICE: due to circumstances at NSDC and Plaintiff's limitations in writing, a letter was mailed to all counsel (via US mail from Nevada Southern Detention Center) on May 13th 2020 as follows:

"A written application was made with the Nevada Supreme Court correcting the unauthorized practice of law. It was mailed to the court on May 13th 2020 and will be available on the record for you to see (and that way you cannot claim non-receipt as well)"

It was mailed to Alex Fugazzi of Snell & Wilmer
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, NV 89169

and HJC
7425 Peak Drive
Las Vegas, NV 89128

dated this 12th day of May 2020
/s/ [signature]
Latonia Smith, Pro Se

DECLARATION (Ninth Circuit Court) Case No. 20-72181, 07/21/2020, ID: 11764425, DktEntry: 1-2, Page 12 of 15 SMITH v. CAESARS ENTERTAINMENT CORPORATION, PHWLV, SHANNON PIERCE, ETHAN THOMAS

I, Latonia Smith, deposes and says the following under the penalty of perjury and the laws of the State of Nevada:

1. Declaration, which carries the same weight as an affidavit, is being made due to limitations at the Nevada Southern Detention Center.

2. Subsequent requests are being made with the Nevada Supreme Court and the Ninth Circuit since restoring the case to its position on November 1, 2019 includes both courts.

3. In April of 2019, I filed a lawsuit against Caesars et al. in the Eighth Judicial District Court stemming from blatantly false, multi-year accusations of sending 'threats' by defendants in the case.

4. I am the plaintiff in case A-19-793549-C (2:19-cv-00856-GMN-NJK).

5. Shortly after the lawsuit was filed in April of 2019, defendants removed the case to federal court after I included the issue of the racist ban, implemented by Caesars, in the lawsuit.

6. I immediately filed a motion to remand the case (~May/June 2019). The motion sat.

7. Defendants filed a motion to dismiss the lawsuit, which I replied to with an opposition/evidence.

8. I also, later, filed multiple motions to expedite a decision on the remand motion. The case continued to be at a standstill (simply only changing through magistrate judges).

9. On November 1, 2019, my home was illegally raided for all electronics/court documents, etc. (my family home) and I was charged (reversely) with accusations originating from defendants in my ongoing civil cases (I had three ongoing cases and I was suing over accusations beginning in 2017).

10. Due to personal vendettas held by federal judges in my civil cases (also involved in the criminal case) and despite having no criminal history, etc. (a clean individual heading to medical school), I was denied my right to bail and held hostage pending a 'trial', which is where I still find myself.

11. Plans to dismantle my civil cases began to be carried out.

12. As I later found out, on November 1, 2019 (after Navarro was aware that I would be taken into custody), she suddenly signed an order remanding the case (that sat for months with no action) to the Eighth Judicial District Court, unbeknownst to me.

13. Subsequently, sensing the attack/s on my civil cases, approximately, in November 2019, with help from my outside third party, I hired civil attorney Thomas Michaelides to file stays in my civil cases (includes the case at issue herein) and to file 4 extensions ONLY due to 4 Reno TPOs that defendants took out on me while in bondage.

14. Thomas Michaelides continually informed me and my third party that this was done.

15. Whether by force/coercion/ or otherwise, Thomas Michaelides NEVER filed any stays or extensions. Instead, after defendants refiled their motion to dismiss, Michaelides filed an unauthorized opposition that he created and assisted in getting the case dismissed at the bequest of Jerry Wiese.

16. Upon finding out the true case status, I immediately sought remedy with the lower court, as seen in exhibits. I also confronted Michaelides.

17. After seeking remedy with the Eighth Judicial Court, Michaelides further sought an appeal in the Supreme Court and stipulated a dismissal at the bequest of Jerry Wiese who was CC'd (as seen and explained in exhibits). Unauthorized.

18. Jerry Wiese, taking racist action and to help his 'mormon friend', Clayton (attorney for defense) vacated the request for remedy.

19. I also made a request for remedy with the Supreme Court, but found out (after I had already sent the writ application for processing) that the clerk refused to file it. Supreme Court request is in exhibit.

20. Although my requests were devoid of case law, due to my present circumstances, the request, being broadly interpreted, does fall under legal reasonings/law for it to be restored.

21. I am seeking a writ from the Nevada Supreme Court, restoring the case to its position on November 1, 2019 <u>with a stay</u> due to the wrongful circumstances in which it was remanded and dismissed.

22. I am aware that part of that decision may lay with the Ninth Circuit, so request is being made there.

23. The reason for the stay request is that I am pro se in the case and cannot currently litigate anything <u>PLUS</u> the issues in the case are directly tied to my current criminal case 2:19-cr-00304-RFB-VCF. So, I will (and can) only take up the matter after the case.

24. I am making the application, in good faith, so Jerry Wiese's and Navarro's clear racist/prejudicial action can be overturned and so I can <u>fairly</u> litigate the issues of the case at the conclusion of the criminal case.

25. I am also requesting that my application be 'broadly' interpreted under law/case law due to not being able to incorporate such items in my present state of affairs.

26. <u>Exhibit A</u> is a true/correct copy of the request to restore the case, made by me.

27. <u>Exhibit B</u> is a true/correct copy of my response to defendants's objections to my request.

28. <u>Exhibit C</u> is a true/correct evidence showing that attorney Thomas Michaelides was hired to stay my civil matters (to be resumed following conclusion of case 2:19-cr-00304-RFB-VCF).

29. <u>Exhibit D</u> is a true/correct copy of remedy I sought with the Nevada Supreme Court.

30. Please also note that matters are not detailed due to the ongoing case (criminal).

Under the penalties explained above.

Defendants in the matter were served via U.S. mail along with judge Wiese and Navarro.

dated this 12th day of June 2020

/s/ [signature]

Latonia Smith, Pro Se Plaintiff and Applicant

```
Shipment--------------------
  USPS Priority Flat-Rate
  Ship To:
    ATTN: ALEX FUGAZZI
    SNELL & WILMER
    3883 HOWARD HUGHES PKWY STE 1100
    LAS VEGAS, NV 89169-0965
  Package
  Tracking #:   94108118995632891786609
  Signature Confirmation [    ]
Shipment--------------------
  USPS Priority Flat-Rate
  Ship To:
    ATTN: RILEY CLAYTON
    HALL JAFFE & CLAYTON
    7425 PEAK DR
    LAS VEGAS, NV 89128-9011
  Package
  Tracking #:   9410811899563289163049
  Signature Confirmation [    ]
Shipment--------------------
  USPS Priority Flat-Rate
  Ship To:
    ATTN: CLERK OF COURT (TRANSMIT TO J
    LLOYD D. GOERGE FEDERAL COURTHOUSE
    333 Las Vegas Blvd S
    LAS VEGAS, NV 89101
  Package
  Tracking #:   9410811899563289105179
  Signature Confirmation [    ]
Shipment--------------------
  USPS Priority Flat-Rate
  Ship To:
    ATTN: OFFICE OF THE CLERK
    U.S. COURT OF APPEALS NINTH CIRCUIT
    95 7TH ST
    SAN FRANCISCO, CA 94103-1518
  Package
  Tracking #:   9410811899563289418002
  Signature Confirmation [$   ]
Copies BW      56 @ 0.13              TX
  Regular: .17 Saved: 2.24
Copies BW                             TX
Stamp - Single Stamp
Single Envelope                       TX

    SUBTOTAL
    TAX
```

## CERTIFICATE OF SERVICE

I hereby certify that 7-17-2020, I served a copy of the written application for writ was served to the Lloyd D George federal courthouse to judge Gloria Navarro, Snell & Wilmer and HJC (Hall Jaffe & Clayton) via U.S. Mail to the addresses listed below

Snell & Wilmer
TO
Alex Fugazzi
3883 Howard Huge Pkwy
Suite 1100
Las Vegas NV 89169

Judge Gloria Navarro
Lloyd D George federal courthouse
333 S. Las Vegas blvd
Las Vegas 89101
(Las Vegas 89101)

Hall Jaffe & Clayton
TO
Riley Clayton
7425 Peak Dr
Las Vegas NV 89128

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS
JUL 21 2020
FILED _____
DOCKETED _____ DATE _____ INITIAL

dated 7-17, 2020
/S/ Latonia Smith
Latonia Smith
Pro Se